**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Riverfront Plaza
1037 Raymond Blvd., Suite 900
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com

*Attorneys for Defendant True Software Scandinavia AB*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDINADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN,<br><br>            *Plaintiffs,*<br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>            *Defendants.* | Case No.: 25-cv-07650<br><br>Civil Action<br><br>**NOTICE OF REMOVAL** |

**TO:**  The Clerk of the Court
U.S. District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

**WITH NOTICE TO:**

Clerk of the Superior Court
Superior Court of New Jersey
Middlesex County Civil Division
Middlesex County Courthouse
56 Paterson Street,
New Brunswick, New Jersey 08901

Hon. Bruce J. Kaplan, J.S.C.
Superior Court of New Jersey
Middlesex County Civil Division
Middlesex County Courthouse
56 Paterson Street, Courtroom 303
New Brunswick, New Jersey 08901

PEM LAW LLP
Rajiv D. Parikh
Jessica A. Merejo
Thomas R. Kraft
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis
Ross F. Berlin
201 N. Franklin St., 7th Floor
Tampa, Florida 33602

## D.N.J. LOCAL RULE 10.1 STATEMENT

Plaintiffs in this action include Atlas Data Privacy Corporation ("Atlas"). Atlas' address is 201 Montgomery St., Suite 263, Jersey City, NJ 07302. Plaintiffs are represented by Rajiv D. Parikh, Esq., Jessica A. Merejo, and Thomas R. Kraft, Esq. of PEM Law LLP, 1 Boland Drive, Suite 1010, West Orange, New Jersey 07052; and John A. Yanchunis, Esq. and Ross F. Berlin, Esq. of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, Florida 33602. The additional named Plaintiffs are Jane Doe-1, Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan, all of whom are alleged citizens of New Jersey.

Defendant is True Software Scandinavia AB ("True Software") with its address at Mäster Samuelsgatan 56, 111 12, Stockholm, Sweden. True Software is represented by Kelly M. Purcaro, Esq. and Kory Ann Ferro, Esq. of Greenspoon

Marder LLP, One Riverfront Plaza, 1037 Raymond Blvd., Suite 900, Newark, NJ 07102.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant True Software hereby removes the above-entitled action, styled Docket No. MID-L-000812-24, *Atlas Data Privacy Corp, et al. v. True Software Scandinavia AB, et al.*, and all claims and causes of action therein, from the Superior Court of New Jersey, Middlesex County, to the United States District Court for the District of New Jersey.

True Software denies any liability in this case, denies the allegations of Plaintiffs' Complaint, and reserves all rights to contest, amongst other things, the sufficiency of service of process, the existence of personal jurisdiction, and the merits of all claims in Plaintiffs' Complaint or any subsequent pleading.  For purposes of the jurisdictional requirements for this removal only, the allegations of Plaintiffs' Complaint meet the requirements for jurisdiction under 28 U.S.C.  § 1332(a) and demonstrate that removal to this Court is proper.

In support of removal, True Software respectfully submits the following:

## STATEMENT OF THE CASE

1.     Plaintiffs are comprised of five individuals and Atlas, as purported assignee of 19,234 "covered persons," under Daniel's Law, *N.J.S.A.* 47:1A-1, *et seq.* and *N.J.S.A.* 56:8-166.1.  Plaintiffs initiated this action through the filing of their

Complaint on or about February 7, 2024 in the Superior Court of New Jersey, Middlesex County, entitled *Atlas Data Privacy Corp, et al. v. True Software Scandinavia AB, et al.*, Docket No. MID-L-00812-24 (the "State Court Action"). Having failed to serve True Software, the State Court Action was dismissed for lack of prosecution on August 26, 2024. Plaintiffs moved to reinstate the State Court Action in November 2024, but the Court denied such Motion on December 11, 2024 as Plaintiffs had still failed to effectuate service on True Software. According to Plaintiff's filings, they purportedly effectuated service on True Software via Federal Express International on or about January 2, 2025. Plaintiffs again moved to reinstate the State Court Action on May 7, 2025. The State Court Action was reinstated on June 3, 2025, which enabled True Software to proceed with this removal as removal could not be effectuated unless and until the State Court Action was reinstated. Pursuant to 28 U.S.C. § 1446(a) and L. Civ. R. 5.1(e), a copy of all process, pleadings, and orders filed to date in the State Court Action are attached hereto as **Exhibit A**.

