# EXHIBIT A

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-_____-24<br><br>**CIVIL ACTION**<br><br>**COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

1

## INTRODUCTION

1.      In these tumultuous times, it is critical that the most sensitive personal information of those who serve the public be protected from unwarranted disclosure.  As set forth below, Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement officers, and prosecutors – and their families – with the right to prevent the disclosure of their home addresses and unpublished home telephone numbers, and to enforce those rights against uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights, against companies brokering data and choosing profit and personal gain over a critical public interest and the unequivocal mandate of the law.  Companies in the business of disclosing this protected information have avoided accountability for far too long, proffering such information, including home addresses and unpublished home telephone numbers, without sufficient regard for the risks and consequences imposed upon individuals who serve critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who serve – and their families – must be assured.  Here, not only do the data brokers wantonly and repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of those who serve.  Our judges, law enforcement officers and prosecutors should receive the full measure of protection afforded to them under the same laws they enforce for the safety of all citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges, law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory provisions, Atlas brings this action as an assignee for certain individuals, including many family members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief

2

and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

3

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.      Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

4

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

## THE PARTIES

### The Individual Plaintiffs

15.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.     Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000.  After a few months on the job, he was assigned to street crimes, where he excelled at field work.  In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey.  He worked with the task force for the next two years.  During that time period, he received multiple credible death threats from MS-13 members.  Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his

6

family to a remote location from which he commuted to work. In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members targeted Detective Maldonado's mother instead. They intended to burn down her building with her inside, but set fire to an adjacent building by mistake. Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps. Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

17.     Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department. They live together in New Jersey with their two young children. In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway. The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers. A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved. In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed. Overall, the encounter was routine and ended uneventfully.

18.     The resulting video footage was selectively edited and posted to YouTube. Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the

7

channel and other individuals who viewed the video.  Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer.  Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

19.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood."  The unknown messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information.  Sergeant Maloney refused to comply with any demands.  He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand.  In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

20.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police.  Responding officers arrested two men - who were armed - for unlawful possession of a firearm.  Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest.  Officer Maloney and her two young children were at home at the time.

21.     Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey.  Since 2014, Detective Colligan has served as the President of the New Jersey State Policemen's Benevolent Association, representing more

8

than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

**Plaintiff Atlas and its Assignors**

22.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

23.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 19,234 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

24.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

25.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites or through other methods of disclosure.

26.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required

9

under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

27.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

28.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

29.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a covered person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:

10

## How Atlas Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your home address or phone number. Atlas provides you with tools and services to help make the process more efficient.

1   **We identify** data brokers that may be disclosing your personal information. As of January 2024, our system tracks over 1,000 data brokers who operate in the United States.

2   **You select** the data brokers to whom you want to send takedown notices. We have lists of data brokers that we recommend, in order to make the selection process easier and more efficient. Alternatively, you can select recipients individually.

3   **You review** takedown notice templates. AtlasMail provides you with templates for takedown notice emails.

4   **You send** takedown notices. Your Atlas service includes an AtlasMail email address. You can use this email address to send takedown notices. More information about AtlasMail will be on the next screen.

Back                                                            Next

30.    AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:

11

## How AtlasMail Works

Daniel's Law allows you to send takedown notices to data brokers requesting that they not disclose or redisclose your sensitive personal information.

Atlas has created an email service, called **AtlasMail**, for its members to use for this purpose.

✓ Upon completing this signup process, a new email account will be created for your personal use. It will be:
**john.doe23@atlasmail.com**

✓ You can access this email account from within the Atlas web application.

✓ This email account belongs to you and you can use it however you want, within certain anti-spam and similar limitations imposed by our terms of service.

Back                                                            Next

31.      Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select individual recipients at a later page (as shown in the example copied below). Here, each of the Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.

12



32.    Any reply or response back from a data broker to the law enforcement officer or other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully featured email service provider, and its users can reply, forward, or use their AtlasMail account as they would any other email account:

13





33.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**Defendants**

34.     Defendant True Software Scandinavia AB is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

15

35.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

36.     Defendants offer and engage in the disclosure of data and information through one or more websites or applications, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

truecaller.com

37.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).  The following is a redacted example of the detailed information provided by Defendants,[8] in violation of Daniel's Law:

---

[8] Consistent with the mandate of Daniel's Law and the public policy considerations underpinning Rule 1:38-7, personal information in the search results has been redacted from the exemplar screenshots included herein.

16



17

38.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

## JURISDICTION AND VENUE

39.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

40.     Venue is proper pursuant to R. 4:3-2, in that Middlesex County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

## FACTS COMMON TO ALL COUNTS

41.     As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

42.     Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

43.     Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

44.     This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver,

transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

45.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

46.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

47.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[9]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
>> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>>
>> (2) punitive damages upon proof of willful or reckless disregard of the law;
>>
>> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>>
>> (4) any other preliminary and equitable relief as the court determines to be appropriate.
>
> d.  For the purposes of this section:
>
>> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include

---

[9] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

19

making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

48. Starting on or about December 21, 2023, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

49. For example, a true and correct copy of the email directly from Plaintiff Scott Maloney (with personal information redacted) is pasted here:

## Data Subject Request - Redaction/nondisclosure Request

| | |
|---|---|
| To | support@truecaller.com |
| From | Scott Maloney ⬛⬛⬛⬛@atlasmail.com> |
| Date | Thu, Dec 21, 2023 4:12 AM |

Truecaller International
December 21, 2023

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Scott Maloney

Phone: ⬛⬛⬛⬛

Sincerely,
Scott Maloney

20

50.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

51.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

52.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

53.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## <u>COUNT ONE</u>

### (Daniel's Law)

54.     The allegations of the Complaint set forth above are included herein as if set forth at length.

55.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

56.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

57.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone

21

numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

58.    Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

59.    As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

60.    As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

22

E.  Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F.  Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G.  Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 6, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

23

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 6, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 6, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

24

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to <u>Rule</u> 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 6, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

25

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-000812-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS TRUE SOFTWARE

**Case Initiation Date:** 02/07/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY CORPORATION

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY CORPORATION? NO**

**Are sexual abuse claims alleged by: JANE DOE 1? NO**

**Are sexual abuse claims alleged by: EDWIN MALDONADO? NO**

**Are sexual abuse claims alleged by: JUSTYNA MALONEY? NO**

**Are sexual abuse claims alleged by: SCOTT MALONEY? NO**

**Are sexual abuse claims alleged by: PATRICK COLLIGAN? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/07/2024                                                                  /s/ RAJIV D PARIKH
Dated                                                                              Signed

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:    FEBRUARY 07, 2024
                        RE:      ATLAS DATA PRIVACY C ORPORATIO  VS TRUE SOFTWARE
                        DOCKET: MID L -000812 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.


     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH REA


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (732) 645-4300 EXT 88294.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                  ATT: RAJIV D. PARIKH
                                  GENOVA BURNS LLC
                                  494 BROAD ST 6TH FL
                                  NEWARK          NJ 07102


ECOURTS



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

March 19, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:**  **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

We write on behalf of the Plaintiffs in the above referenced matters and the matters in the enclosed notices of motion. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on March 28, 2024 (the "Motions").



The Honorable John D. O'Dwyer, P.J.Cv.
The Honorable Douglas H. Hurd, P.J.Cv.
The Honorable Marcy M. McMann, J.S.C.
The Honorable Lourdes Lucas, J.S.C.
The Honorable Joseph L. Rea, J.S.C.
March 19, 2024
Page 2 of 2

To preserve judicial resources and alleviate the burden on courts with filing approximately one-hundred and fifty (150) motions to consolidate across five (5) counties, Plaintiffs filed one (1) consolidation motion in the first action filed in the aforementioned counties. Plaintiffs are hopeful that Defendants will likewise file any opposition(s) under these dockets to reduce the total number of communications and/or motion papers filed by counsel and reduce the burden on the courts.

Since filing the Motions, Plaintiffs' counsel have emailed numerous counsel who had advised via email that they represent Defendants in these actions, providing the identified defense counsel with a courtesy copy of Plaintiffs' motion to consolidate. It appears that most of those counsel have not yet filed notices of appearance with the courts, and Plaintiffs' counsel are hopeful that they do that soon to provide for a more streamlined notification process going forward.

Counsel for a number of the Defendants have requested an adjournment of the pending motions to consolidate.

In an effort to accommodate the adjournment requests from Defendants' counsel, and to provide an additional opportunity for counsel and any non-represented Defendants to review and respond to Plaintiffs' motions to consolidate and respond thereto, Plaintiffs are willing to adjourn the motions one (1) motion cycle.

Plaintiffs respectfully request an adjournment of the motions from March 28, 2024 to April 12, 2024. Plaintiffs also respectfully propose and request that any opposition(s) by Defendants must be filed on or before April 1, 2024, and any reply brief(s) by Plaintiffs must be filed on or before April 8, 2024. As noted, Plaintiffs are hopeful that Defendants will coordinate with regards to any opposition(s), to reduce the burden on the courts.

Thank you for your time and attention to this matter.

