**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN,<br><br>*Plaintiffs,*<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.: 1:25-cv-07650-HB<br><br>Civil Action<br><br>**MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS**<br><br>**Oral Argument Requested** |

Defendant True Software Scandinavia AB ("True Software"), through its undersigned attorneys, submits the following memorandum in support of its Motion to Dismiss pursuant to *Fed R. Civ. P.* 12(b)(6) and 12(b)(2) as a supplement to the previously filed consolidated briefing identified in the accompanying Notice

of Motion, which briefing True Software incorporates herein by reference.[1]

## I. The Complaint Must be Dismissed as True Software Does Not Disclose or Redisclose Unpublished Telephone Numbers or Home Addresses.

To state a claim under Daniel's Law, a plaintiff must plead facts demonstrating that, after "10 business days following the receipt" of a notification "seeking to prohibit the disclosure," the defendant "disclose[d] or redisclose[d] on the Internet or otherwise ma[d]e available, the home address or unpublished telephone number of any covered person[.]" *N.J.S.A.* 56:8-166.1(a); *see also Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322, 331 (D.N.J. 2024) ("The law prohibits any entity when requested from thereafter *disclosing* the home address and unpublished telephone number of a covered person[.]" (emphasis added)). "The Statute does not cover mere confirmation of information associated with a known phone number." *Atlas Data Privacy Corporation, et al. v. Telnyx LLC, et al.*, MRS-L-260-24 (N.J. Super. Ct. Law Div. Aug. 15, 2025) at Tr. 30:24-31:1.[2] "[J]ust confirmation" is "not contemplated under Daniel's Law." *Id.* at Tr. 32:16-17. A defendant violates Daniel's Law only if it *discloses* a covered person's home address or unpublished phone number following receipt of the requisite

---

[1] True Software has omitted tables and other briefing sections in an effort to provide a concise supplemental argument. Should the Court request a more formal submission, True Software is happy to provide same.

[2] Copy of the transcript of such decision, which appears at Tr. 29:20-34:4, is attached as **Exhibit A** to the Declaration of Kory Ann Ferro (hereinafter "*Telnyx* Decision").

written notice, not when it *confirms* a name associated with a known phone number.

As Plaintiffs recognize, the purpose of Daniel's law is to prevent potentially dangerous individuals from being able to look up a covered person to discover their home address or unpublished phone number. *See* Compl. (Doc. No. 1-1) at ¶¶ 1-8. Daniel's Law was passed "to enhance the safety and security of certain public officials in the justice system . . . to foster the ability of these public servants who perform critical roles in the justice system to carry out their official duties without fear of personal reprisal[.]" *N.J.S.A.* 56:8-166.3. In short, Daniel's Law seeks to preclude individuals with malintent from looking up a covered person by name and getting that covered person's contact details.

True Software does not disclose home addresses or unpublished phone numbers to the public or without express consent. *See* Declaration of Ola Espelund ("Espelund Decl.") at ¶¶ 5-12. A malicious actor cannot use True Software's app to obtain unknown telephone numbers or home addresses to compile a dossier of personal information about a covered person. Instead, as is evident from True Software's website,[3] the Truecaller app: (1) identifies the name of an individual

---

[3] The Court can and should consider information on True Software's website as "a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotation marks and citation omitted) (emphasis and alteration in original). Moreover, as a public website, the Court may consider the True Software website. *See Najjar v. Salameh*, No. 1:24-CV-05043, 2025 WL 1639891, at *4 (D.N.J. June

associated with an *incoming call*; (2) allows a subscriber to input a telephone number *already in his or her possession* to see who is associated with same; or (3) allows premium subscribers to *request* contact details of other subscribers within their social circle, which are then only disclosed on consent of the recipient. *Id.* at ¶¶ 7-12. None of these tools fall into the parameters of Daniel's Law.

