**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN, <br><br> *Plaintiffs,* <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,* <br><br> *Defendants.* | Case No.: 1:25-cv-07650-HB <br><br> Civil Action <br><br> **DECLARATION OF KORY ANN FERRO, ESQ. IN SUPPORT OF MOTIONS TO DISMISS** |

I, **KORY ANN FERRO**, being of full age and upon my oath, declare as follows:

1.      I am an attorney at law of the State of New Jersey, a member of the bar of the United States District Court for the District of New Jersey, and senior counsel at the law firm of Greenspoon Marder LLP, attorneys for Defendant True

Software Scandinavia AB ("True Software") in the within matter.

2.      I am one of the attorneys charged with the care, responsibility, and management of the within matter, and am fully familiar with the facts contained herein.  I make this Declaration in support of True Software's Motions to Dismiss.

3.      Attached hereto as **Exhibit "A"** is a true and accurate copy of the transcript of the decision rendered in *Atlas Data Privacy Corporation, et al. v. Telnyx LLC, et al.*, MRS-L-260-24 (N.J. Super. Ct. Law Div. Aug. 15, 2025) as downloaded directly from such docket.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 17th day of October, 2025.

*/s/Kory Ann Ferro*
Kory Ann Ferro, Esq.

# Exhibit A

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

```
                              SUPERIOR COURT OF NEW JERSEY
                              LAW DIVISION, CIVIL PART
                              MORRIS COUNTY
                              DOCKET NO. MRS-L-000270-24,
                              MRS-L-000243-24, MRS-L-000271-24,
                              MRS-L-000483-24, MRS-L-000227-24,
                              MRS-L-000260-24, MRS-L-000258-24
                              APP. DIV. NO.

        ATLAS DATA PRIVACY         )
        CORPORATION, ET. AL.       )          TRANSCRIPT
                                   )              of
               Plaintiffs,         )          DECISIONS
                                   )
          vs.                      )
                                   )
        CARCO GROUP. INC.,         )
        ET. AL.                    )
                                   )
               Defendants.         )

                              Place: Morris Co. Courthouse
                                     56 Washington Street
                                     Morristown, NJ 07960

                              Date:  August 15, 2025
```

```
                              Transcriber Catherine Weigel
                              ELITE TRANSCRIPTS, INC.
                              14 Boonton Avenue
                              Butler, NJ  07405
                              (973) 283-0196
                              Audio Recorded
                              Operator, Jada Jenkins/
                                        Ryan Scott
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

# ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.
## August 15, 2025 - ALL DECISIONS

```
BEFORE:   (Continued)

     HONORABLE JONATHAN W. ROMANKOW, J.S.C.

TRANSCRIPT ORDERED BY:

     ANGELO A. STIO, III, ESQ. (Troutman Pepper Locke
     LLP, 104 Carnegie Center, Suite 203, Princeton,
     New Jersey 08540)

APPEARANCES:

     RAJIV D. PARIKH, ESQ. (PEM Law LLP)
     VICTOR ANDREOU, ESQ.
     Attorney for the Plaintiffs

     ADAM R. SHAW, ESQ. (Boies Schiller Flexner LLP)
     Attorney for the Plaintiffs

     ANGELO A. STIO III, ESQ.
     (Troutman Pepper Locke LLP)
     Attorney for Defendants Carco, Remine Inc. and
     Intellicorp Records

     CORRI A. HOPKINS, ESQ. (Parker Poe)
     Attorney for Defendant Blackbaud, Inc.

     MICHAEL T. HENSLEY, ESQ. (Carlton Fields, LLP)
     Attorney for Defendant Blackbaud, Inc.

     SCOTT S. CHRISTIE, ESQ. (McCarter & English, LLP)
     Attorney for Defendant Telnyx

     STEPHEN M. TURNER, ESQ. (Dentons US LLP)
     Attorney for Defendant Crexi

     WILLIAM W. CHENEY, ESQ.
     (Freeman Mathis & Gary, LLP)
     Attorney for Defendants AGR Group, LLC and
     AGR Nevada, LLC