2.     This action is one of approximately 178 filed by Atlas asserting violations of Daniel's Law, a statute aimed at protecting the home addresses and unpublished home telephone numbers of judges, law enforcement officers, child protective investigators, prosecutors, and their immediate family members from being disclosed online. Plaintiffs allege that the statute enables such individuals

("covered persons") to request that a business or website remove their information and refrain from disclosure of same.  It is further alleged that Daniel's Law provides a ten-business-day compliance timeline from receipt of valid notice and provides for actual damages of "not less than liquidated damages computed at the rate of $1,000 for each violation." *N.J.S.A.* 56:8-166.1.

3.    Plaintiffs allege that True Software "offer[s] and engage[s] in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey" including through "truecaller.com." Compl. at ¶ 36.

4.    Plaintiffs further allege that, "[s]tarting on or about December 21, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent [True Software] written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail." *Id.* at ¶ 48.

5.    Plaintiffs claim that True Software "failed to cease the disclosure or re-disclosure on the Internet or otherwise making available of the protected information of the Individuals Plaintiffs [sic] and Covered Persons within the time period required by Daniel's Law." *Id.* at ¶ 50.

6.    Plaintiffs assert a single cause of action against True Software for an alleged violation of Daniel's Law and seek: (1) immediate compliance with Daniel's Law; (2) actual damages "not less than liquidated damages under Daniel's Law, at

'\$1,000 for each violation'"; (3) punitive damages; (4) attorneys' fees, interest, and litigation costs incurred; and (5) injunctive relief.

7. According to Plaintiff's filings in the State Court Action, True Software was served the Complaint via Federal Express International on or about January 2, 2025; however, there was no case for True Software to remove until the State Court reinstated the State Court Action on June 3, 2025.

8. This Notice of Removal is based on the allegations of the Complaint and does not admit the truth or facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief. True Software expressly denies that Plaintiffs are entitled to any relief and reserves all available defenses. Nothing contained herein shall be deemed a waiver of any kind.

## LEGAL STANDARD

9. "Under 28 U.S.C. § 1441, 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court.'" *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 539–40 (D.N.J. 2020).

10. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014) (quoting 28 U.S.C. §

1446(a)). "By borrowing Rule 8(a)'s 'short and plain statement' standard, corroborative history indicates, Congress intended to clarify that courts should apply the same liberal rules [to removal allegations as] to other matters of pleading." *Id.* (citations omitted) (alteration in original).

11. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell*, 478 F. Supp. 3d at 540. "When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied." *Id.*

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted) (alteration in original). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446. Where "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores*, LLC, 813 F. App'x 780, 783 (3d Cir. 2020) (citation omitted). "Defendant's concession as to the amount in controversy pled in the Complaint [] does not translate into a concession as to the merits or adequacy of Plaintiff's pleading or an admission that it acted in bad faith."

*Schor v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A. 15-610, 2015 WL 1230200, at *4 (E.D. Pa. Mar. 18, 2015).

## BASIS FOR REMOVAL

13.    True Software may remove this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states (and, indeed, countries) and, upon information and belief, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. *See* 28 U.S.C. §§ 1441(b) and 1446(b).

14.    Venue is proper in this district because the District of New Jersey embraces the county where the above action is pending.

**A.    There is Complete Diversity of Citizenship Among the Parties**

15.    This action satisfies the complete diversity requirement of 28 U.S.C § 1332(a)(1).

16.    Although the addresses of the individual Plaintiffs are not included in the Complaint, the allegations therein, and the applicability of Daniel's Law to "covered persons" in New Jersey, confirms that each individual Plaintiff is a current or former New Jersey law enforcement officer currently "liv[ing] or working in New Jersey" as follows:

> a.    Plaintiff Jane Doe-1 "is a decorated veteran police officer working in Northern New Jersey." Compl. at ¶ 15.

8

    b.    Plaintiff Edwin Maldonado became a "Detective with Plainfield's major crimes unit" in 2005.  Compl. at ¶ 16.

    c.    Plaintiffs Scott Maloney and Justyna Maloney "are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department.  They live together in New Jersey with their two young children."  Compl. at ¶ 17.

    d.    Plaintiff Patrick Colligan "is a 34-year veteran of the Franklin Township police department in Somerset, New Jersey."  *Id.* at ¶ 21.

17.    Notably, under New Jersey law, "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position."  *N.J.S.A.* 40A:14-122.8.  As such, based upon the allegations of the Complaint, all individual Plaintiffs are New Jersey citizens.