Respectfully submitted,

**GENOVA BURNS LLC**

s/Rajiv D. Parikh

RAJIV D. PARIKH

RDP/JJB:lq
17480522(25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000767-24<br><br>**CIVIL ACTION**<br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000768-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000769-24<br><br>**CIVIL ACTION** |

SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

        Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000770-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000771-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000772-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| INTELAGE SYSTEMS CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CORELOGIC, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000773-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BOUNDARY SOLUTIONS, INCORPORATED, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000793-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000794-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000810-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TRANSUNION, LLC, NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000811-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000812-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000813-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000814-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000815-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000818-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000819-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000821-24 |
| Plaintiffs, v. | **CIVIL ACTION** |
| DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000822-24 |
| Plaintiffs, v. | **CIVIL ACTION** |
| SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>   Plaintiffs,<br><br>  v.<br><br>OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000849-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>   Plaintiffs,<br>  v.<br><br>E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000854-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000855-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, BERGEN COUNTY<br>DOCKET NO.: BER-L-000856-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000866-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000867-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000868-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000869-24 <br><br> <u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000870-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RE/MAX, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000871-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INFOMATICS LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000872-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKETREACH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000873-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000874-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>       Plaintiffs,<br><br>       v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000875-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000878-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000917-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000918-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000919-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>   Plaintiffs, <br>   v. <br><br> CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000920-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000969-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000970-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000971-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-001038-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461411v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WHITEPAGES INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000270-24<br><br>**CIVIL ACTION**<br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BLACK KNIGHT TECHNOLOGIES, LLC, BLACK KNIGHT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000271-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE LIFETIME VALUE CO. LLC, BEENVERIFIED, INC., NEIGHBORWHO LLC, THE NUMBERGURU, LLC, PEOPLELOOKER LLC, PEOPLESMART LLC, OWNERLY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000272-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ATTOM DATA SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000273-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000282-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000283-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACXIOM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| HIYA INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>      Plaintiffs, <br><br>      v. <br><br> LUCKY2MEDIA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000286-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br>      Plaintiffs, <br><br>      v. <br><br> VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000288-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CIVIL DATA RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000292-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROPERTYRADAR, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000293-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>PREVILON, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000294-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>I360, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000297-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>SCSD HOLDINGS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000299-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>DYNATA LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000308-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>LIGHTBOX PARENT, L.P., LIGHTBOX HOLDINGS, L.P., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000309-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>SMARTY, LLC, SMARTYSTREETS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000310-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADSTRA, LLC, ADSTRA INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000311-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> COCOFINDER.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000319-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AREAPLOT, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000320-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FIRST DIRECT, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000328-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br> v. <br><br> TELEPHONEDIRECTORIES.US, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000335-24 <br><br> **CIVIL ACTION** |

TO:     All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Mercer County, 175 S. Broad Street, Trenton, New Jersey 08608 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461427v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NJ PROPERTY RECORDS, LLC, STATE INFORMATION SERVICES LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000811-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000812-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> DIGITAL SAFETY PRODUCTS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000814-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> INFOPAY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000815-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> RADARIS, LLC, RADARIS AMERICA, INC., ANDTOP CORP., ALBERA LIMITED BITSELLER EXPERT LIMITED, ACCURACY CONSULTING LTD., VIRTURA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000847-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ACCURATE APPEND, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000848-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OUTSIDE INTERACTIVE, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000849-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GLAD I KNOW INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000850-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br>     Plaintiffs, <br><br> v. <br><br> TELTECH SYSTEMS, INC., EPIC ENTERPRISES, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000859-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br>     Plaintiffs, <br><br> v. <br><br> ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>     Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000898-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>        Plaintiffs,<br><br>v.<br><br>REVEALNAME.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000901-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>VERISK ANALYTICS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000903-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SEARCHBUG, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000904-24<br><br>**CIVIL ACTION** |

Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000915-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST AMERICAN FINANCIAL CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000988-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 6SENSE INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000989-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GIANT PARTNERS, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000990-24 |
|---|---|
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DM GROUP, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000991-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INSIDERE, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000992-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OWMN, LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERILIST INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001052-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001063-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STIRISTA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001221-24 <br><br> **CIVIL ACTION** |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08901 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

s/ Rajiv D. Parikh
RAJIV D. PARIKH

Dated: March 12, 2024

17461434v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>PIPL, INC., RICHARD ROES 1-10, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000481-24<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>   Plaintiffs,<br><br>  v.<br><br>RED VIOLET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>   Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000482-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br>          Plaintiffs, <br><br>    v. <br><br> DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000483-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br>          Plaintiffs, <br><br>    v. <br><br> PEOPLECONNECT, INC., PEOPLECONNECT HOLDINGS, INC., INTELIUS, LLC, PEOPLECONNECT INTERMEDIATE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000484-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br>          Plaintiffs, <br><br>    v. <br><br> BATCHSERVICE LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>         Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000485-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOY ROCKWELL ENTERPRISES, INC DBA POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000486-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHECKPEOPLE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000506-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM R. WETZEL, WENDY E. WETZEL, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000507-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000508-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000510-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLNUT.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000512-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PEOPLE DATA LABS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000515-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SEARCH QUARRY, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000516-24 <br><br> CIVIL ACTION |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PETER KAWASAKI, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000517-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EPSILON DATA MANAGEMENT, LLC, CONVERSANT LLC, CITRUS AD INTERNATIONAL, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000533-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000534-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000535-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NEIGHBOR.REPORT, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000537-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALISTS MARKETING SERVICES, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000539-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000554-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILAND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000577-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LTRAC LLC, BUILDOUT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000694-24<br><br>**CIVIL ACTION** |

TO:   All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Monmouth County, 71 Monmouth Street, Freehold, New Jersey 07728 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461447v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000224-24<br><br>**CIVIL ACTION**<br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000225-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TWILIO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000226-24<br><br>**CIVIL ACTION** |

ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,

        Plaintiffs,

    v.

SPOKEO, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MORRIS COUNTY
DOCKET NO.: MRS-L-000227-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,

        Plaintiffs,

    v.

ZENLEADS INC. D/B/A APOLLO.IO, ZENLEADS HOLDINGS LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, MORRIS COUNTY
DOCKET NO.: MRS-L-000228-24

**CIVIL ACTION**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>411.INFO CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000229-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DATABASEUSA.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000230-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REIPRO LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000231-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CALLERSMART INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000237-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SKOPENOW, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000241-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEHASHED.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000242-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BLACKBAUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000243-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>DELVEPOINT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000244-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>INFORMATION.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000245-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LOCATEPLUS HOLDINGS CORPORATION (F.K.A. LOCATE PLUS.COM, F.K.A. WORLDWIDE INFORMATION INC.), RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000247-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VERICORA.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000249-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CLUSTRMAPS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000256-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000257-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REMINE INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000258-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000259-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000260-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THRYV, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000261-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SPYCLOUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000263-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000270-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COMMERCIAL REAL ESTATE EXCHANGE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000271-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>INNOVIS DATA SOLUTIONS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000285-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000286-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SAP AMERICA, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000323-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| US DATA CORPORATION, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE OPEN DATA PEOPLE, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000325-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WE INFORM, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000379-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AGR GROUP INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000483-24 <br><br> **CIVIL ACTION** |

TO:   All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Morris County, 56 Washington Street, Morristown, New Jersey 07960 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461459v1 (25221.001)

**PEM LAW LLP**

Rajiv D. Parikh, Esq.
**Partner**
rparikh@pemlawfirm.com
(D)       +1 973.577.6176
(M)      +1 973.818.5130

April 11, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:** **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

We write on behalf of the Plaintiffs in the Daniel's Law litigations referenced above and in the notices of motion previously filed with the court on March 19, 2024. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on April 12, 2024 (the "Motions"). We seek to adjourn these motions one cycle.

Since filing the Motions, approximately sixty (60) Defendants across all five (5) counties have removed their matters to Federal Court. While the 30-day deadline for removal for the remaining Defendants has either expired or is rapidly approaching, there remain a handful of matters in which service continues to be attempted. <u>See</u> 28 U.S.C. § 1446. Counsel for several of the Defendants requested an adjournment of the pending motions to consolidate due to the notice of removal filings.

With the perspective of trying to align the motions to consolidate properly with a more complete picture of which matters remain pending in State Court, and to accommodate requests from some defense counsel, we respectfully submit that it would be prudent to adjourn the motions one (1) motion cycle.

As such, Plaintiffs respectfully request an adjournment of the motions from April 12, 2024 to April 26, 2024.

Thank you for your time and attention to these matters.

Respectfully submitted,

**PEM LAW LLP**

*/s/ Rajiv D. Parikh*
Rajiv D. Parikh

Rajiv D. Parikh, Esq. (032462005)
**PEM LAW LLP**
One Boland Drive
Suite 101
West Orange, New Jersey 07052
rparikh@pemlawfirm.com
(973) 577-5500

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, et al., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br><br> DOCKET NO.:  MID-L-000812-24 <br><br> CIVIL ACTION <br><br> **SUBSTITUTION OF ATTORNEY** |

The undersigned hereby consents to the substitution of the law firm Rajiv D. Parikh, Esq. of

PEM Law LLP, in place of Genova Burns, LLC as counsel for Plaintiffs in the above-captioned

matter.

**GENOVA BURNS LLC**                    **PEM LAW LLP**

  *s/ James M. Burns*                        *s/ Rajiv D. Parikh*
James M. Burns, Esq.                     Rajiv D. Parikh, Esq.
Withdrawing Attorneys                    Superseding Attorneys
Genova Burns LLC                         PEM Law LLP


Dated:  April 15, 2024                   Dated:  April 15, 2024

-

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

                              DISMISSAL NOTICE

TELEPHONE - (732) 645-4300 EXT. 88294,CHRISTINE IBRAHIM     TEAM 002
COURT HOURS:  8:30 AM - 4:30 PM

                  DATE: JUNE 21, 2024
                   RE: ATLAS DATA PRIVACY C ORPORATIO  VS TRUE SOFTWARE
               DOCKET: MID L -000812 24
               PARTY:   TRUE SOFTWARE SCANDI

        PLEASE TAKE NOTICE THAT ON AUGUST 20, 2024    (60 DAYS FROM DATE OF
THIS NOTICE), THE COURT WILL DISMISS THE ABOVE PARTY OR PARTIES FOR LACK OF
PROSECUTION WITHOUT PREJUDICE, PURSUANT TO RULE 1:13-7 OR RULE 4:43-2 UNLESS ACTION
REQUIRED UNDER THE ABOVE RULES IS TAKEN.