More specifically, the caller identification tool on the Truecaller app identifies unknown incoming callers who are calling the subscriber's phone – essentially caller ID. *Id.* at ¶ 7. Such a function does not "disclose" a covered person's home address or unpublished phone number. It links the name of someone who is calling a subscriber to the phone number from which they are calling. *Id.* Moreover, this tool does not disclose home addresses of non-subscribers – it discloses, at most, state and country information. *Id.* at ¶ 12. The only time a subscriber's street-level address would appear on the caller ID is on express consent when a subscriber has expressly included such information on his or her profile for disclosure. *Id.* at ¶ 11. A bad actor cannot use this function to discover an unpublished phone number or home address of a covered person. Indeed, the covered person would have to be calling the bad actor from the covered person's

---

10, 2025) (Court considered a public website on motion to dismiss – plaintiff could not rely on some of the website while asking the Court to ignore other parts). Here, True Software's public website, truecaller.com, is both cited in and integral to the Complaint. *See* Compl. at ¶ 36.

unpublished phone number to activate this tool, at which point the name associated with the incoming number would be identified with, at most, state and country information (unless the covered person were a subscriber who expressly consented to disclosure of his or her full address).

Similarly, the spam detection tool identifies *incoming calls* to a subscriber's mobile device and notifies the customer that same may be unwanted spam and enables that customer to block future incoming calls from that number. *Id.* at ¶ 8. Such tool (aimed at blocking spam calls), does not disclose the home address or unpublished phone number of a covered person. It identifies incoming calls as potential spam.

The phone number lookup tool (exactly at issue in the *Telnyx* Decision in which the Superior Court of New Jersey dismissed Atlas' claim), only allows a subscriber to input a phone number already in that subscriber's possession at which point the Truecaller app will lookup who is associated with such number and identify if same may be spam. *Id.* at ¶ 9. As with the caller ID and spam detection tools, the phone number lookup tool does not provide street-level address information of non-subscribers at all and only provides such information of subscribers who have explicitly consented to disclosure by voluntarily including such information in their profile. *Id.* at ¶¶ 11-12.

The screenshot in the Complaint offered as purported "evidence" of "the

5

detailed information provided by Defendants, in violation of Daniel's Law" cannot be generated from True Software's database as True Software only services and stores the data of European residents. *Id.* at ¶ 13. Same appears to have been obtained by Plaintiffs' registering for the Truecaller app through a separate entity responsible for US data and services and then utilizing the phone lookup tool. *Id.*



*See* Compl. at ¶ 37. A review of this screenshot demonstrates Plaintiffs utilized the "search" tool (magnifying glass on bottom left hand corner selected) to search for a phone number of a covered person, which number was already in Plaintiffs' possession. As a result of the search, the Truecaller app allegedly returned a name associated with such already-known telephone number (although the redaction makes this difficult to discern) and that such person lives in the "United States" with no further address information provided. This is not evidence of a violation –

it confirms that True Software cannot violate Daniel's Law as the lookup tool does not disclose an unpublished phone number or a home address (absent a subscriber's express consent). The app allows a subscriber to query information based solely on the input of a telephone number that a subscriber already has – it is a reverse lookup. It is the subscriber that must disclose the phone number to the app to utilize this tool, not the other way around. Mere confirmation of information associated with an already-known phone number does not violate Daniel's Law.

The name search tool also cannot possibly violate Daniel's Law. While such tool allows premium subscribers to search by name for other subscribers within their social circle, it does not disclose either the phone number or address of such subscriber absent express consent. *Id.* at ¶ 10. Indeed, the premium subscriber must "Request Contact Details" of the other subscriber after which an invitation is sent to the subscriber searched, which must be accepted before any phone number or address information is shared. *Id.* This ensures mutual consent for the exchange of contact details and would prevent any bad actor from obtaining a covered person's information without the covered person's knowledge and specific consent.

As *Telnyx* noted in its Motion to Dismiss, Plaintiffs' claim against True Software is a direct consequence of Plaintiffs' failure to conduct adequate pre-suit investigation. Plaintiffs filed nearly 200 cookie cutter complaints without establishing or even considering *prima facie* liability under the law. Had Plaintiffs

7

properly investigated True Software before launching its attack and filing its frivolous suit, they would have known that True Software products and services cannot violate Daniel's Law.

## II.   True Software is Not Subject to Personal Jurisdiction in New Jersey

As set forth in the consolidated briefs incorporated herein by reference, for this Court to have jurisdiction over True Software, True Software must be subject to either general or specific jurisdiction.  It is subject to neither.