     BENJAMIN D. BRIGHT, ESQ. (Mayer Brown LLP)
     Attorney for Defendant Spokeo, Inc.)
```

3

I N D E X

                                              Page
MOTION TO DISMISS
ARGUMENT

DECISION

The Court                                      4

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

4

Decision

1    THE COURT:  All right, I'm prepared to rule.
2  Daniel's Law was designed to prevent attacks on
3  government officials and their families.  The law
4  prohibits disclosure of addresses and phone numbers of
5  individuals who hold certain positions, such as active
6  and retired judges and law enforcement personnel.
7  Those are people or individuals who are referred to as
8  cover persons.
9    The law sets forth that on notice a person,
10  business or association shall not disclose or re-
11  disclose the home address or -- or unpublished
12  telephone number of a covered person.  That's
13  56:8-166.1(a)(2).  Civil penalties may be imposed for
14  violations of the law, including $1,000 per violation,
15  punitive damages and attorney's fees.  That's in
16  166.1(c).
17    There are also criminal penalties for
18  reckless violation of Daniel's Law.  There's a fourth-
19  degree crime and -- for reckless and a third-degree for
20  purposeful violation.  When an authorized person seeks
21  to prohibit disclosure of the home address or
22  unpublished phone number of any other -- of any covered
23  person, consistent with Paragraph 1 of the Statute the
24  authorized person shall provide written to the person
25  from whom the authorized person is seeking non-

5

Decision

1  disclosure, that the authorized person is an authorized
2  person, and they're requesting that the person cease
3  disclosure of the information in order to protect the
4  information from the internet, or wherever -- or where
5  otherwise made available.  And that's 166.1(a)(2).  And
6  upon such written notice, and not 10 -- later than 10
7  business days after receipt of the notice, there should
8  be no -- there shall be no disclosure of the home
9  address or unpublished home number -- phone number of
10  any covered -- home telephone number of any covered
11  person.
12    Now each of the complaints here explain that
13  Atlas provides an online platform, including an e-mail
14  service named Atlas Mail.  Covered persons were, by
15  people who qualify as covered persons, may send take-
16  down notices via e-mail, requesting that data brokers
17  cease disclosure or re-disclosure of information about
18  the covered person, in accordance with 166.1(a)(1).
19  Each of the complaints allege that the defendant, or
20  defendant in question, is an entity that discloses or
21  re-discloses on the internet personal identifying
22  information to covered persons, and that by virtue of
23  defendant's business model visitors, users or customers
24  may obtain a name and home address, and/or name and
25  unpublished home phone number of the individual

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

6
                         Decision
1    plaintiffs, or covered person -- persons.  In each
2    complaint the plaintiffs further allege that the
3    individual plaintiffs, or covered persons transmitted
4    -- the individual plaintiffs and covered persons
5    transmitted notices in writing to defendants requesting
6    that defendants cease disclosure of their home address
7    and/or unpublished home telephone number, and cease its
8    disclosure or re-disclosure on the internet, or
9    wherever defendants otherwise made it available.
10            On each complaint the plaintiffs also allege
11   that defendant failed to comply with the request to
12   cease disclosure or re-disclosure of the covered
13   person's information.
14            Now the standard here the New Jersey Supreme
15   Court has cautioned that motions to dismiss, pursuant
16   to Rule 4:6-2(e) for failure to state a claim upon
17   which relief can be granted "should be granted only --
18   in only the rarest of instances."  PRINTING MART OF
19   MORRISTOWN VS. SHARP ELECTRONICS CORP., 116 N.J. 739,
20   at 772, 1989.
21            Dismissal is appropriate where no cause of
22   action is identified or suggested by the facts of the
23   complaint.  PRINTING MART at 746.  When reviewing a
24   complaint on a motion to dismiss The Court must "assume
25   the facts as asserted by plaintiff are true and give

7
                         Decision
1    her all the benefit -- give her the benefit of all
2    inferences that may be drawn in her favor."  That's
3    from the VALANTZAS VS. COLGATE-PALMOLIVE, 109 N.J. 189,
4    at 192, 1988, and, also, from PRINTING MART at 746.
5            PRINTING MART-MORRISTOWN at 746 also goes on
6    to say:  "At this preliminary stage of the litigation
7    The Court is not concerned with the ability of
8    plaintiffs to prove the allegations contained in the
9    complaint."  And for that they cite a 1961 case of
10   SOMERS V. BOARD OF ED.
11            A complaint need only allege sufficient --
12   sufficient facts as to give rise to a cause of action
13   or a prima facie case.  The reviewing court "searches
14   the complaint in depth and with liberality to ascertain
15   whether the fundament of a cause of action may be
16   gleaned, even from an obscure statement of claim,
17   opportunity being given to amend, if necessary."
18   That's at PRINTING MART, again, quoting a 1957 case of
19   DI CHRISTOFARO.
20            More from PRINTING MART at 746:  "The Court's
21   examination of the allegations of fact in the complaint
22   should be one that is at once painstaking and
23   undertaken with a generous and hospitable approach."
24   The continue by saying:  "If a generous reading of the
25   allegations merely suggests a cause of action the

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

---

8

Decision

```
 1    complaint will withstand the motion."  On the other
 2    hand, if a complaint does not state a basis for relief,
 3    and discovery would not provide one, dismissal is
 4    appropriate.  And that's BANCO POPULAR VS. GANDI, at
 5    184 N.J. 166 at -- 16 -- 184 N.J. 161, at 166, that's a
 6    2005 case.
 7            Now first argument.  Defendants Carco,
 8    Remine, Crexi and Spokeo, they argue that plaintiff's
 9    claim must be dismissed because the complaints fail to
10    allege that the thousands of purported assignors in
11    each complaint are covered persons under Daniel's Law.
12    The Court, um -- frankly, in short, finds that Atlas
13    has not sufficiently pled in any of these four
14    complaints that they are a valid assignee of the
15    covered persons.  And this is -- the same finding was
16    made by other courts.
17            The complaints on these four defendants do
18    not indicate a sufficient basis to conclude that each
19    assignor qualifies as a covered person.  Um, there's
20    also no indication if each individual executed a
21    written assignment to Atlas prior to the filing of the
22    complaints, as required by 166.1(d).  But instead of
23    dismissing the complaints for these deficiencies The
24    Court will instead order Atlas to submit all this
25    information separately to defense counsel and The Court
```

---

9

Decision