18.    Plaintiff Atlas "is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302."  *Id.* at ¶ 22.  Atlas is thus a citizen of Delaware and New Jersey.[1]

19.    At the commencement of the State Court Action, and at all relevant

---

[1] To the extent the citizenship of Atlas' purported 19,234 assignee's controls (*see A.K. v. Fid. & Guar. Ins. Underwriters, Inc.*, No. CV2120717MASJBD, 2023 WL 6231147, at *3 (D.N.J. Aug. 14, 2023)), the citizenship would thereby be reduced to New Jersey as Atlas claims each assignee "resides, works, previously resided or worked in New Jersey[.]"  Compl. at ¶ 24.

times herein, True Software was not and is not a citizen of the State of New Jersey

or, to the extent applicable, the State of Delaware. True Software is, and at all times

relevant to this Notice of Removal has been, organized under the laws of Sweden

with its principal place of business in Stockholm, Sweden and with all of its members

being residents of Sweden.

20.     The citizenship of fictitious Defendants RICHARD ROES 1-10 and

ABC COMPANIES 1-10 is disregarded for purposes of diversity. *See* 28 U.S.C. §

1441(b)(1).

21.     As such, Plaintiffs and Defendant are not citizens nor residents of the

same state, or even the same country, and complete diversity of citizenship exists

pursuant to 28 U.S.C. § 1332(a)(1).

## B.     The Amount in Controversy, as Pled, Exceeds the $75,000 Threshold

22.     The amount in controversy, as pled by Plaintiffs in their Complaint,

exceeds the $75,000 jurisdictional requirement of 28 U.S.C. 1332(a). As previously

stated, True Software does not admit the truth or facts asserted in the Complaint, the

validity of Plaintiffs' claims, or the entitlement to any form of relief. The amount in

controversy is derived, as required, solely based upon Plaintiffs' Complaint.

23.     Plaintiffs allege that "[a]s a result of [True Software's] failures to

comply with Daniel's Law," the five named Plaintiffs and the 19,234 individuals

who purportedly assigned their claims to Atlas "have suffered damages[.]" Compl.

at ¶ 59.  Plaintiffs request, amongst other relief, "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation.'"  *Id.* at Wherefore subsection (B).  Thus, the alleged amount in controversy far exceeds the requisite $75,000 jurisdictional threshold based upon the liquidated damages claim alone at $1,000 for each of the apparent 19,234 Plaintiffs (potentially in more than $19 million).  *See Nat'l Recovery Sys. v. Ornstein*, 541 F. Supp. 1131, 1133 (E.D. Pa. 1982) ("Aggregation is permissible even where some or all of the claims have come to plaintiff by way of assignment[.]"); 28 U.S.C. § 1332(d)(6) (noting mandatory aggregation of claims in class actions for purposes of determining the amount in controversy).

24.    While the claimed liquidated damages could alone satisfy the threshold, Plaintiffs' claim for punitive damages increases the amount in controversy well beyond $75,000.  *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 6, 88 L. Ed. 15 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) ("In addition, [plaintiff] is seeking punitive damages, which we must consider when calculating the amount in controversy.").  Under New Jersey law, punitive damages are calculated as the greater of five times compensatory damage or $350,000.  N.J.S.A. 2A:15-5.14.  Thus, Plaintiffs' demand for punitive

damages in and of itself satisfies the jurisdictional threshold.

25.     Daniel's Law provides for the permissive award of "reasonable attorneys' fees." N.J.S.A. 56:8-166.1(c)(3). Plaintiffs' demand for attorneys' fees and litigation costs incurred pursuant to the statute thereby also increases the amount in controversy for purposes of a removal analysis. *See Frederico*, 507 F.3d at 199 (In determining the amount in controversy, the Court "must also consider attorney's fees," which "could be as much as thirty percent of the judgment."); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), as amended (Feb. 18, 1997) ("[I]n calculating the amount in controversy, we must consider potential attorney's fees."); *Thompson v. Travelers Indem. Co.*, No. 23CV02630ZNQDEA, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024) ("With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute.").

26.     Accordingly, even omitting Plaintiffs' alleged potential actual damages (beyond the $1,000 liquidated damages amount) and cost of the injunctive relief demanded, Plaintiffs' Complaint undoubtedly asserts damages far in excess of the $75,000 jurisdictional threshold.