 HON JOSEPH REA                                    ATT: RAJIV D. PARIKH
                                                   PEM LAW LLP
_____           1 BOLAND DR
        JUDGE                                      SUITE 101
                                                   WEST ORANGE      NJ 07052

-

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633


TELEPHONE - (732) 645-4300 EXT. 88294,CHRISTINE IBRAHIM    TEAM 002
COURT HOURS:  8:30 AM - 4:30 PM                          DATE AUGUST 23, 2024

DOCKET NO. MID L -000812 24
NAME: ATLAS DATA PRIVACY C ORPORATIO  VS TRUE SOFTWARE

        IT IS HEREBY ORDERED THAT UNDER RULES 1:13-7 OR 4:43-2, THE ABOVE MATTER HAS BEEN
DISMISSED WITHOUT PREJUDICE FOR LACK OF PROSECUTION. THIS ORDER CLOSES FILE. JUDGMENTS
PREVIOUSLY ENTERED IN THIS CASE ARE NOT AFFECTED BY THIS ORDER.


        A FORMAL NOTICE OF MOTION IS NOW REQUIRED TO RESTORE THIS CASE TO ACTIVE TRIAL
STATUS.


  HON BRUCE KAPLAN                                    ATT: RAJIV D. PARIKH
                                                      PEM LAW LLP
_____                     1 BOLAND DR
        JUDGE                                         SUITE 101
                                                      WEST ORANGE     NJ 07052

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        tkraft@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
        ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION TO REINSTATE THE COMPLAINT** |

**PLEASE TAKE NOTICE** that on December 6, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan (hereinafter and collectively, the "Plaintiffs"), shall move before the Superior Court of New Jersey, Law Division, Middlesex County for the entry of an Order requesting therein to reinstate the Complaint pursuant to R. 1:13-7(a).

1

**PLEASE TAKE FURTHER NOTICE** that in support of their motion, Plaintiffs shall rely upon the accompanying Letter Brief, and Certification of Rajiv D. Parikh, Esq. with exhibits.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is attached.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to <u>R</u>. 1:6-2(e), oral argument is not requested unless opposition is timely filed in response to this Motion.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:   <u>/s/Rajiv D. Parikh</u>
      **Rajiv D. Parikh**

Dated: November 19, 2024

2

<table>
<tr><td>

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
    jmerejo@pemlawfirm.com
    tkraft@pemlawfirm.com

</td><td>

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
    ross.berlin@forthepeople.com

</td></tr>
</table>

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-812-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **ORDER** |

**THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs, for an Order to: (i) reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a); and (ii) for leave to attempt alternative service via <u>R.</u> 4:4-4(b)(3); and the Court having considered Plaintiffs' submissions in support of this Motion, and good cause having been shown;

**IT IS** on this ___ day of December 2024, hereby **ORDERED** that:

1. Plaintiffs have established good cause for reinstatement of the Complaint to the active trial calendar pursuant to <u>R.</u> 1:13-7(a).

2. Plaintiffs have established that alternative service of process pursuant to <u>R.</u> 4:4-4(b)(3), by causing the Summons and Complaint to be sent via regular mail and electronic mail to any email address listed as a point of contact for the person or entity responsible for any website that is the subject of this action.

3. The Clerk of the Court is directed to reinstate the Complaint against all Defendants.

         _____

         **HON. BRUCE J. KAPLAN, J.S.C.**

Date:_____

[  ] Opposed

[ ] Unopposed

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
       jmerejo@pemlawfirm.com
       tkraft@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
       ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF RAJIV D. PARIKH, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION** |

I, Rajiv D. Parikh, Esq., of full age, hereby certify and attest as follows:

1.    I am an attorney duly licensed to practice law in the State of New Jersey and a Partner with PEM Law LLP, co-counsel for Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan (hereinafter and collectively, the "Plaintiffs").

1

2.      I have personal knowledge of the facts set forth herein and submit this certification in support of Plaintiffs' Motion to reinstate the Complaint pursuant to R. 1:13-7(a).

3.      On February 7, 2024, Plaintiffs filed a Complaint against the above-captioned Defendants.

4.      The undersigned filed the Complaint, as local counsel on behalf of Plaintiffs, while employed by the law firm Genova Burns LLC.

5.      I left my employment at Genova Burns LLC on March 22, 2024.

6.      On April 19, 2024, the undersigned filed a substitution of attorney to reflect that this matter was transferred from Genova Burns LLC to PEM Law LLP. See Tr. I.D. LCV20241010308.

7.      On June 22, 2024, a lack of prosecution dismissal warning was issued to all counsel of record. See Tr. I.D. LCV20241573570.

8.      On August 26, 2024, an Order dismissing the Complaint for lack of prosecution was automatically entered on the docket. See Tr. I.D. LCV20242080400.

9.      The undersigned, together with Plaintiffs' co-counsel Morgan & Morgan has diligently attempted to locate Defendant to effectuate proper service of process pursuant to the Rules of Court.

10.     Plaintiffs have determined that Defendant or their registered agent may be located in Stockholm, Sweden but that Defendant otherwise continues to conduct their business in the United States, sell data in the United States, and presumably pay taxes and operate an office in the United States.

2

11.     Accordingly, Plaintiffs respectfully request leave to attempt alternative service of process upon Defendant via electronic mail to any email address associated with Defendant and to concurrently serve a physical copy via courier service to Defendant's offices in Sweden.

12.     For the reasons set forth herein, Plaintiffs respectfully request that this Court: (i) reinstate the Complaint pursuant to R. 1:13-7(a).

13.     A true and accurate copy of the unpublished opinion 252 Main NM, LLC v. Heywang, Docket No. F-005512-19, 2020 N.J. Super. Unpub. LEXIS 449 at *3 (Ch. Div. Feb. 12, 2020) is annexed hereto as "**Exhibit A**".

14.     A true and accurate copy of the April 7, 2020 Supreme Court Order relaxing the provisions of R. 4:4-4(a)(7) is annexed hereto as "**Exhibit B**".

I certify that the above statements are true to the best of my knowledge and ability or based on sworn statements previously submitted to the Court. I understand that if the above statements are willfully false, I am subject to punishment.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:     */s/Rajiv D. Parikh*
        **Rajiv D. Parikh**

Dated: November 19, 2024

3



**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:*  +1 973.577.5500
*Direct:* +1 973.585.5330

November 19, 2024

**VIA eCourts**
Hon. Bruce J. Kaplan, J.S.C.
Superior Court of New Jersey
Middlesex County Courthouse
56 Paterson Street, 3rd Floor
New Brunswick, NJ 08903

      **Re:**    ***Atlas Data Privacy Corporation, et al. v. True Software Scandinavia AB, et al.,***
              **Docket No.: MID-L-812-24**

Dear Judge Kaplan:

We represent Plaintiffs, Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, Edwin Maldonado, Scott Maloney, Justyna Maloney, and Patrick Colligan (hereinafter and collectively, the "Plaintiffs"), together with co-counsel Morgan & Morgan. Plaintiffs respectfully submit this letter brief, in lieu of a more formal brief, in support of Plaintiffs' Motion to reinstate the Complaint.

As set forth below, Plaintiffs contend that good cause exists to reinstate the Complaint pursuant to R. 1:13-7(a) and that alternative service of process pursuant to R. 4:4-4(b)(3) is appropriate. Accordingly, Plaintiffs respectfully submit that the Motion should be granted.

<strong><u>LEGAL ARGUMENT</u></strong>

**I.**      **THE COMPLAINT MUST BE REINSTATED PURSUANT TO <u>R</u>. 1:13-7(a)**

As set forth herein, good cause exists for reinstatement of the Complaint pursuant to R. 1:13-7(a). The Complaint was filed on February 7, 2024.  Thereafter, Plaintiffs engaged in multiple attempts to identify and locate Defendants. These efforts have been unsuccessful to date. Thereafter this matter was administratively dismissed for lack of prosecution on August 26, 2024. As set forth below, the foregoing dismissal was the result of a variety of factors and not due to any acts or omissions by Plaintiffs themselves. Accordingly, reinstatement of the Complaint is appropriate for good cause shown and as required by R. 1:13-7(a).

Pursuant to R. 1:13-7(a), a motion for reinstatement shall be granted on good cause shown. Application of the good cause standard "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." <u>See</u> <u>Ghandi v. Cespedes</u>, 390 N.J. Super. 193, 197-98 (App. Div. 2007)(quoting <u>Delaware Valley Wholesale Florist, Inc. v. Addalia</u>, 349 N.J. Super. 228, 232 (App.

Hon. Bruce J. Kaplan, J.S.C.
November 19, 2024
Page 2 of 3



Div. 2002)). Reinstatement is "ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Id. Likewise, "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." Id.

For context, and as set forth more fully in the Complaint, Defendant is an entity that discloses or re-discloses personal contact information such as telephone numbers and home addresses to various websites, including trucaller.com. Additional background research was required to attempt to locate Defendants' contact information before service of process could be attempted. There were some slight delays not attributable to the acts or omissions of Plaintiffs themselves.[1] However, this matter was administratively dismissed for lack of prosecution on August 26, 2024, pursuant to R. 1:13-7, and before Plaintiffs were able to effectuate service of process upon the Defendants.

There is good cause here, to reinstate the Complaint against Defendants because the dismissal was only a result of difficulties in identifying and serving Defendants despite efforts by Plaintiffs. Even so, Defendants will not be prejudiced by reinstatement of this matter as service of process has not yet been effectuated. Based upon the foregoing, Plaintiffs respectfully request that this matter be reinstated to the active trial calendar.