True Software is not subject to general jurisdiction[4] because it is not incorporated in nor is its principal place of business located in New Jersey.  *See Caduceus, Inc. v. Univ. Physician Grp.*, 713 F. Supp. 3d 30, 34 (D.N.J. 2024).  True Software is a Swedish company with its principal place of business in Stockholm, Sweden.  *See* Espelund Decl. at ¶¶ 16-20.  True Software cannot be "fairly regarded at home" in New Jersey nor does it have contacts with New Jersey that are "so continuous and systematic as to render them essentially at home" here.  *Daimler AG v. Bauman*, 571 U.S. 117, 127, 137, 134 S. Ct. 746, 754, 760, 187 L. Ed. 2d 624 (2014) (internal quotation marks and citations omitted).  True Software has no offices or physical locations in New Jersey; does not own or lease property in New Jersey; has no bank accounts in New Jersey; has no employees in New Jersey; does

---

[4] Plaintiffs' Complaint does not even contain any allegations, because none exist, that True Software is subject to general jurisdiction.

8

not work with any independent contractors in New Jersey; is not registered to do business in New Jersey; does not have a registered agent for service of process in New Jersey; and does not target any advertising, marketing, or promotional materials at New Jersey residents. *See* Espelund Decl. at ¶ 21. Indeed, True Software does not sell the Truecaller app or other services to citizens of New Jersey (or even the United States) nor does it host the data of New Jersey (or US) citizens. *Id.* at ¶¶ 13, 17, 22-24. True Caller only serves and stores data of European residents. *Id.*

True Software is also not subject to specific jurisdiction because True Software has not "purposefully availed itself of the privilege of conducting activities" in New Jersey or invoked "the benefits and protections" of New Jersey's laws. *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (internal quotation marks and citation omitted). True Software has not taken "a deliberate act reaching out to do business" in New Jersey or otherwise engaged in a "deliberate targeting" of New Jersey. *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021); *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 103 (3d Cir. 2009) (internal quotation marks and citation omitted). As set forth above, True Software has no connection to New Jersey, including a lack of any marketing activities directed towards New Jersey. True Software does not even sell its products to or store the information of New Jersey (or US) residents as it solely serves residents of Europe. *See* Espelund Decl. at ¶¶ 13, 17, 22-24. The fact that True Software

9

operates "a commercially interactive web site does not confer jurisdiction wherever that website may be accessed."[5] *Kim v. Korean Air Lines Co.*, 513 F. Supp. 3d 462, 470 (D.N.J. 2021) (internal quotation marks and citations omitted).

Moreover, Plaintiffs' claims do not "arise out of or relate to at least some of" True Software's contact with New Jersey (of which there is none). *Hasson*, 114 F.4th at 186. Plaintiffs have not, because they cannot, allege that True Software took any action in New Jersey. Plaintiffs instead allege that True Software disclosed New Jersey resident's information. *See* Compl. at ¶¶ 37, 50-51. This is patently and demonstrably false as True Software serves Europe and does not host data of New Jersey (or US) residents. *See* Espelund Decl. at ¶¶ 13, 17, 22-23. Plaintiffs allege that New Jersey residents sent their take down requests (although it is not even pled that the emails were sent from New Jersey). *See* Compl. at ¶¶ 48-49. Even assuming, *arguendo*, that all the purported takedown notices were sent *from* New Jersey, they were not *received* by True Software in New Jersey, or at all. True Software's website is hosted in Sweden, not New Jersey, and the support@truecall.com email to which Plaintiffs claim to have sent the requests, does not belong to True Software nor is it monitored by an employee of True Software. *See* Espelund Decl. at ¶¶ 20, 25. Unilateral activities of Plaintiffs in New Jersey,

---

[5] Plaintiffs' plead nothing to the contrary because they cannot – the Complaint alleges nothing more than True Software having a globally accessible website.

without any corresponding activity by True Software in New Jersey, does not confer specific jurisdiction. *See Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 334 (D.N.J. 2000); *Kim*, 513 F. Supp. 3d at 471.

Finally, assertion of personal jurisdiction over True Software would not "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d 528 (1985) (internal quotation marks and citation omitted). True Software should not be haled into Court across an ocean when it has no operations or presence in New Jersey and hosts data for and provides services to European citizens only. *See* Espelund Decl. at ¶¶ 16-26.

### III.  Conclusion

For the reasons set forth herein and set forth in the consolidated briefing incorporated herein by reference, Plaintiffs' Complaint against True Software must be dismissed with prejudice.

DATED:  October 17, 2025               Respectfully submitted,

*/s/ Kory Ann Ferro*
**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*