```
 1    under a protective order, and then file an amended
 2    complaint with additional pleadings which refer to the
 3    information submitted pursuant to the protective order.
 4    I know Judge McMann did that, among others.
 5            As I said earlier, I don't -- frankly, I
 6    don't know why Atlas hasn't just gone ahead and done
 7    that with every single complaint they have.  That would
 8    eliminate -- eliminate a lot of motion practice and
 9    save The Court and the litigants a lot of time and
10    resources, instead of litigating this issue time and
11    again.
12            As far as the argument about Jane Doe-1 and
13    Jane-2 proceeding under pseudonyms, Defendants Carco
14    and Remine argue that they -- they make this argument
15    that these Jane Does cannot proceed under pseudonyms in
16    the absence of leave being granted.  The Court
17    disagrees with that.  The plaintiff's motion papers set
18    forth that these two plaintiffs are experienced and
19    highly decorated veterans of law enforcement.
20    Unfortunately, they've been subjected to disturbing
21    breaches of their privacy by criminals whose
22    prosecutions they have been involved with.  Jane Doe-1,
23    a major criminal organization identified her personal
24    residence, they took nighttime photos of her young
25    child's bedroom and playroom windows while the child
```

---

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

10
Decision
```
 1   was playing inside with the light on.  That's in the
 2   complaint.  Also in that same paragraph it states that
 3   a criminal organization actually hired a private
 4   investigator to search online data broker websites to
 5   obtain that officer's home address.
 6                Regarding Jane Doe-2 the complaint sets forth
 7   that an inmate uncovered her home address in order to
 8   facilitate her murder and -- and murders of her family.
 9   Really, I find it somewhat puzzling that the defendants
10   would actually object to these two Jane Does proceeding
11   under pseudonyms, but I -- I find that the plaintiffs
12   have appropriately demonstrated their entitlement to
13   having Jane Doe-1 and Jane Doe-2 proceed under such
14   pseudonyms.
15                Next argument is that the complaint does not
16   contain factual allegations pertaining to several
17   essential elements of the Daniel's Law claim.  I'll go
18   through all the -- all the arguments made.  First,
19   Carco, Remine and Crexi make the argument that
20   plaintiffs have failed to adequately prove that the
21   take-down notices were sent by authorized person --
22   persons.  That Daniel's Law requires that a written
23   take-down notice must be provided by an authorized
24   person, and that notice must seek to prohibit the
25   disclosure of the home address or unpublished home
```

11
Decision
```
 1   phone number of any covered person.  That's in
 2   166.1(a)(2).  Under Daniel's Law that authorized person
 3   must be either a covered person or satisfy narrow
 4   exceptions that we don't have here, like incapacitated
 5   covered persons.
 6                Here the defendant claims that Atlas is not
 7   an authorized person to request non-disclosure of
 8   information because it's not a covered person, and it's
 9   not authorized to act on behalf of any other persons
10   identified in the defini-- definition of an authorized
11   person.  Defendants ignore that the complaints state
12   that the covered persons, not Atlas, submitted the
13   written requests to defendant to prevent disclosure of
14   the protected information and assigned -- that the
15   assignors, um, assigned the rights to enforce non-
16   compliance with the request to Atlas, as permitted by
17   N.J.S.A. 56:8-166.1.  Therefore, The Court finds the
18   plaintiffs have adequately alleged that the written
19   take-down notices were provided by an authorized person
20   pursuant to Daniel's Law.
21                The next argument made by Carco, Remine,
22   Crexi, Spokeo, is that the plaintiffs' notices were not
23   deficient -- were not -- were -- that the take-down
24   notices were legally deficient.  Now, each complaint of
25   Carco, Remine, Crexi, Spokeo, each complaint alleges
```

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

12
Decision

1    that each covered person notify the various defendants
2    in writing that they did not want their home address
3    and/or unpublished home numbers -- phone numbers --
4    disclosed.  That's contained in the complaints.  The
5    complaints explain that the written notifications were
6    sent via e-mail using a template created through the
7    Atlas system, and it explains how the covered person
8    logs in, confirms they're a covered person, creates an
9    Atlas e-mail, reviews the list of data brokers to send
10   to whom take-down notices are to be sent.  They select
11   which, if any, brokers to send the notice, and then
12   they electronically send the take-down notice to the
13   brokers.
14        From the complaints it appears that the take-
15   down notices supplied by the defendants provided enough
16   information to ensure that defendants had knowledge of
17   sufficient facts to reasonably determine that
18   disclosure was prohibited.  So The Court finds that the
19   plaintiff's take-down notice, as set forth in the
20   complaints, appear on their face to have been legally-
21   sufficient.  And in the end that's really a question of
22   fact.  Excuse me.  At this point The Court finds that
23   the complaints more than adequately set forth the
24   process for take-down requests being submitted to the
25   defense, and sufficiently allege that the plaintiffs

13
Decision

1    sent take-down notices to defendants in compliance with
2    the requirements of Daniel's Law.  And that's all
3    that's needed at this point.  And, again, applying the
4    very liberal standard under a motion to -- motion to
5    dismiss, that I went through, giving all favorable
6    inferences to the non-movants, The Court is satisfied
7    that the complaints are sufficient on this issue and
8    are enough to defeat a motion to dismiss.
9         Next, Carco, Remine, Crexi, Spokeo, make the
10   argument that plaintiffs fail to allege that defendants
11   received the take-down notice, that under Daniel's Law
12   any written down -- any written take-down notice must
13   be "received" to give rise to a potential claim, as
14   Daniel's Law provides that only upon written
15   notification, and not later than 10 business days
16   following receipt thereof, would the recipient be
17   obligated not to disclose, re-disclose, or otherwise
18   make available the protected information.  That's at
19   166.1(a)(1).
20        Defendants argue plaintiffs are unable to
21   prove that defendants actually received the take-down
22   notices that were allegedly e-mailed, but that's a
23   proof issue.  It's not an issue for The Court today.
24   Whether or not they can prove receipt of the take-down
25   notices that goes to the proofs, not something for The

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

14

Decision

```
 1     Court to consider today.  And, again, I have to give
 2     the non-movants the benefit of all favorable
 3     inferences, and that inference is that -- here is that
 4     the defendants did receive the take-down notices.  So,
 5     again, under the liberal standard here The Court finds
 6     the motions, um, uh, should be denied because the
 7     complaints are sufficient on this issue.
 8               Next, Crexi, AGR, Blackbaud, Spokeo, make the
 9     argument that the plaintiffs failed to plausibly allege
10     that defendants possess protected information, or
11     disclose that protected information after receiving a
12     take-down notice.  And as I've said already, when
13     reviewing a complaint under a motion to dismiss The
14     Court must assume the facts as asserted by plaintiff
15     are true and give the benefit of all inferences that
16     may be drawn in her favor.  That's VALANTZAS, The Court
17     is not concerned with the ability of plaintiffs to
18     prove the allegations.  Instead, it's just a question
19     of whether the pleadings are adequate on their face to
20     suggest a cause of action, can The Court glean the
21     fundament of a cause of action?
22               And the complaints here regarding the
23     defendants possessing or disclosing protected
24     information of the plaintiffs, The Court finds they're
25     more than adequate.  The complaints certainly suggest a
```

15

Decision