**C.     All Procedural Prerequisites for Removal are Satisfied**

27.     Removal is made to the proper Court as required by 28 U.S.C. § 1441(a). This action, filed in the Superior Court of New Jersey, Middlesex County,

is being removed to the United States District Court for the District of New Jersey, which embraces the place where the action is pending.

28.    Removal is timely under 28 U.S.C. § 1446(b).  Although True Software was purportedly served on or about January 2, 2025, True Software could not remove until the State Court Action had been reinstated as there existed no case or controversy absent reinstatement.  *See, e.g.*, *Robert Plan Corp. v. Am. Int'l Grp. Inc.*, No. CIV. 09-200GEBDEA, 2009 WL 2448509, at *4 (D.N.J. Aug. 10, 2009) (holding the Court lacked jurisdiction where the state court case had been administratively dismissed for lack of prosecution and there was no indication that plaintiff would be taking steps to reinstate the case); *Smith v. Toyota Motor Sales, U.S.A. Corp.*, No. CIV.A. 06-2788KSH, 2007 WL 1585157, at *3 (D.N.J. May 31, 2007) (holding the District Court lacked jurisdiction because the state court case had never been reopened); *Winograd v. Mercedes-Benz USA, LLC*, No. CV 16-4914 (WJM), 2017 WL 2926040, at *3 (D.N.J. June 14, 2017), report and recommendation adopted, No. 2:16-CV-04914 (WJM), 2017 WL 2953640 (D.N.J. July 10, 2017) (remanding on other grounds) (finding removal was improper because "there was no case or controversy pending" at the time of removal).  In *Jpmorgan Chase Bank v. Farah*, No. 16-CV-3056 (KM), 2016 WL 8674607, at *2 (D.N.J. Dec. 16, 2016), the state court case had been administratively dismissed and the motion to reinstate was pending, but not yet granted when it was removed.  The District

Court held that "removal of [the] case was improper because there was no case to remove" unless and until the reinstatement was granted in the state court. *Id.*; *see also MHM Sponsors Co. v. Permanent Mission of Pakistan to United Nations*, 672 F. Supp. 752, 753 (S.D.N.Y. 1987) (holding that, where a case has not been restored to the state court calendar, it cannot yet be removed). True Software acted expeditiously, removing only two days after reinstatement of the State Court Action. As such, True Software's removal is timely.

29.    True Software has complied and will comply with 28 U.S.C. §§ 1446(a) and (d) by: (1) attaching a true and correct copy of all process, pleadings, or orders on file in the State Court Action as Exhibit A; (2) promptly filing a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, with the clerk of the Superior Court, Middlesex County, under Docket No. MID-L-000812-24; and (3) promptly serving a Notice of Filing of Removal, with a copy of this Notice of Removal attached thereto, upon counsel for Plaintiffs.

30.    No previous application has been made for the relief requested herein.

31.    This notice has been signed pursuant to *Fed. R. Civ. P.* 11.

## <u>CONCLUSION</u>

By this Notice, Defendant True Software does not waive any objections or defenses, including, but not limited to, insufficiency of service of process, lack of jurisdiction, improper venue, *forum non conveniens*, or failure to state a claim. True

Software does not admit any fact, law, or liability by this Notice, and instead makes an express reservation of all rights, defenses, claims, motions, and pleas.

**WHEREFORE**, Defendant True Software Scandinavia AB respectfully requests this action be removed to this Court for determination, all further proceedings in the State Court Action be stayed, and for all other relief this Court deems just and proper.

DATED: June 5, 2025                    Respectfully submitted,

                                       */s/ Kelly M. Purcaro*
                                       **GREENSPOON MARDER LLP**
                                       Kelly M. Purcaro, Esq.
                                       Kory Ann Ferro, Esq.
                                       One Riverfront Plaza
                                       1037 Raymond Blvd., Suite 900
                                       Newark, New Jersey 07102
                                       Tel.: (732) 456-8746
                                       Kelly.Purcaro@gmlaw.com
                                       KoryAnn.Ferro@gmlaw.com

                                       *Attorneys for Defendant True Software*
                                       *Scandinavia AB*

## <u>CERTIFICATION OF NON-ARBITRABILITY</u><br><u>PURSUANT TO L. CIV. R. 201.1(d)(3)</u>

I certify, pursuant to L. Civ. R. 201.1(d)(3), that the above-captioned matter is not arbitrable because the amount in controversy exceeds the sum of $150,000 exclusive of interest and any claim for punitive damages,

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 5th day June, 2025

/s/ Kelly M. Purcaro
Kelly M. Purcaro


## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, other than the State Court Action from which removal is requested, or pending in any arbitration or administrative proceeding. Noting, while not the same defendants, numerous other companies/defendants sued by the same or similar plaintiffs have removed their state court actions to this Court. Those cases are as follows:

1. *Atlas Data Privacy Corporation, et al. v. WE Inform, LLC,* Docket No. MRS-L-000379-24 and 1:24-cv-04037.