## II.   ALTERNATIVE SERVICE OF PROCESS IS NECESSARY IN LIGHT OF DEFENDANT'S EFFORTS TO EVADE SERVICE

Plaintiffs submit that alternative service via courier service and any email address identified as a point of contact on Defendant's websites is both necessary and consistent with the provisions of R. 4:4-4. Moreover, the Rules of Court provide that if service cannot be made by any of the modes provided by R. 4:4-4, any defendant may be served as provided by court order, consistent with due process of law. See R. 4:4-4(b)(3). In these circumstances, a three-part test applies to determine whether alternative service is appropriate. If service of process via traditional methods: (i) is impossible; (ii) is unduly oppressive; or (iii) where the defendant successfully evades service, the court may direct alternative service of process by court order. Id.

To that end, New Jersey Courts have already held that service of process by social media and email is sufficient. See e.g., K.A. v. J.L., 450 N.J. Super. 247, 252-55 (Ch. Div. 2016)(permitting service of process via Facebook where traditional methods were ineffective); 252 Main NM, LLC v. Heywang, Docket No. F-005512-19, 2020 N.J. Super. Unpub. LEXIS 449 at *3 (Ch. Div. Feb. 12, 2020)(alternative service via Facebook Messenger or email are sufficient where

---

[1] The undersigned initially filed these actions when associated with Genova Burns LLC. In late March 2024, the undersigned left Genova Burns to form PEM Law LLP. There were some delays in the transfer of files from Genova Burns to PEM Law during this transitional period.

Hon. Bruce J. Kaplan, J.S.C.
November 19, 2024
Page 3 of 3



defendant's whereabouts are unknown); <u>accord</u> April 2020 Order of Chief Justice Rabner[2] (noting that email service, in light of the Covid-19 pandemic, was necessary and thereby permissible). In sum, and as outlined herein, Plaintiffs previously made good faith efforts to locate the Defendant, to no avail, and as such, alternative service of process via email is both appropriate and consistent with the Rules of Court and applicable caselaw.

Defendant continues to conduct their business and sell data in the United States. Presumably, Defendant also pay taxes in this jurisdiction and maintains an office here. Plaintiffs have expended considerable time and resources attempting to locate Defendant and have determined possible office locations in the United States and Sweden. Accordingly, Plaintiffs shall immediately attempt to effectuate service of process upon all known addresses associated with Defendant and request leave to attempt alternative service via courier service to Defendant's office in Sweden and via electronic mail to any known email addresses associated with Defendant and all applicable websites. Because the requirements of Rule 4:4-4(b)(3) have been satisfied, Plaintiffs should be granted leave to attempt alternative service of process by way of email to the addresses associated with Defendant's website and domain proxy service, in addition to traditional methods of service of process via regular mail, pursuant to <u>R.</u> 4:4-4(a).

## **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the within Motion and enter an Order to reinstate the Complaint pursuant to <u>R.</u> 1:13-7.

Respectfully Submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

**By:**   */s/Rajiv D. Parikh*
**Rajiv D. Parikh**

---

[2] <u>See</u> Parikh Cert., Exhibit B, April 7, 2020 Supreme Court Order.

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        tkraft@pemlawfirm.com

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
        ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**CERTIFICATION OF SERVICE** |

I, Rajiv D. Parikh, Esq., hereby certify and attest that on this date, my office caused an original of the following documents to be filed via eCourts with the Clerk, Law Division, Superior Court of New Jersey, Middlesex County:

1. Plaintiffs' Motion to reinstate the Complaint pursuant to R. 1:13-7(a) and for leave to attempt alternative service of process pursuant to R. 4:4-4(b)(3);
2. Letter Brief;
3. the Certification of Rajiv D. Parikh, Esq.; and
4. Proposed Order.

3

The foregoing statements are true and correct to the best of my knowledge. I am aware that if the foregoing statements made by me are intentionally false, I am subject to punishment.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:    */s/Rajiv D. Parikh*
       **Rajiv D. Parikh**

Dated: November 19, 2024

4

# EXHIBIT A

No *Shepard's* Signal™
As of: November 14, 2024 2:23 AM Z

## *252 Main NM, LLC v. Heywang*

Superior Court of New Jersey, Chancery Division, Bergen County

February 12, 2020, Decided

DOCKET NO. F-005512-19

**Reporter**
2020 N.J. Super. Unpub. LEXIS 449 *

252 MAIN NM, LLC, Plaintiff, v. JOHN R. HEYWANG, LAURA HEYWANG, and AMERICAN EXPRESS CENTURION BANK, Defendants.

**Notice:** NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS.

PLEASE CONSULT NEW JERSEY *RULE 1:36-3* FOR CITATION OF UNPUBLISHED OPINIONS.

## Core Terms

email, service by publication, summons, messaging, diligent, notice, modes, mail, service of process, effective

**Counsel:** **[\*1]** Glenn R. Reiser, for plaintiff (LoFaro & Reiser, L.L.P., attorneys).

**Judges:** BEDRIN MURRAY, J.T.C.

**Opinion by:** BEDRIN MURRAY

## Opinion

Before the court is a motion filed by 252 Main NM, LLC ("plaintiff"), seeking an order authorizing substituted service of the summons and complaint on John R. Heywang ("defendant") by Facebook Messenger, email, and text messaging in lieu of service by publication, and allowing service of all subsequent pleadings in the same manner. Also, plaintiff asks the court to deem defendant served with the summons and complaint on the dates they were purportedly transmitted to defendant by these three modes. This motion is unopposed. For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

BEDRIN MURRAY, J.T.C. (temporarily assigned)

I. *Findings of Fact*

On March 21, 2019, plaintiff filed a complaint to foreclose a tax sale certificate affecting commercial property commonly known as 252 Main Street, New Milford, New Jersey. The property is jointly owned by defendant and co-defendant Laura Heywang.[1] Ms. Heywang's contesting answer was stricken on December 9, 2019.

Plaintiff's counsel, Glenn R. Reiser, made a number of inquiries to ascertain defendant's residence in order **[\*2]** to effect service of process, as outlined with specificity in his affidavit. In brief, an internet search indicated that defendant resided at 328 Ogden Avenue, Teaneck, New Jersey, but service at this address was unsuccessful. The process server reported defendant had moved and left no forwarding information. A skip trace search was ordered, again citing the Teaneck address.

An Open Public Records Act request submitted to the County of Bergen for disclosure of defendant's voter registration records indicated defendant resided at the Teaneck address. An inquiry to the New Jersey Motor Vehicle Commission yielded the same result. It is noteworthy that defendant's Abstract of Driver History Record indicates he paid a restoration fee on June 11, 2019, thereby restoring his New Jersey driving privileges. Nevertheless, plaintiff's counsel at some point discovered the Teaneck property once owned by defendant was sold at a foreclosure sale on June 29, 2018. Defendant was evicted from the premises on or about January 2019.

---

[1] According to plaintiff, Ms. Heywang is believed to be defendant's estranged spouse.

MID-L-000812-24   11/19/2024 5:03:00 PM   Pg 3 of 5   Trans ID: LCV20243015636

Case 1:25-cv-07650-HB   Document 1-1   Filed 06/05/25   Page 112 of 152 PageID: 133

Page 2 of 4

2020 N.J. Super. Unpub. LEXIS 449, *2

Plaintiff retained the services of another process server to serve defendant at an alternate address in Cliffside Park, New Jersey. The record does not indicate defendant's [*3] connection with this address. In any event, the process server reported defendant did not reside at this address, nor did he own the property.

In addition, plaintiff's counsel sought the assistance of the Division of Veterans Services in Bergen County to determine if defendant, a veteran, was receiving local services. The Division responded defendant was not a client.

Having exhausted traditional modes to locate defendant, plaintiff's counsel resorted to Facebook and discovered an account for a John Heywang. The photographs on the Facebook page depict the same individual as one featured in a recent news article regarding defendant. Further, the page notes he lives in Cancun and is from Teaneck, New Jersey. Undoubtedly, the Facebook account belongs to defendant. His only post, however, is dated February 6, 2016.[2] On September 10, 2019, plaintiff uploaded the summons and complaint through Facebook's instant messaging system. The message was not rejected but no response followed.

In addition, plaintiff provided his counsel with defendant's cell phone number. A voicemail message at that number asked that a message be left for John R. Heywang. Plaintiff's counsel provided his telephone number, [*4] advising defendant that he needed his current address in order to send him a foreclosure complaint. The telephone call was not returned. Plaintiff's counsel also texted a copy of the summons and complaint to defendant's cell phone number, receiving no response. Finally, plaintiff obtained three email addresses for defendant from Spokeo.com, and emailed the summons and complaint to all three. One email was rejected. There was no response to the other two emails.

Plaintiff also offers that the subject property is currently being marketed for rent through a Dumont, New Jersey realtor. Plaintiff's counsel asked the listing broker for a copy of the listing agreement, hoping it would reveal defendant's current address. The broker agreed to provide same but failed to follow through or respond to

a subsequent email sent on October 4, 2019. The record is silent as to whether an effort was made to obtain defendant's current address from Ms. Heywang.

Plaintiff now asks the court to deem service of the summons and complaint by Facebook, email, and text messaging effective as of the dates of transmission by these modes, as well as to permit service of all other pleadings in the same manner.

II. *Conclusions [*5] of Law*

R. 4:4-4(a) provides "[t]he primary method of obtaining in personam jurisdiction over a defendant in this State" is by personal service of the summons and complaint as set forth in R. 4:4-3. In the event personal service cannot be made pursuant to R. 4:4-4(a), in personam jurisdiction may be obtained by substituted or constructive service as set forth in R. 4:4-4(b), namely (1) by mail or personal service outside the State; (2) as provided by law; or (3) if service cannot be made by any of the other modes, by court order, consistent with due process of law. R. 4:4-4(c) provides for optional mailed service.