```
 1     cause of action.  The complaints state that the
 2     defendants offer and engage in the disclosure of data
 3     and information through one or more websites, or
 4     applications, or otherwise, in New Jersey and to
 5     businesses and individuals who operate or reside in New
 6     Jersey.  The complaints set forth how the individual
 7     plaintiffs in the assignor's e-mail written non-
 8     disclosure requests, and then the complaints state that
 9     despite the non-disclosure requests that the defendants
10     failed to cease disclosure or re-disclosure on the
11     internet, or otherwise making available the protected
12     information of the individual plaintiffs and covered
13     persons within the time period required by Daniel's
14     Law.  And then the complaint goes on to say the
15     defendants refused to comply with Daniel's Law and, um,
16     um, that the covered persons, uh -- the information
17     about the covered persons and individual plaintiffs
18     remain available from the defendants using defendants'
19     search tools or other means of disclosures, or -- or --
20     or the information is available, or, uh, uh -- can't
21     read my handwriting -- or viewable, I believe, within a
22     -- within a searchable database, or otherwise made
23     available.  That's more than sufficient to defeat a
24     motion to dismiss for failure to state a claim.  The
25     allegations in each complaint clearly set forth
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey 07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

16
Decision
```
 1   allegations of violation of the law that -- that
 2   defendants have protected information and disclosed, or
 3   re-disclosed, or otherwise made available, this
 4   protected information.  That's more than enough to --
 5   to establish a prima facie case and survive scrutiny.
 6            Again, this is a proof issue.  There's enough
 7   here to suggest a cause of action.  Yeah, it's not a
 8   lot of detail, that's true, but it's enough, and that's
 9   all that's needed.  These motions to dismiss are rarely
10   granted, because it's not difficult to -- to suggest a
11   cause of action.  And, again, The Court only has to
12   glean the fundament of a cause of action, and searching
13   with liberality, and -- and that's what The Court's
14   done here.
15            The next argument, Carco, Remine, Crexi,
16   Spokeo, argue that the plaintiffs fail to prove that
17   defendant acted in a negligent manner.  Now a complaint
18   alleging negligence "must set forth a claim for relief
19   that contains a statement of the facts on which the
20   claim is based, showing that the pleader is entitled to
21   relief and demand -- and a demand for judgment for the
22   relief to which the pleader claims entitlement."
23   That's from TEILHABER VS. GREENE, 320 N.J. Super. 453,
24   at 463, it's a 1999 Appellate Division case, citing
25   Rule 4:5-2.
```

17
Decision
```
 1            Moreover, a complaint is not required to
 2   spell out the legal authority upon which it's based.
 3   FARESE VS. MCGARRY, 237 N.J. Super. 385, at 390, 1989,
 4   Appellate Division case.
 5            Now here the complaints allege, in sufficient
 6   detail, that the -- that the plaintiffs -- I'll just
 7   refer to everybody as the plaintiffs -- they -- the
 8   complaints allege, again, in sufficient detail, that
 9   the plaintiffs sent non-disclosure requests to the
10   defendants and that defendants did not comply with
11   those requests, despite a legal obligation to do so.
12   Defendant -- defendants allegedly failed to respond to
13   the notices within 10 days, and -- and, also, the
14   complaints set forth that the disclosing or making
15   available of this protected information was undertaken
16   "without sufficient regard for the risks and
17   consequences imposed upon individuals who serve
18   critical judicial and law enforcement roles."  That's
19   in the complaints.  And, also, in the complaints it
20   states that defendants "wantonly and repeatedly
21   disregard the law and demonstrate a callousness toward
22   the well-being of those who serve."  In all of that,
23   um, the word negligence isn't used, but that certainly
24   -- that wording is certainly sufficient to allege
25   negligence.  Now, as far as proving that the defendants
```

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

18
Decision

```
 1    were actually negligent that's -- again, that's another
 2    fact issue that's not to be determined at this stage.
 3    The Court finds the pleadings are adequate to defeat a
 4    motion to dismiss under this argument.
 5              Crexi makes the argument, next, a proximate
 6    cause of damages have not been adequately pled.  I find
 7    that argument to be without merit.  Plaintiffs are
 8    correct that Daniel's Law does not require that a
 9    plaintiff show that unlawful disclosure of protected
10    information proximately caused them harm.  There's no
11    requirement that harm be shown as a result of the
12    disclosure, aside from the disclosure itself.  All
13    that's required is that a plaintiff establish that a
14    defendant possessed protected information and failed to
15    comply with a request to cease disclosure of this
16    information and -- and, um, um, that alone constitutes
17    a violation of Daniel's Law and serves to subject the
18    defendant to damages under the Statute.  And the
19    complaint is sufficient regarding pleading damages.
20              Daniel's Law provides for actual damages not
21    less than liquidated damages at a rate of $1,000 for
22    each violation of the law, but also provides for
23    punitive damages upon proof of wilful or reckless
24    disregard of the law and also provides for reasonable
25    attorneys' fees and other reasonable litigation costs,
```

19
Decision

```
 1    and that's all pled in the complaint.  I -- the
 2    defendants -- the defendant, I should say, individually
 3    has not advanced any authority to convince The Court
 4    that a complaint under Daniel's Law is different than
 5    any other complaint in terms of pleading damages.
 6              The complaint alleges the plaintiffs have
 7    suffered damages and they seek damages.  That's enough.
 8    Now what kind of damages are going to be rewarded, who
 9    knows, if -- if there's a finding of violation of
10    Daniel's Law?  Maybe it's $1,000, maybe more.  Maybe
11    punitive, maybe not.  Maybe counsel fees, maybe not.
12    That's a question for another day.  At this state,
13    again, The Court's not concerned with the ability of
14    the plaintiffs to prove the allegations in the
15    complaint, and to prove that there were damages.  If
16    they can't prove damages down the line that's an issue
17    for another time.  The complaint's sufficient on its
18    face as to this issue.  And, again, there's not great
19    detail in the complaint, but there's enough to defeat a
20    motion to dismiss here.
21              Last, Spokeo argues that The Court should
22    strike the plaintiff's request for an injunction.
23    That's an issue for another day, as well.  I'm not
24    going to strike the request for an injunction in the
25    complaint.  Whether an injunction should be, uh,
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

20

Decision