2. *Atlas Data Privacy Corporation, et al. v. DM Group, Inc. et al.,* Docket No. MID-L-000990-24 and 1:24-cv-04075.

3. *Atlas Data Privacy Corporation, et al. v. Delvepoint, LLC, et al.,* Docket No. MRS-L-000244-24 and 1:24-cv-04096.

4. *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.,* Docket No. MRS-L-000257-24 and 1:24-cv-04045.

5. *Atlas Data Privacy Corporation, et al. v. Deluxe Corporation, et al.,* Docket No.: BER-L-000821-24 and 1:24-cv-04080.

6. *Atlas Data Privacy Corporation, et al. v. Yardi Systems, Inc., et al.* Docket No.: BER-L-000856-24 and 1:24-cv-04103.

7.   *Atlas Data Privacy Corporation, et al. v. Infomatics LLC, et al.,* Docket No.: BER-L-000872-24 and 1:24-cv-04041.

8.   *Atlas Data Privacy Corporation, et al. v. Quantarium Alliance, LLC, et al.,* Docket No.: BER-L-000878-24 and 1:24-cv-04098.

9.   *Atlas Data Privacy Corporation, et al. v. Acxiom LLC, et al.,* Docket No.: MER-L-000283-24 and 1:24-cv-04107.

10.   *Atlas Data Privacy Corporation, et al. v. i360, LLC, et al.,* Docket No. MER-L-000297-24 and 1:24-cv-04345.

11.   *Atlas Data Privacy Corporation, et al. v. Civil Data Research, LLC, et al.,* Docket No.: MER-L-292-24 and 1:24-cv-04143.

12.   *Atlas Data Privacy Corporation, et al. v. Scalable Commerce, LLC, et al.,* Docket No.: BER-L-771-24 and 1:24-cv-04160.

13.   *Atlas Data Privacy Corporation, et al. v. Labels & Lists, Inc., et al.,* Docket No.: BER-L-000812-24 and 1:24-cv-04174.

14.   *Atlas Data Privacy Corporation, et al. v. Innovis Data Solutions, Inc., et al.*, Docket No.: MRS-L-000285-24 and 1:24-cv-04176.

15.   *Atlas Data Privacy Corporation, et al. v. Accurate Append, Inc., et al.,* Docket No.: MID-L-000848-24 and 1:24-cv-04178.

16.   *Atlas Data Privacy Corporation, et al. v. Equimine, Inc. d/b/a Propstream, et al.,* Docket No.: MON-L-535-24 and 1:24-cv-04261.

17.   *Atlas Data Privacy Corporation, et al. v. Melissa Data Corp, et al.,* Docket No.: MRS-L-224-24 and 1:24-cv-04292.

18.   *Atlas Data Privacy Corporation, et al. v. Zillow, Inc., et al.,* Docket No.: BER-L-000874-24 and 1:24-cv-04256.

19.   *Atlas Data Privacy Corporation, et al. v. Restoration of America, et al., Docket No.:* MON-L-000510-24 and 1:24-cv-04324.

20. *Atlas Data Privacy Corporation, et al. v. Belles Camp Communications, Inc., et al.*, Docket No. MON-L-000508-24 and 1:24-cv-04949.

21. *Atlas Data Privacy Corporation, et al. v. Rocketreach LLC, et al.*, Docket No. BER-L-000873-24 and 1:24-cv-04664.

22. *Atlas Data Privacy Corporation, et al. v. Nuwber, Inc., et al.*, Docket No. MRS-L-000225-24 and 1:24-cv-04609.

23. *Atlas Data Privacy Corporation, et al. v. E-Merges.com, Inc.*, Docket No. BER-L-000854-24 and 1:24-cv-04434.

24. *Atlas Data Privacy Corporation, et al. v. Joy Rockwell Enterprises, Inc., et al.*, Docket No. MON-L-000486-24 and 1:24-cv-04389.