In addition, "in actions affecting specific property, or any interest therein, or any res within the jurisdiction of the court", where service cannot be made within the State despite diligent inquiry, then other modes of service may be used. R. 4:4-5. The permissible modes are by personal service outside the State, by mail, by publication of a notice once in a newspaper published in the county in which venue is laid,[3] or as provided by court order. *Id.* at subsection (a).

Here, the court is satisfied plaintiff's counsel exercised all reasonable means to determine defendant's whereabouts, thereby satisfying the "diligent inquiry" standard for service [*6] by publication enunciated in *Modan v. Modan, 327 N.J. Super. 44, 742 A.2d 611 (App. Div. 2000)*. Judge Kimmelman, writing for the court, surveyed other jurisdictions to determine the

---

[2] It is unknown if defendant's Facebook page contains more recent posts. Plaintiff's submission contains only the 2016 post.

[3] The required content of the notice is set forth in R. 4:4-5(a)(3)(A), (B), (C), and (D). The Rule further requires within seven days of publication, a copy of the notice and complaint must be mailed "to the defendant's residence or the place where the defendant usually receives mail, unless it shall appear by affidavit that such residence or place is unknown, and cannot be ascertained after inquiry as herein provided. . . ." *Id.* at subsection (a)(3).

MID-L-000812-24   11/19/2024 5:03:00 PM   Pg 4 of 5   Trans ID: LCV20243015636
Case 1:25-cv-07650-HB   Document 1-1   Filed 06/05/25   Page 113 of 152 PageID: 134

Page 3 of 4

2020 N.J. Super. Unpub. LEXIS 449, *6

"outer limits of what constitutes due diligence" in deciding whether to allow service by publication. *Id. at 48* (citing *Carson v. Northstar Development Co., 62 Wn. App. 310, 814 P.2d 217, 221 (1991)* ("a plaintiff need not exhaust all conceivable means of personal service before service by publication is authorized. A plaintiff need only follow up on that information possessed by plaintiff which might reasonably assist in determining defendant's whereabouts.")); (*Abreu v. Gilmer, 115 Nev. 308, 985 P.2d 746, 749 (Nev. 1999)* ("due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.")).

Having concluded service by publication is appropriate in this matter, the court turns to the gravamen of plaintiff's argument--that service by Facebook, email, and text messaging as opposed to publication will ensure defendant receives due notice of the pending action. Plaintiff relies on *Modan v. Modan, supra, 327 N.J. Super. 44* in support of its request for service of process by email. There, the plaintiff submitted an affidavit of diligent inquiry in an effort to obtain a court order for service by publication. He failed to note, however, the defendant was living in Pakistan and regularly emailed him. **[*7]** In reversing the trial court's denial of the defendant's motion to vacate default, the court held had the plaintiff revealed in his affidavit of diligent inquiry that he knew an email address where the defendant could be reached, "then it would have been apparent that a method was available to plaintiff for reasonably effecting actual notice to [her] *in addition to the jurisdictional requirement of service by publication.*" (Emphasis supplied). *Id. at 49*.

In *K.A. v. J.L., 450 N.J. Super. 247, 161 A.3d 154 (Ch. Div. 2016)* the court held service by Facebook without resorting to publication was appropriate where the parents of a minor child sought to enjoin the defendant, a stranger, from communicating with them and their son by Facebook and Instagram. In short, the defendant persistently posted that the minor child was adopted and he was the biological father. He repeatedly posted the child's photograph on his Facebook page, holding him out as his son, and made friend requests to the plaintiff's family members. Certified mailings to the defendant in Pennsylvania were returned undelivered, while regular mailings were not returned. The court concluded "the nature of the relief sought, an injunction to prohibit contact, makes newspaper publication futile" citing **[*8]**

*R. 4:4-5(a)(3)*. *Id. at 253*. In holding that service by Facebook was consistent with due process, the court noted "the Facebook and Instagram accounts are the sole conduits of the purported harm" (citing *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)* ("[A] fundamental requirement of due process . . . is notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.")). Further, the defendant's recent activity on Facebook evidenced the account was active, making it likely the documents would be received.

These cases are distinguishable from the instant matter. Here, the only post on defendant's Facebook page is dated February 6, 2016. Unlike the defendant in *K.A. v. J.L., supra, 450 N.J. Super. 247*, there is no recent activity to suggest that service by this mode alone would be effective. Although the summons and complaint uploaded through Facebook's Instant Messenger system on September 10, 2019 were not rejected, neither did they elicit a response. Also, in *K.A.* the alleged harm was inflicted solely through the defendant's active Facebook and Instagram accounts. The court concluded that as injunctive relief was warranted, service by publication would be ineffective as opposed **[*9]** to service by Facebook, which was certain.

Likewise, in *Modan v. Modan, supra, 327 N.J. Super. 44*, service by email was guaranteed to be effective, as the plaintiff had received a number of emails from the defendant at the time the complaint was filed. Even so, the court concluded service by email should have been made in addition to service by publication. *Id. at 49*. There is no such guarantee of service in this case. As with plaintiff's attempts to serve the documents by Facebook Messenger, communication by email and text was a one-way street. Of note is the absence in the record of an email or text from defendant to a third party other than plaintiff that would serve to validate any of these accounts.

In addition, the record suggests defendant visits or resides, or otherwise maintains contacts in the State of New Jersey. He resided in his Teaneck, New Jersey residence as recently as January 2019, at which time he was evicted as a result of an earlier foreclosure action. On June 11, 2019, defendant paid a restoration fee to the New Jersey Motor Vehicle Commission to restore his

MID-L-000812-24   11/19/2024 5:03:00 PM   Pg 5 of 5   Trans ID: LCV20243015636

Case 1:25-cv-07650-HB    Document 1-1    Filed 06/05/25    Page 114 of 152 PageID: 135

Page 4 of 4

2020 N.J. Super. Unpub. LEXIS 449, *9

driving privileges. It follows that a notice placed in a Bergen County newspaper may come to defendant's attention.

In sum, it is almost certain that secondary **[\*10]** service of process by social media will, in the near future, be the norm rather than the exception. Yet, it is equally certain due process will require such service to comport with the "reasonably calculated, under all the circumstances, to apprise" standard in *Mullane, supra, 339 U.S. at 314*. Given the facts in this matter, the court cannot conclude plaintiff's service of the summons and complaint through social media alone satisfies defendant's due process rights. As an aside, the court notes plaintiff did not apply for a court order pursuant to *R. 4:4-4(b)(3)* allowing service of process by social media before resorting to these modes. Rather, plaintiff asks the court to approve such service retroactively.

Based on the foregoing, plaintiff's request to deem service of process on defendant effective as of September 10, 2019 and September 11, 2019 is denied. Service of process shall be made by publication. As the court is satisfied that defendant's residence is unknown, and that the Facebook account belongs to him, a copy of the required notice and complaint shall also be sent to defendant through Facebook Messenger. In addition, unless and until defendant acknowledges service and provides a mailing address, subsequent pleadings **[\*11]** and documents shall be served by Facebook Messenger. An order accompanies this opinion.

---

**End of Document**

# EXHIBIT B

# SUPREME COURT OF NEW JERSEY

The New Jersey Department of Health (NJ DOH) and the Centers for Disease Control and Prevention (CDC) have recommended taking all possible steps to avoid person-to-person contact during the COVID-19 coronavirus pandemic.

The Judiciary continues to follow the guidance of the NJ DOH and CDC by modifying and relaxing court operations to minimize the risk of spreading the COVID-19 virus.

Accordingly, it is ORDERED that effective immediately and until further order, pursuant to N.J. Const., Art. VI, sec. 2, par. 3, the provisions of Rule 4:4-4(a)(7) of the Rules Governing the Courts of the State of New Jersey are relaxed and supplemented so as to permit electronic service of process by email on the State of New Jersey.

For the Court,

Chief Justice

Dated: April 7, 2020

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
      jmerejo@pemlawfirm.com
      tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
      ross.berlin@forthepeople.com

FILED

December 11, 2024

HON. BRUCE J. KAPLAN, J.S.C.

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,

      Plaintiffs,

      v.

TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

      Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
DOCKET NO.: MID-L-812-24

<u>**CIVIL ACTION**</u>

**ORDER DENYING REINSTATEMENT AND SUBSTITUTION OF SERVICE**

---

**THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs, for an Order to: (i) reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a); and (ii) for leave to attempt alternative service via <u>R.</u> 4:4-4(b)(3); and the Court having read and considered the papers submitted in this matter, and for good cause having been shown;

**IT IS** on this 11th day of December 2024,

**ORDERED** that Plaintiff's Motion to Reinstate to the active trial calendar **is hereby DENIED**; and it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts.  Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

_/S/ Bruce J. Kaplan_
HONORABLE BRUCE J. KAPLAN, J.S.C.

UNOPPOSED

**STATEMENT OF REASONS:**

This matter comes before the Court by way of Plaintiffs' Motion to Reinstate the Complaint. The Court has considered the papers submitted in this matter.

By way of relevant procedural history, Plaintiffs filed the Complaint on February 7, 2024. Plaintiff. On June 22, 2024, Plaintiffs received a lack of prosecution dismissal warning. On August 26, 2024, Plaintiffs' Complaint was dismissed without prejudice for lack of prosecution under R. 1:13-7 or R. 4:43-2 for failure to serve Defendant True Software Scandinavia AB, et al. Plaintiffs now seek to reinstate the Complaint against Defendant.