```
 1    issued, that's something to be determined at the
 2    resolution of the case.  Again, the complaint is
 3    sufficiently pled and its inclusion in the complaint is
 4    not improper.
 5              Now let me address the motion to dismiss for
 6    lack of jurisdiction, and that's made by AGR and
 7    Spokeo.  Now, a non-resident defendant must have
 8    certain minimal contacts with a forum state in order
 9    for there to be personal jurisdiction over the
10    defendants.  That's from INTERNATIONAL SHOE COMPANY VS.
11    WASHINGTON, 326 U.S. 310, 316-17.  That's from 1945.
12              So the primary focus of the personal
13    jurisdiction inquiry is the defendant's relationship to
14    the forum state.  JARDIM VS. OVERLEY, 461 N.J. Super.
15    367, 275.
16              Excuse me one second. (Pause) Sorry.  Okay,
17    let's continue.
18              Okay.  So two types of jurisdiction, there's
19    general and specific.  Gen-- general jurisdiction, I'm
20    not going to belabor this.  There's general
21    jurisdiction as long as a defendant's activities can be
22    characterized as continuous and systematic contacts.
23    That's from LEBEL VS. EVERGLADES MARINA, 115 N.J. 317,
24    at 323, a 1989.  They quote an order case.  Such
25    contacts require that it essentially be at home in the
```

21

Decision

```
 1    forum state, such as by having its principal place of
 2    business, or being incorporated there.  And that's from
 3    DAIMLER AG VS. BAUMAN, 571 U.S. 117, 2014, quoting
 4    GOODYEAR-DUNLOP.  So there must be extensive contacts
 5    between defendant and a forum for general jurisdiction
 6    to exist.
 7              As far as specific jurisdiction that's when
 8    there's evidence of purposeful acts by the defendant
 9    directed towards the forum state that make it
10    reasonable for the defendant to anticipate being held
11    in a court there.  That's from MASTONDREA VS.
12    OCCIDENTAL HOTELS MANAGEMENT, 391 N.J. Super. 261, at
13    268, 2007 Appellate Division case.  And for specific
14    jurisdiction to exist the minimum-contacts inquiry must
15    focus on the relation among the defendant, the forum
16    and the litigation.  That's from LEBEL at 323, and they
17    quote the case of SHAFFER VS. HEITNER.  Minimum --
18    minimum-contacts requirement is satisfied so long as
19    the contacts resulted from the defendant's purposeful
20    conduct, not the unilateral activities of the
21    plaintiff.  Again, LEBEL.
22              The purposeful availment requirement ensures
23    that a defendant will not be held in a jurisdiction
24    solely as a result of random, fortuitous or attenuated
25    contacts.  Again, LEBEL at 323-24.
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

22

Decision

```
 1           So the -- again, the question is whether the
 2   defendant's conduct in connection with the forum state
 3   are such that he, or she, should reasonably anticipate
 4   being held in a court there.  And that's, again, 324 in
 5   LEBEL.  The Court must thus determine whether defendant
 6   purposely created contacts with New Jersey.  Again, 324
 7   in LEBEL.  And then if it's established that there's
 8   general or specific jurisdiction, uh, there's another
 9   part, there has to be a finding that maintenance of the
10   suit does not offend traditional notions of fair play
11   and substantial justice.  LEBEL at 328.  And that
12   determination requires a -- a valuation of factors,
13   like the burden on the defendant, interests of the
14   forum state, plaintiff's interest in obtaining relief,
15   the inter-state judicial system's interest in obtaining
16   the most efficient resolution of controversies, and the
17   shared interests of the several states in furthering
18   fundamental substantial social policies.  That's,
19   again, from LEBEL at 328.
20           Now, when a court is presented with a motion
21   to dismiss due to lack of jurisdiction, a trial court
22   must make findings of fact on the jurisdictional facts
23   disputed because disputed-jurisdictional allegations
24   cannot be accepted on their face.  That's from RIPPON
25   VS. SMIGEL, 449 N.J. Super. 344, at 359.  It's an
```

23

Decision

```
 1   Appellate Division 2017, quoting CITIBANK VS. ESTATE OF
 2   SIMPSON, 290 N.J. Super. 519, Appellate Division 2017.
 3   When a motion to dismiss for lack of jurisdiction is
 4   made it's only the jurisdiction allegations that are
 5   relevant, not the sufficiency of the allegations
 6   respecting the cause of action.  That's at 359-60 in
 7   the RIPPON case.
 8           Now, New Jersey Courts recognize that
 9   jurisdictional discovery is appropriate to determine
10   whether a court does, indeed, have in personam
11   jurisdiction over a defendant.  That's YA GLOBAL
12   INVESTMENTS VS. CLIFF, 419 N.J. Super. 1, 2011
13   Appellate Division case, citing MAINE VS. SEKAP, ETC.,
14   at 392 N.J. Super. 227.
15           A plaintiff does bear the burden of
16   demonstrating that -- demonstrating facts that support
17   personal jurisdiction.  Although that's the case,
18   courts are to assist the plaintiff by allowing
19   jurisdictional discovery, unless the plaintiff's claim
20   is clearly frivolous.  And that's from RIPPON, 449 N.J.
21   Super. 359, quoting TOYS 'R US, that's a Federal case
22   from 2003, Third Circuit.  Jurisdictional discovery is
23   "typically warranted when the plaintiff seeks to
24   discover facts to establish that a defendant has had
25   sufficient contacts with New Jersey to satisfy the
```