25. *Atlas Data Privacy Corporation, et al. v. Gohunt, LLC, et al.*, Docket No. BER-L-000870-24 and 1:24-cv-04380.

26. *Atlas Data Privacy Corporation, et al. v. Synaptix Technology, LLC, et al.*, Docket No. MER-L-000288-24 and 1:24-cv-04385.

27. *Atlas Data Privacy Corporation, et al. v. Accuzip, Inc., et al.*, Docket No. MON-L-000554-24 and 1:24-cv-04383.

28. *Atlas Data Privacy Corporation, et al. v. Fortnoff Financial, LLC, et al.*, Docket No. MER-L-000284-24 and 1:24-cv-04390.

29. *Atlas Data Privacy Corporation, et al. v. Propertyradar, Inc., et al.*, Docket No. MER-L-000293-24 and 1:24-cv-05600.

30. *Atlas Data Privacy Corporation, et al. v. The Alesco Group, et al.*, Docket No. BER-L-000969-24 and 1:24-cv-05656.

31. *Atlas Data Privacy Corporation, et al. v. Searchbug, Inc., et al.*, Docket No. MID-L-000904-24 and 1:24-cv-05658.

32.   *Atlas Data Privacy Corporation, et al. v. Amerilist, Inc., et al.,* Docket No. MID-L-001052-24 and 1:24-cv-05775.

33.   *Atlas Data Privacy Corporation, et al. v. Digital Safety Products, LLC,* Docket No. MID-L-000814-24 and 1:24-cv-04141.

34.   *Atlas Data Privacy Corporation, et al. v. US Data Corporation, et al.,* Docket No. MRS-L-000323-24 and 1:24-cv-07324.

35.   *Atlas Data Privacy Corporation, et al. v. Smarty, LLC,* Docket No. MER-L-000310-24 and 1:24-cv-08075.

36.   *Atlas Data Privacy Corporation, et al. v. Compact Information Systems, LLC,* Docket No. MON-L-000534-24 and 1:24-cv-08451.

37.   *Atlas Data Privacy Corporation, et al. v. Darkowl, LLC,* Docket No. ESX-L-007210-24 and 1:24-cv-10600.

38.   *Atlas Data Privacy Corporation, et al. v. Spy Dialer, Inc.,* Docket No. MRS-L-000259-24 and 1:24-cv-11023.

39.   *Atlas Data Privacy Corporation, et al. v. Lighthouse List Company, LLC, et al.,* Docket No. MID-L-001221-24 and 1:24-cv-11443.

40.   *Atlas Data Privacy Corporation, et al. v. Peoplewhiz, Inc. et al.,* Docket No. MID-L-001063-24 and 1:25-cv-00237.

41.   *Atlas Data Privacy Corporation, et al. v. First Direct, Inc. et al.,* Docket No. MER-L-000328-24 and 1:25-cv-01480.

42.   *Atlas Data Privacy Corporation, et al. v. Greenflight Venture Corp.,* Docket No. BER-L-000811-24 and 1:25-cv-01517.

43.   *Atlas Data Privacy Corporation, et al. v. Innovative Web Solutions, LLC, et al.,* Docket No. BER-L-001038-24 and 1:25-cv-01535.

44.   *Atlas Data Privacy Corporation, et al. v. Publicnsa, LLC, et al.,* Docket No. ESX-L-003317-25 and 1:25-cv-05989.

45.    *Atlas Data Privacy Corporation, et al. v. Constella Intelligence, Inc., et al.,* Docket No. ESX-L-007212-24 and 2:24-cv-10571.

46.    *Atlas Data Privacy Corporation, et al. v. REDX LLC, et al.*, Docket No. UNN-L-001745-25 and 1:25-cv-06863.


I certify under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2025.


*/s/ Kelly M. Purcaro*
Kelly M. Purcaro

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2025, I filed a true and correct copy of the foregoing with the court. The Parties may access this filing through the Court's system. In addition, a copy was served, by agreement of the Parties, via email upon:

PEM LAW LLP
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Drive, Suite 1010
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
jmerejo@pemlawfirm.com
tkraft@pemlawfirm.com

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis
Ross F. Berlin
201 N. Franklin St., 7th Floor
Tampa, Florida 33602
jyanchunis@forthepeople.com
ross.berlin@forthepeople.com


*/s/ Kelly M. Purcaro*
Kelly M. Purcaro