Reinstatement:

Under New Jersey law, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Rivera v. Atl. Coast Rehab. Center, 321 N.J. Super. 340, 346, 729 A.2d 42 (App.Div.1999). See Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007). Applied to the present matter, Plaintiffs seek to reinstate the Complaint while admitting they have yet to serve process on Defendant. Plaintiffs have not cured the problem that led to the dismissal of their Complaint. Accordingly, Motion denied.

Substitution of Service:

Notwithstanding this Courts denial of Plaintiffs' Motion to Reinstate, the Court will engage with Plaintiffs' Motion for Substituted Service. Plaintiffs represent that Defendant may be located Stockholm, Sweden but otherwise conducts business in the United States. Plaintiffs further represent that after investigation they have failed to locate Defendant. However, Plaintiffs represent that they have identified possible office locations within the United States but fail to provide proof of ineffectual service or explain to the Court why the ordinary methods of service have been ineffective. R. 4:4-4. It is the Court's determination that Plaintiffs have not pursued a reasonable and diligent inquiry into Defendant's whereabouts. R. 4:4-5; see also U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 102-03 (App Div. 2016). Moreover, given the absence of these efforts to serve Defendant at the possible locations identified in the United States, the Court cannot find that the Plaintiffs have made sufficient attempts to serve the Defendant. Therefore, the Motion is hereby denied, with the expectation that Plaintiffs will attempt to serve Defendant at the same, and refile the motion only upon demonstrating a further, diligent attempt to serve the Defendant.

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        tkraft@pemlawfirm.com

**MORGAN & MORGAN, P.A.**
**COMPLEX LITIGATION GROUP**
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: ross.berlin@forthepeople.com
        jyanchunis@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>                      Plaintiffs,<br><br>             v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION—MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**AFFIDAVIT OF DILIGENT INQUIRY**<br>**PURSUANT TO <u>R.</u> 4:4-7** |

I, Ross F. Berlin, Esq., of full age, hereby certify and attest as follows:

1.      I am an attorney with Morgan & Morgan's Complex Litigation Group, co-counsel for Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons; Jane Doe-1 and Jane Doe-2, law enforcement officers; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (collectively, "Plaintiffs") in the above-captioned matter. And therefore, I have personal knowledge of the facts set forth in this Affidavit of Diligent Inquiry.

1

2.      As part of my role, I was tasked with searching for and determining where to effectuate service of the Summons and Complaint upon Defendant pursuant to the New Jersey Rules of Court. As part of the identification process, our firm reviewed: (a) the privacy policies and/or terms of use provided on the Defendant's website; (b) the Internet; (c) corporate entity searches within New Jersey and all other states mentioned on the Defendant's website; (d) commercially available research databases; and/or (e) the United States Patent and Trademark Office; and/or  (f) other public sources.

3.      On February 7, 2024, Plaintiffs commenced this action against Defendant for continuing violations of Daniel's Law, codified at N.J.S.A. § 56:8-166.1, et seq., as well as N.J.S.A. §§ 2C:20-31.1 and 47:1A-1.1, 47:1B-1, et seq., as of the time of filing.

4.      After reviewing the aforementioned sources, I was unable to locate any person or place within the State of New Jersey to effectuate service on Defendant pursuant to R. 4:4-4.

5.      As a result, our legal team directed service of process via FedEx International delivery to be made upon Defendant at their corporate headquarters in Sweden at the address of: True Software Scandinavia AB, Kungsgatan 15, Stockholm, 111 43, Sweden. The documents served included: (1) Summons; (2) Complaint; (3) Case Information Statement; (4) Track Assignment Notice; (5) Document Preservation Letter; (6) First Request for Production of Documents; (7) First Set of Interrogatories; and (8) Lack of Prosecution Dismissal Order.

6.      Based upon the lack of available information on an alternate address in New Jersey, we were compelled to serve the Defendant at the out-of-state address that we could access and locate in our inquiry.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

2

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
*Attorneys for Plaintiffs*

By:    */s/Ross F. Berlin*
       ROSS F. BERLIN

Dated: February 18, 2025



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973-533-0777  Fax: 973.814.4045
Web: www.genovaburns.com
Affiliated with Genova Burns LLP

James M. Burns, Esq.
Managing Partner
Member of NJ Bar and DC Court of Appeals
Jburns@GenovaBurns.com
Direct Dial/Fax:  973.535.7101

February 24, 2025

**VIA E-COURT FILING**
Superior Court of New Jersey
Middlesex County
56 Paterson Street
New Brunswick, NJ 08903

**Attention:  Clerk**

> **Re:   Atlas Data Privacy Corp., et als v. True Software, et als**
> **Docket No.:   MID-L-000812-24**

Dear Sir/Madame:

Attached please find the Notice of Lien on behalf of Genova Burns LLC.

Respectfully submitted,

**GENOVA BURNS LLC**

*s/James M. Burns*
JAMES M. BURNS

JMB:tt
Encl.
c:      all counsel of record, via e-court filing

17720404v1

Newark, NJ  •  New York, NY  •  Lambertville, NJ  •  Media, PA  •  Jersey City, NJ  •  Basking Ridge, NJ

**GENOVA BURNS LLC**
James M. Burns, Esq. (012691982)
494 Broad Street, 6th Floor
Newark, New Jersey 07102
Telephone: (973) 533-0777
Fax: (973) 814-4045
*Attorneys for Plaintiff/Counterclaim Defendant,*
*Atlas Data Privacy Corp.*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendant/Counterclaim Plaintiff | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-812-24<br><br><br>**CIVIL ACTION**<br><br>**NOTICE OF LIEN ON BEHALF OF GENOVA BURNS, LLC** |

PLEASE TAKE NOTICE as follows:

1.    Genova Burns LLC represented Plaintiff/Atlas Data Privacy Corporation in the above matter.  Genova Burns was substituted out as counsel for Plaintiff/Atlas Data Privacy Corporation.

2.    Genova Burns LLC hereby asserts and has a lien for legal fees and costs rendered to Plaintiffs in the above-entitled action pursuant to NJSA 2A:13-5 and applicable case law.  Because the firm has a lien and the amount of our share of the legal fees and costs will be determined after a recovery in this action, the defendants are put on notice that

1

any settlement check (s) should be payable to counsel of records and Genova Burns LLC, as lienholder.

3.      Further, we hereby direct that other than distributions made to Genova Burns LLC pursuant to paragraph 2 above, no other monies be paid or assets or things be provided directly to Atlas Data Privacy Corporation or Atlas Data Privacy Corporation's heirs, attorneys, representatives, successors and assigns until the amount of our lien has been fixed by a Court Order.

GENOVA BURNS LLC


BY:   __s/James M. Burns_____
         JAMES M. BURNS, ESQ.



Dated: February 24, 2025

2

## CERTIFICATION OF SERVICE

On February  24, 2025, I filed the foregoing NOTICE OF LIEN with the clerk of court for

the Superior Court of New Jersey, via the Court's ECourts system, which caused a copy of the

foregoing to be served on all counsel of record.

_s/James M. Burns_
JAMES M. BURNS

17720830v1

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        tkraft@pemlawfirm.com

**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
        ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION TO REINSTATE THE COMPLAINT** |

**PLEASE TAKE NOTICE** that on May 23, 2025 at 9:00 a.m., or as soon thereafter as counsel may be heard, PEM Law LLP and Morgan & Morgan, Complex Litigation Group, attorneys for plaintiffs, Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*; Jane Doe-1, *a law enforcement officer*; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (hereinafter and collectively, the "Plaintiffs"), shall move

before the Superior Court of New Jersey, Law Division, Middlesex County for the entry of an

Order requesting therein to reinstate the Complaint pursuant to R. 1:13-7(a).

**PLEASE TAKE FURTHER NOTICE** that in support of their motion, Plaintiffs shall

rely upon the accompanying Letter Brief, and Certification of Thomas R. Kraft, Esq., with exhibits.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is attached.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to R. 1:6-2(e), oral argument is not

requested unless opposition is timely filed in response to this Motion.

> **PEM LAW LLP**
> *Attorneys for Plaintiffs*
>
> By:    */s/Thomas R. Kraft*
>         THOMAS R. KRAFT

Dated: May 7, 2025

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
     jmerejo@pemlawfirm.com
     tkraft@pemlawfirm.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
     ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO.: MID-L-812-24<br><br>**CIVIL ACTION**<br><br>**ORDER** |

**THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*; Jane Doe-1, *a law enforcement officer*; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (collectively, "Plaintiffs") for an Order to reinstate the Complaint pursuant to R. 1:13-7(a); and the Court having considered Plaintiffs' submissions in support of this Motion, and good cause having been shown;

1

**IT IS** on this ___ day of May 2025, hereby **ORDERED** that:

1.      Plaintiffs have established good cause for reinstatement of the Complaint to the active trial calendar pursuant to <u>R.</u> 1:13-7(a).

2.      The Clerk of the Court is directed to reinstate the Complaint against all Defendants.

_____
**HON. BRUCE J. KAPLAN, J.S.C.**

Date:_____

[  ] Opposed

[ ] Unopposed

2

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
     jmerejo@pemlawfirm.com
     tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
     ross.berlin@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>Plaintiffs,<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-812-24<br><br><u>CIVIL ACTION</u><br><br>**CERTIFICATION OF THOMAS R. KRAFT, ESQ. IN SUPPORT OF PLAINTIFFS' MOTION TO REINSTATE THE COMPLAINT** |

I, Thomas R. Kraft, Esq., of full age, hereby certify and attest as follows:

1.     I am an attorney duly licensed to practice law in the State of New Jersey and an Associate with PEM Law LLP, co-counsel with Morgan & Morgan, Complex Litigation Group, attorneys for plaintiffs Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*; Jane Doe-1, *a law enforcement officer*; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (hereinafter and collectively, the "Plaintiffs").