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

24

Decision

```
 1     requirement of due process."  And that's from RIPPON,
 2     um -- uh, and, furthermore, the record must generally
 3     support the existence of disputed or conflicting facts
 4     to warrant jurisdictional discovery.
 5                 Now, um, let me start out by saying that I --
 6     there does not appear to be general jurisdiction here
 7     for AGR or Spokeo.  They're located in other states.
 8     AGR's in Nevada and Florida, um, and they have their
 9     principal place of business in Nevada, I believe, and
10     Spokeo is based in California and incorporated in
11     Delaware.  And there don't appear to be any facts that
12     indicate that either of these defendants is essentially
13     at home in New Jersey, so it's a matter of is there
14     specific jurisdiction.
15                 Now, as far as that's concerned, um -- bear
16     with me -- all right um, in this case, you know, the --
17     the -- whether or not there's specific jurisdiction
18     that's going to depend on -- on, obviously, what the
19     contacts are between the defendants and New Jersey, and
20     -- and the covered persons, and whether the defendants
21     possessed, uh, and disclosed information about the
22     covered persons.  So it's very simple.  I mean, I --
23     I'm going to order exactly what Judge Franzblau did.  I
24     mean, it's -- I think that's necessary here because,
25     um, I do find that the allegations are -- are
```

25

Decision

```
 1     sufficient on their -- on their -- on their face as to
 2     all the defendants, and -- and including these AGR and
 3     Spokeo.  But there is this issue of jurisdictional --
 4     you know, whether there's jurisdiction.  And I think,
 5     although there is the one paragraph -- I forget off the
 6     top of my head what paragraph number it is -- that --
 7     that does allege generally that these defendants, you
 8     know, essentially had contacts with New Jersey because
 9     they -- they offered up or disclosed this data.  I
10     think enough of a question's been raised there that in
11     an abundance of -- abundance of caution, really.  I
12     mean, maybe that's not the best way to put it, but I
13     think it -- it -- however you want to term it, I think
14     it's -- it's important that there's enough of a
15     question here that it has to be determined whether
16     there is specific jurisdiction, and I think
17     jurisdictional discovery will -- will solve that --
18     that question.  So I'm going to order the plaintiffs
19     and AGR, and the plaintiffs and Spokeo, to engage in
20     jurisdictional discovery for a period of 60 days, and
21     during that time, um, the parties are going to
22     determine the defendants' contacts with New Jersey,
23     including, but not limited to, whether the defendants
24     maintained, or accumulated, information and disclosed
25     the protected information, uh, about the, uh, uh, about
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey 07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

26
Decision
1   the covered persons, in short to determine whether a
2   specific jurisdiction exists here.  And after that
3   jurisdictional period -- jurisdictional discovery
4   period, um, at that point the defendants may both re-
5   file their motion to dismiss, if they want, or they can
6   file an answer within 14 days after that end of that
7   period, if they -- if they concede that there's
8   personal and specific jurisdiction here.  So that the
9   motion to dismiss on that ground is denied with --
10  without prejudice, obviously.  They can come back if
11  they like.
12          Now, um, as far as the failure to serve the
13  complaint properly, Blackbaud makes this argument,
14  plaintiffs failed to serve them with the complaint
15  under Rule 4:4-4(b)(1), resulting in the lack of
16  personal jurisdiction over the defendant Blackbaud.
17  "The requirement that a court have personal
18  jurisdiction over a defendant is designed to protect
19  the defendant's individual liberty interests flowing
20  from the due process clause."  And that's from ROSA VS.
21  ARAUJO, 616 Atlantic 2d 1328, it's a 1992 Appellate
22  Division case.  It cites a 1982 case at 456 U.S. 694,
23  INSURANCE CORPORATION VS. COMPAGNIE DES -- DES BAUX --
24  I don't know, I -- I can't speak French, so I don't
25  know how to pronounce that.

27
Decision
1           As the New Jersey Supreme Court explained "an
2   elementary and fundamental requirement of due process
3   in any proceeding, which is to be accorded finality, is
4   notice, reasonably calculated, under the circumstances
5   to apprise interested parties of the pendency of the
6   action and afford them an opportunity to present their
7   objections.  And that's from O'CONNOR VS. ABRAHAM
8   ALTUS, 335 Atlantic 2d 545, at 555, 1975 case.
9   Accordingly "where due process has been afforded a
10  litigant technical violations of the rule concerning
11  service of process do not defeat the court's
12  jurisdiction."  That's from the ROSA case at 1330.
13          Now in this case, on February 23rd, 2024 the
14  plaintiffs attempted service on Blackbaud by hand
15  delivering the complaint to its registered agent in
16  Delaware.  Before doing this, though, the plaintiffs
17  did not comply with the Rule 4:4-4(b) by filing an
18  affidavit explaining why, despite diligent effort and
19  inquiry service could not be made in New Jersey.
20  Basically defendant argues that because the plaintiffs
21  never filed this affidavit that service is ineffective.
22          Defendant does cite a number of unpublished
23  opinions for their argument.  But I -- The Court, I
24  should say, agrees with the plaintiffs that this
25  service of process defect is technical rather than

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

```
                                                              28
                           Decision
 1     substantive, and it's not fatal.  Now, um, imperfect
 2     service has been found sufficient where a defendant had
 3     actual notice of the lawsuit prior to the entry of the
 4     judgment, and that's SOBEL VS. LONG ISLAND
 5     ENTERTAINMENT PRODUCTS, 329 N.J. Super. 285, at 293-94,
 6     2000 Appellate Division case.  And, ultimately,
 7     sufficient notice can overcome technical defects
 8     because "not every defect in the manner in which
 9     process is served renders a judgment upon which the
10     action is brought void and unenforceable.  That's the
11     ROSA case, again, 260 N.J. Super. 458, at 462.  And our
12     Supreme Court has -- New Jersey Supreme Court has also
13     previously espoused a similar belief, noting that
14     "where due process has been afforded a litigant
15     technical violations of the rule concerning due --
16     service of due process -- where due process has been
17     afforded a litigant technical violations of the rule
18     concerning service of process do not defeat The Court's
19     jurisdiction."  And that's from O'CONNOR VS. ALTUS, 67
20     N.J. 106, at 127, 1975.
21               And it's clear here that Blackbaud has had
22     notice of this lawsuit since service was attempted on
23     them via hand delivery in -- in Delaware, um, in
24     February of 2025, and -- and Black -- Blackbaud
25     certainly has received notice of the complaint.
```