1

2.	I have personal knowledge of the facts set forth herein and submit this certification in support of Plaintiffs' Motion to reinstate the Complaint pursuant to R. 1:13-7(a).

3.	On February 7, 2024, Plaintiffs filed a Complaint against the above-captioned Defendants.

4.	On June 22, 2024, a lack of prosecution dismissal warning was issued to all counsel of record. See Tr. I.D. LCV20241573570.

5.	On August 26, 2024, an Order dismissing the Complaint for lack of prosecution was automatically entered on the docket. See Tr. I.D. LCV20242080400.

6.	On November 19, 2024, Plaintiffs filed a motion to reinstate and request leave to attempt alternative service of process, pursuant to R. 4:4-4(b)(3) which was denied on December 11, 2024 for lack of service.

7.	Pursuant to the Affidavit of Diligent Inquiry filed February 18, 2025, co-counsel Morgan & Morgan, Complex Litigation Group, determined that Defendant lacks an address for service in New Jersey. Moreover, co-counsel further confirmed that Defendant lacks a registered agent in the United States. See Tr. I.D. LCV2025382101.

8.	In January and February 2025, the undersigned spoke with Trevor Graves, Esq. of Stites & Harbison PLLC, counsel for Defendant in various matters before the United States Patent and Trademark Office, via telephone and email correspondence. Our firm advised Stites & Harbison of the present lawsuit and asked whether the firm, or any other U.S.-based law firm, is authorized to represent Defendant in this matter. Mr. Graves advised that he would speak with Defendant and Defendant's Swedish-based counsel, AWA, to request confirmation. On February 4, 2025, we were advised that neither Stites & Harbison nor AWA are authorized to represent

2

Defendant in this matter. (A true and accurate copy of the February 2024 email correspondence is annexed hereto as "**Exhibit A**").

9.      However, on December 26, 2024, co-counsel Morgan & Morgan, Complex Litigation Group, directed service of process by FedEx International delivery to be made upon Defendant at their corporate headquarters in Sweden, located at Kungsgatan 15, Stockholm, 111 43, Sweden.

10.      Service via FedEx International Delivery was deemed successful on January 2, 2025. Defendant's employee and/or receptionist signed for the service packet under the name "S. Oommen" on January 2, 2025; proof of delivery was thereinafter provided to the undersigned from FedEx on January 8, 2025. (A true and accurate copy of the January 8, 2025 proof of delivery is annexed hereto as "**Exhibit B**").

11.      Because Defendant's headquarters are located in Sweden, international service of process may be effectuated in accordance with the provisions of the Hague Service Convention and pursuant to the directives of the Swedish Central Authority, which is responsible for carrying out and supervising Hague services requests.

12.      Article 10 of the Hague Service Convention[1] states that "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad."

13.      The Kingdom of Sweden ratified the Hague Service Convention, which provides for standardized service of judicial and extrajudicial documents across all signatory nations. The

---

[1] See text of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, maintained online by the Hague Conference on Private International Law: https://www.hcch.net/en/instruments/conventions/full-text/?cid=17

3

Swedish Central Authority, which is responsible for carrying out Hague service requests, does not object to Article 10(a) (service via postal channels)[2].

14.     Plaintiffs respectfully submit that the January 2, 2025, service by FedEx, as outlined herein, constitutes optional mailed service as permitted by R. 4:4-4(c).

15.     In addition, on May 7, 2025, Plaintiffs issued the Summons and Complaint for service via process server under the Hague Service Convention ("Hague Service") by submitting same to ABC Legal Services LLC ("ABC Legal"), a Washington limited liability company that specializes in domestic and international service of process.

16.     ABC Legal advised the undersigned that Hague Service ordinarily takes three to six months to complete.

17.     Based upon the foregoing, Plaintiffs respectfully submit that good cause exists to reinstate this matter pursuant R. 1:13-7(a) as the outstanding service issues were resolved by the January 2, 2025 optional mailed service. Moreover, Plaintiffs further submit that the pending Hague Service noted above shall adequately apprise Defendants of this litigation.

I certify that the above statements are true to the best of my knowledge and ability or based on sworn statements previously submitted to the Court. I understand that if the above statements are willfully false, I am subject to punishment.

                                        Respectfully submitted,

                                        **PEM LAW LLP**
                                        *Attorneys for Plaintiffs*

                            By:     */s/Thomas R. Kraft*
                                        THOMAS R. KRAFT

Dated: May 7, 2025

---

[2] See https://www.hcch.net/en/states/authorities/details3/?aid=275

4

# EXHIBIT A

 Outlook

## RE: Atlas Data Privacy Corporation Vs True Software

**From** Graves, Trevor <tgraves@stites.com>

**Date** Tue 2025-02-04 2:10 PM

**To** Thomas R. Kraft, Esq. <tkraft@pemlawfirm.com>

**Cc** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>

External Email

Hi Thomas,

Thank you for clarifying.  Unfortunately, my firm Stites & Harbison, PLLC was retained by AWA to act as True Software U.S. trademark counsel.  Furthermore, it appears AWA solely acts as trademark counsel in Europe.  Thus, neither entity is authorized to represent them in this matter.

Thanks,

Trevor

**Trevor T. Graves** | **STITES & HARBISON PLLC**

Direct: 859.226.2337

Cell: 859.229.8389

---

**From:** Thomas R. Kraft, Esq. <tkraft@pemlawfirm.com>
**Sent:** Monday, February 3, 2025 7:30 PM
**To:** Graves, Trevor <tgraves@stites.com>
**Cc:** Rajiv D. Parikh, Esq. <rparikh@pemlawfirm.com>; Jessica A. Merejo, Esq. <jmerejo@pemlawfirm.com>
**Subject:** Re: Atlas Data Privacy Corporation Vs True Software

Thanks, Trevor.

The motion to reinstate was denied because Judge Kaplan determined that we must attempt service upon True Software Scandinavia AB at their headquarters in Stockholm.

We have since effectuated service via FedEx International delivery, which was accepted and signed for by an employee of the company.

Please let us know if you or any other firm on True Software's legal team is authorized to represent them in this matter.

 **Thomas R. Kraft, Esq.**
Associate
Email: tkraft@pemlawfirm.com
Mobile: 973.271.2231
One Boland Drive, Suite 101

West Orange New Jersey 07052

pemlawfirm.com

This e-mail, including any attachments, may contain confidential information which is attorney-client privileged, work product, proprietary in nature or otherwise protected by law from disclosure, as well as intended only for the use of the addressee(s) named within it. If you are not the intended recipient of this e-mail, or the person responsible for delivering this to the intended recipient, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this e-mail in error, please immediately reply to the sender and take the steps necessary to delete the message completely from your computer system. Thank you.

**From:** Graves, Trevor <tgraves@stites.com>
**Sent:** Monday, February 3, 2025 4:38 PM
**To:** Thomas R. Kraft, Esq. <tkraft@pemlawfirm.com>
**Subject:** Atlas Data Privacy Corporation Vs True Software

External Email

Hi Thomas,

I reached out to my contact at AWA regarding the above-referenced matter.  He informed me that AWA is not authorized to accept service on True Software's behalf.

Prior to reaching out, I was trying to gather some background information for my contact at AWA and found the attached case summary.  Do you know why it states the motion to reinstate was denied?

Best regards,

Trevor

**Trevor T. Graves**
*Member and Registered Patent Attorney*
*Direct: 859-226-2337*
*Mobile: 859-229-8389*
*Fax: 859-253-9144*
tgraves@stites.com

**STITES&HARBISON** PLLC

250 West Main Street, Suite 2300, Lexington, KY 40507-1758

**About Stites & Harbison** | **Bio** | **V-Card** **LinkedIn**

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or forward this message or any attachment. Please notify the sender immediately and delete all copies of the message and any attachments. Neither the transmission of this message or any attachment, nor any error in transmission, constitutes a waiver of any applicable legal privilege.

# EXHIBIT B

**FedEx**

January 08, 2025

Dear Customer,

The following is the proof-of-delivery for tracking number: 770991097247

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | Receptionist/Front Desk |
| Signed for by: | S.OOMMEN | Delivery Location: | |
| Service type: | FedEx International Economy | | |
| Special Handling: | Deliver Weekday | | STOCKHOLM 0, |
| | | Delivery date: | Jan 2, 2025 13:11 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 770991097247 | Ship Date: | Dec 26, 2024 |
| | | Weight: | 1.0 LB/0.45 KG |

Recipient:                                         Shipper:

STOCKHOLM 0, SE,                          TAMPA, FL, US,

FedEx Express proof-of-delivery details appear below; however, no signature is currently available for this shipment.  Please check again later for a signature.

Thank you for choosing FedEx



**Thomas R. Kraft, Esq.**
**Associate**
Tkraft@pemlawfirm.com
*Office:*  +1 973.577.5500
*Direct:* +1 973.567.7455

May 7, 2025

<u>**VIA eCourts**</u>
Hon. Bruce J. Kaplan, J.S.C.
Superior Court of New Jersey, Law Division
Middlesex County Courthouse
56 Paterson Street, 3rd Floor
New Brunswick, New Jersey 08903

> **Re:** ***Atlas Data Privacy Corporation, et al. v. True Software Scandinavia, AB, et al.***
> <u>**Docket No.: MID-L-812-24**</u>

Dear Judge Kaplan:

We, together with co-counsel Morgan & Morgan, Complex Litigation Group, represent plaintiffs, Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*; Jane Doe-1, *a law enforcement officer*; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (hereinafter and collectively, "Plaintiffs"). Plaintiffs respectfully submit this letter brief, in lieu of a more formal brief, in support of Plaintiffs' Motion to Reinstate the Complaint against Defendant True Software Scandinavia AB ("Motion").