```
                                                              29
                           Decision
 1     They've been participating in litigation both here and
 2     in Federal Court.  They've had an opportunity to
 3     respond to the complaint, and that distinguishes the
 4     largely unpublished cases that the defendant cited.
 5     Those cases can be differentiated by the one here,
 6     because in those cited cases the defendants did not
 7     receive notice of the action, or had an opportunity to
 8     respond before default judgments were entered against
 9     them so.  Here Blackbaud was served with process, they
10     were on notice of the suit, they had ample time to
11     respond, and I -- I don't believe that failure to file
12     that affidavit requires dismissal of the action.
13     However, I will order the plaintiffs to still comply
14     with the rules as a belt-and-suspenders' thing, and
15     allow them an opportunity to correct the defect in
16     service.  I will not dismiss the complaint at this time
17     for -- for this technical violation, but I will require
18     plaintiffs to file an affidavit, complying with Rule
19     4:4-4(b) within seven days.
20               Last issue is Telnyx motion to dismiss.  Now
21     to state a claim under Daniel's Law plaintiff must
22     plead facts showing that at some time more than 10
23     business days following the receipt of a notifi--
24     notification to stop, defendant nevertheless disclosed,
25     or re-disclosed, on the internet, or otherwise made
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

30
Decision
```
 1    available, the home address or unpublished home
 2    telephone number of any covered person.  That's
 3    166.1(a)(1).  Accordingly, a defendant violates
 4    Daniel's Law if that defendant discloses a home address
 5    or unpublished home telephone number.
 6              Now here it's evident that both Telnyx's
 7    opening and reply briefs repeatedly establish, with
 8    factual declarations, in the form of a certification,
 9    that have not been countered or contested by the
10    plaintiff, that the number lookup tool does not return
11    home addresses or unpublished home telephone numbers.
12    It only returns Caller I.D. information, name and
13    carrier, for a phone number.  And even the plaintiffs
14    do not point evidence or allegations that Telnyx
15    provides home addresses in this or any other product.
16    And this is a different -- this is a different case,
17    obviously, than all the other ones, and that's because
18    it's a different type of defendant.
19              Now plaintiff's allegations about other
20    products are speculative at this point.  It -- it's
21    really -- it's clear that Telnyx, that this is the only
22    product here.  Plaintiffs -- you know, without -- look,
23    without disclosure of a home address, or unpublished
24    number, Daniel's Law is not violated.  The Statute does
25    not cover mere confirmation of information associated
```

31
Decision
```
 1    with a known phone number.  Now Paragraph 33 of the
 2    complaint alleges that the public can obtain from
 3    defendant's website a name and -- and home address,
 4    and/or a name and unpublished home telephone number of
 5    protected persons.  Also in Paragraph 33, the
 6    plaintiffs provided this redacted exemplar of the
 7    information that, uh, the defendant provides, by using
 8    this website engine, which they claim is illustrative
 9    of how the defendant violates Daniel's Law, and that
10    exemplar has a box where a phone number must be
11    entered.  That's what you have to do.  You've got to
12    type a number in that box, or even a partial number,
13    evidently, that will result in various information
14    being displayed about the phone country code, the phone
15    carrier, the caller name, or I guess the subscriber
16    name, and the state and city in which the phone is
17    registered.  So even though a phone number -- entering
18    a phone number, a -- a published phone number, may
19    reveal that information.  No address is disclosed, it's
20    only the state and city.
21              And, um, the thing is, one has -- in order to
22    use this function at all one has to have a phone number
23    in the first place.  So even if, though, let's say
24    somebody overheard a judge or -- or other protected
25    person, heard me whispering my phone -- you know,
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

32
Decision
```
 1   here's my unpublished -- unpublished number to
 2   somebody, and the person only heard part of it --
 3   overheard part of it, first of all, there's no
 4   unpublished numbers on there.  But even if it was -- so
 5   even entry of a full unpublished number evidently,
 6   according to the certifications, have not been
 7   countered by the plaintiff.  That wouldn't reveal any
 8   -- anything, because they -- they don't have
 9   information about unpublished numbers.  And, even so,
10   there's no address that's disclosed.  Even if an
11   unpublished number -- or, rather, a published number
12   was -- was typed in, there's no address.  It's a city
13   and state, and the engine doesn't provide unpublished
14   home phone numbers, doesn't provide -- doesn't provide
15   any phone numbers, for that matter, it's just -- it's
16   just confirmation, and that's not -- that's not
17   contemplated under Daniel's Law.  So I -- I think it's
18   disingenuous for the plaintiff to assert that the
19   defendant discloses or possesses, etc., unpublished
20   home phone numbers.  They don't.  They don't offer any
21   phone numbers.
22           And -- and it's clear from the screenshot
23   it's just the -- the city.  So all that -- all that
24   means that the defendant's search engine doesn't
25   provide information, cannot provide information, that
```

33
Decision
```
 1   would violate Daniel's Law.  It doesn't provide
 2   unpublished, or even published, phone numbers.  Again,
 3   even if a partial number is entered it's got to be a
 4   published number.  And, also, there's no addresses
 5   provided.  I think I'm saying the same thing.
 6   Therefore, that means the defendant does not disclose,
 7   re-disclose, or make available protected information by
 8   covered persons and, therefore, the complaint as to
 9   Telnyx fails to allege a violation of Daniel's Law, and
10   I'm going to dismiss that complaint.  I'm going to
11   dismiss it without prejudice.  And I -- you know, look,
12   I'm not going to -- I'm not going to -- well, maybe I
13   should address the last argument.
14           I also find that the statutory exception for
15   products or services relating to phone -- direct
16   telephone directories, or directory assistance, I find
17   that that exclusion also applies to Telnyx.  It's not
18   limited by the Statute's plain text or printed
19   materials.  The legislature demonstrably knew how to
20   limit exclusions to printed form when they wanted to,
21   and the number lookup tool falls squarely in the
22   exception.  And the plaintiff's attempts to require
23   some kind of publication deadline, there's nothing in
24   the Statute about that, um, and there's nothing
25   excluding these online directories.  So for that
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