As set forth below, Plaintiffs contend that good cause exists to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a). Accordingly, Plaintiffs respectfully submit that the Motion should be granted.

**I.    FACTUAL AND PROCEDURAL HISTORY**

The Complaint was filed on February 7, 2024. <u>See</u> Certification of Thomas R. Kraft, Esq. ("Kraft Cert.") at ¶3. Thereafter, Plaintiffs engaged in multiple attempts to locate and serve Defendant True Software Scandinavia AB ("Defendant") at an address in the United States, but were unsuccessful. <u>Id.</u> at ¶7.  As a result, this matter was administratively dismissed for lack of prosecution on August 26, 2024. <u>Id.</u> at ¶5. On November 19, 2024, Plaintiffs filed a motion to reinstate and for leave to serve Defendant by emailing the Summons and Complaint to the email address listed as a point of contact on Defendant's website, Truecaller.com. <u>Id.</u> at ¶6.

At the time of the motion's filing, Plaintiffs had not yet identified any address associated with Defendant for service in the United States. <u>Id.</u> at ¶7. Plaintiffs' motion was denied on December 11, 2024; Your Honor reasoned that reinstatement was inappropriate as service remained outstanding. <u>Id.</u> at ¶11.  In light of the foregoing, this Court directed Plaintiffs to attempt

Hon. Bruce J. Kaplan, J.S.C.
May 7, 2025
Page 2 of 3



to serve Defendant and thereinafter re-file the within motion to reinstate, but only upon a demonstration of further, diligent attempts to complete service. <u>See</u> Tr. I.D. LCV20243177437.

In light of the following efforts, Plaintiffs respectfully submit that they have cured the deficiencies previously raised by this Court and therefore, good cause exists to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a). Specifically, on December 26, 2024, Plaintiffs mailed a copy of the Summons and Complaint via FedEx International Delivery to Defendant's headquarters located at Kungsgatan 15, Stockholm, 111 43, Sweden. <u>Id.</u> at ¶9. Delivery was deemed successful, pursuant to the proof of delivery dated January 8, 2025 provided by FedEx, which further indicates that the foregoing mail packet was received and signed for by Defendant. <u>Id.</u> at **Exhibit B**. To that end, service by FedEx is permitted as optional mailed service under <u>R.</u> 4:4-4(c).

## II.  GOOD CAUSE EXISTS TO REINSTATE THE COMPLAINT PURSUANT TO <u>R.</u> 1:13-7(a)

Plaintiffs respectfully submit that good cause exists for reinstatement of the Complaint pursuant to <u>R.</u> 1:13-7(a), which provides that a motion for reinstatement shall be granted on good cause shown. Application of the good cause standard "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." <u>See</u> <u>Ghandi v. Cespedes</u>, 390 N.J. Super. 193, 197-98 (App. Div. 2007)(quoting <u>Delaware Valley Wholesale Florist, Inc. v. Addalia</u>, 349 N.J. Super. 228, 232 (App. Div. 2002)). Reinstatement is "ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." <u>Id.</u> Likewise, "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality." <u>Id.</u>

Plaintiffs respectfully submit that good cause exists to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a) as Defendant has been properly served via FedEx, thereby curing the deficiencies raised by this Court in Plaintiffs' first motion to reinstate. Plaintiffs note that international service of process is governed by the Hague Service Convention. <u>See</u> Kraft Cert. at ¶11-13. More specifically, Article 10 of the Hague Service Convention provides that service by postal channels is permitted, so long as the State of destination does not object. <u>Id.</u> To be sure, the Kingdom of Sweden—through the Swedish Central Authority, which supervises Hague service requests—does not object to international service of judicial documents by postal channels under Article 10(a). <u>Id.</u> at ¶13.

Thus, the January 8, 2025 proof of delivery, appended to the Motion as **Exhibit B**, demonstrates that Plaintiffs successfully served Defendant by optional mailed service, as permitted by <u>R.</u> 4:4-4(c). Indeed, the foregoing optional mailed service is likewise permitted in accordance with the Swedish Central Authority's election not to oppose service by postal channels under Article 10(a). However, and out of an abundance of caution, Plaintiffs have concurrently, with the

Hon. Bruce J. Kaplan, J.S.C.
May 7, 2025
Page 3 of 3



filing of this Motion, submitted the Summons and Complaint to ABC Legal Services LLC (an entity specializing in Hague Service) to complete personal service upon Defendant at their headquarters in Sweden.

As such, Defendants will have notice of this litigation, and reinstatement of the Complaint will allow this matter to proceed forward towards a final resolution.

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court grant the within Motion and enter an Order to reinstate the Complaint pursuant to R. 1:13-7(a).

Respectfully submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:     */s/Thomas R. Kraft*
THOMAS R. KRAFT

Dated: May 7, 2025

www.pemlawfirm.com

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
      jmerejo@pemlawfirm.com
      tkraft@pemlawfirm.com

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
      ross.berlin@forthepeople.com

*Attorneys for Plaintiffs*

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.: MID-L-812-24 <br><br> **CIVIL ACTION** <br><br> **CERTIFICATION OF SERVICE** |

I, Thomas R. Kraft, Esq., hereby certify and attest that on this date, my office caused an original of the following documents to be filed via eCourts with the Clerk, Law Division, Superior Court of New Jersey, Middlesex County:

1. Plaintiffs' Motion to reinstate the Complaint pursuant to <u>R.</u> 1:13-7(a);
2. Letter Brief;
3. Certification of Thomas R. Kraft, Esq.; and
4. Proposed Order.

1

I further certify that on this date, my office caused copies of the foregoing documents to be concurrently served upon Defendant as follows:

> True Software Scandinavia AB
> Kungsgatan 15
> Stockholm, 111 43, Sweden

The foregoing statements are true and correct to the best of my knowledge. I am aware that if the foregoing statements made by me are intentionally false, I am subject to punishment.

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:   */s/Thomas R. Kraft*
      THOMAS R. KRAFT

Dated: May 7, 2025

**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Thomas R. Kraft, Esq. (384852022)
1 Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
      jmerejo@pemlawfirm.com
      tkraft@pemlawfirm.com

*Attorneys for Plaintiffs*

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
John A. Yanchunis, Esq. (*pro hac vice* to be filed)
Ross F. Berlin, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: jyanchunis@forthepeople.com
      ross.berlin@forthepeople.com

FILED

June 3, 2025

HON. BRUCE J. KAPLAN, J.S.C.
SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY
DOCKET NO.: MID-L-812-24

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>TRUE SOFTWARE SCANDINAVIA AB RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | **CIVIL ACTION**<br><br>**ORDER GRANTING MOTION TO REINSTATE** |

**THIS MATTER**, having been brought before the Court on the application of PEM Law LLP and Morgan & Morgan, attorneys for Plaintiffs Atlas Data Privacy Corporation, *as assignee of individuals who are Covered Persons*; Jane Doe-1, *a law enforcement officer*; Edwin Maldonado; Scott Maloney; Justyna Maloney; and Patrick Colligan (collectively, "Plaintiffs") for an Order to reinstate the Complaint pursuant to R. 1:13-7(a); and the Court having considered Plaintiffs' submissions in support of this Motion, and good cause having been shown;

    **IT IS** on this 3rd day of June 2025,

1

**ORDERED** that Plaintiff's Motion to Reinstate the Complaint to the active trial calendar **is hereby GRANTED**; and it is further

**ORDERED** that a copy of this Order and a copy of the Motion shall be served by movant via regular and certified mail, return receipt requested, upon the corporate Defendants at their last known place of business within seven (7) days of the date hereof; and it is further

**ORDERED** that service of this Order shall be deemed effectuated upon all parties upon its upload to eCourts.  Pursuant to Rule 1:5-1(a), movant shall serve a copy of this Order on all parties not served electronically within seven (7) days of the date of this Order.

UNOPPOSED

_____/S/ Bruce J. Kaplan_____
HONORABLE BRUCE J. KAPLAN, J.S.C.

STATEMENT OF REASONS:

This Motion comes before the Court by way of Plaintiff's Motion to Reinstate the Complaint to the active trial calendar. There was no opposition.

By way of procedural history, Plaintiff's Complaint was dismissed for failure to effectuate service on August 26, 2024. At the time of filing, Plaintiff's had not yet identified the proper address for service for Defendant True Software Scandinavia, AB. In December of 2024, Plaintiff's had filed a Motion to Reinstate and this Court denied same reasoning that service not been effectuated and reinstate was inappropriate at that time. In the interim, Plaintiff's located Defendant's headquarters in Stockholm, Sweden, and via international mail served Defendant with a copy of the Summons and Complaint. The FedEx tracking provided to the Court states that same was delivered to the receptionist/front desk of Defendant's headquarters.

The Court notes that international service of process is governed by the Hague Service Convention. Specifically, Article 10 of the Hague Service Convention permits service by postal channels, provided that the destination state does not object. In this case, the Kingdom of Sweden—through its Central Authority, which oversees Hague Convention service requests—does not object to the service of judicial documents via postal channels under Article 10(a).

As more than 90 days have passed, the Court requires a showing of exceptional circumstances to reinstate the Complaint. R. 1:13-7. Here, the Court finds exceptional circumstances exist to reinstate the Complaint. Given the nature of the international corporate Defendant, Plaintiff had much difficulty locating the proper service address for Defendant. With that said, Plaintiff made diligent efforts to locate a valid service address and complied with this

2

Court's previous Order to provide the Court with an affidavit of diligent inquiry. See LCV2025382101.

The Court notes that pursuant to <u>R</u>. 4:44(c), a Motion for Default must be filed if after sixty days of service an answer is not filed. Accordingly, Motion granted.