34
Decision
```
 1   reason, too, the -- the argument -- the argument fails
 2   and the -- the complaint, um, the complaint should --
 3   should be dismissed with -- without prejudice at this
 4   point.
 5            So all that being said, um, the -- the -- the
 6   four cases, actually now three, because Telnyx was one
 7   of them -- is that in here?  Oh, here it is.  Carco,
 8   Remine, Blackbaud and Telnyx.  Okay, Telnyx is gone, so
 9   we have Carco, Remine and Blackbaud.  Those involve
10   challenges to, uh, in -- in terms of preemption
11   arguments, um, so there remains to be oral argument on
12   those.  Therefore, I think what I'm going to do is I'm
13   not going to -- I'm not going to enter an order in
14   Carco, Remine or Blackbaud because -- basically, I
15   guess what I'll do is I'll adjourn, I'll carry the
16   motion to a date to be provided.  Although, wait,
17   intervention on which one?  Was it Carco?  Anybody?
18   Who intervened on -- AG intervened on which case?
19            MR. STIO:  Your Honor, it would be in the
20   Carco Matter.
21            THE COURT:  It's Carco, okay.
22            MR. STIO:  Your Honor, just one other thing.
23            THE COURT:  Yep.
24            MR. STIO:  Remine does not have a preemption,
25   so you could remove it off the list.
```

35
Decision
```
 1            THE COURT:  Are you sure about --
 2            MR. STIO:  I -- I don't mind putting them
 3   together, but they don't have a preemption argument.
 4            MR. CHRISTIE:  And, Your Honor, just as to
 5   that we did not file an intervention motion in Ermine.
 6            THE COURT:  Ermine, okay, but Carco does.
 7            MR. STIO:  Yes, Your Honor.
 8            THE COURT:  Okay.  Yeah, there's no
 9   intervention motion, okay, but there's arguments about
10   preemption, right?
11            MR. STIO:  Correct.
12            THE COURT:  Okay.
13            MR. STIO:  Not -- not for -- not for Remind.
14            THE COURT:  Remine.  Remine doesn't have any
15   of those arguments.
16            MR. STIO:  No, just Carco.
17            THE COURT:  Okay, fine.  So, thank you for
18   that.  So Carco, Blackbaud and Telnyx, those --
19   Blackbaud and Telnyx -- Telnyx is not an issue.
20   Blackbaud I'm going to hold off on the arguments, and
21   I'll give a date for continued argument on that, okay.
22   So the motion is adjourned, I guess, on that one.
23            Carco we'll deal with the motion to
24   intervene, uh, and, um, you know, I'll -- I'll have to
25   figure out exactly, because I'd like to enter an order,
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196 FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

36
Decision
```
 1    um, as to -- I'll figure out what the procedural thing
 2    to do is as far as like addressing these -- these
 3    arguments.  I may -- I may do some type of partial, or
 4    I may just simply, you know, hold off until the, uh, uh
 5    -- the intervention motion is decided.
 6              But what I'm trying to say is I won't have a
 7    final order for Blackbaud and possibly Carco.  The rest
 8    I -- I will be issuing final orders, um, with
 9    everything that I've just put on the record.  The
10    language should all be in there.  If one of you gets an
11    order that you feel is not sufficient please let me
12    know, but I think I, believe it or not, have a good
13    handle on what needs to go on each order.
14              Is there anybody here, um, that -- whose case
15    I did not address in argument for?  No hands?  Going
16    once, going twice.  Okay.  So all arguments have been
17    addressed.  All right.  With that I would like to thank
18    you all, No. 1, for your advocacy.  There's an
19    incredible amount of -- of excellent lawyering here,
20    both written and in front of me here orally.
21              I do apologize for bringing you here on a
22    Friday, okay, but there's -- as I said, I had reasons
23    for doing it.  I think it would have been a lot more
24    difficult doing this on Zoom, or any other method.  And
25    there's a silver lining here.  It's five minutes to 5,
```

37
Decision
```
 1    so, you know, in five minutes it's -- it's Miller time,
 2    and -- and the weekend starts.  It could have been
 3    worse.  It could be five to 8 right now, you know?  So,
 4    anyway, thank you, again, I appreciate seeing all of
 5    you, and thank you, again, for your advocacy, and I
 6    wish you a very nice weekend, okay?  All right, thanks
 7    very much, everybody.
 8              MR. CHRISTIE:  Thanks, Your Honor.
 9              MR. SHAW:  Thank you, Your Honor.
10                    (Proceedings concluded)
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927

**ATLAS DATA PRIVACY CORP., et al. v. CARCO GROUP INC., et al.**
**August 15, 2025 - ALL DECISIONS**

```
                    CERTIFICATION


I, Catherine J. Weigel, the assigned transcriber, do
hereby certify that the foregoing transcript of
proceedings in the Morris County Superior Court, on
August 15, 2025, digitally recorded, from Time Index
4:12:00 - 4:56:42, is prepared in full compliance with
the current transcript format for judicial proceedings
and is a true and accurate compressed transcript of the
proceedings as recorded to the best of my knowledge and
ability.
/s/ Catherine Weigel

_____
Catherine Weigel        AOC#490
Elite Transcripts, Inc.
Butler, NJ  07405                     August 25, 2025
```

**Elite Transcripts, Inc.**
14 Boonton Avenue, Butler, New Jersey  07405
(973) 283-0196  FAX (973) 492-2927