**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN, <br><br> *Plaintiffs,* <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,* <br><br> *Defendants.* | Case No.: 1:25-cv-07650-HB <br><br> Civil Action <br><br> **REPLY DECLARATION OF KORY ANN FERRO, ESQ. IN SUPPORT OF MOTIONS TO DISMISS** |

I, **KORY ANN FERRO**, being of full age and upon my oath, declare as follows:

1.    I am an attorney at law of the State of New Jersey, a member of the

bar of the United States District Court for the District of New Jersey, and senior

counsel at the law firm of Greenspoon Marder LLP, attorneys for Defendant True

Software Scandinavia AB ("True Software") in the within matter.

2.      I am one of the attorneys charged with the care, responsibility, and management of the within matter, and am fully familiar with the facts contained herein.  I make this Declaration in reply to Plaintiffs' opposition and in further support of True Software's Motions to Dismiss.

3.      True and accurate copies of excerpts (Tr. 40-41, 49-52) of the transcript of the August 11, 2025 Motion Hearing conducted by this Court in various Atlas Data Privacy Corporation matters are attached hereto as **Exhibit "A."**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 19th day of December, 2025.

*/s/Kory Ann Ferro*  
Kory Ann Ferro, Esq.

2

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

—————————————————————————

**ATLAS DATA PRIVACY CORPORATION,**               CIVIL ACTION NUMBER:
**et al.,**
            *Plaintiffs*,                          **1:24-cv-04037-HB**
**vs.**

**WE INFORM, LLC,**                                Motion Hearing
        *Defendants.*

—————————————————————————

**ATLAS DATA PRIVACY CORPORATION,**               CIVIL ACTION NUMBER:
**et al.,**
            *Plaintiffs,*                          **1:24-cv-04041-HB**
**vs.**

**INFOMATICS, LLC, et al.,**
        *Defendants.*

—————————————————————————

**ATLAS DATA PRIVACY CORPORATION,**               CIVIL ACTION NUMBER:
**et al.,**
            *Plaintiffs*,                          **1:24-cv-04045-HB**
**vs.**

**THE PEOPLE SEARCHERS, LLC, et al.,**
        *Defendants.*

—————————————————————————

**(Additional captions continued onto next page.)**

Mitchell H. Cohen Building & U.S. Courthouse
4th and Cooper Streets
Camden, New Jersey 08101
Monday, August 11, 2025
Commencing at 9:58 a.m.

**B E F O R E:**          **THE HONORABLE HARVEY BARTLE, III,**
                         **UNITED STATES DISTRICT JUDGE (EDPA)**

John J. Kurz, Federal Official Court Reporter
John_Kurz@njd.uscourts.gov
(856)576-7094

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

*United States District Court*
*District of New Jersey*

have the information and are not making it available.  And that's a different thing.  You can obtain information, but the question is whether you publish it.

MR. STIO:  Well, we publish it for a permissible purpose.

THE COURT:  I understand.  So I think in terms of accuracy, aren't you still able to use the information, you can go out and make sure you have the right John Smith.  There are thousands of them in New Jersey, I assume, make sure you have the right John Smith.  But in terms of giving the credit report, the question is, do you have to include the home address?  You can give the purchaser of it, this is the John Smith that you're interested in.

In other words, I assume that when someone comes to you for a credit report on John Smith, that person has to give you certain information, because you would say what John Smith are you talking about.

MR. STIO:  Right.

THE COURT:  And so it's the third party that's supplying you with information, correct?

MR. STIO:  Correct.

THE COURT:  Now, that's not against the Daniel's Law.

MR. STIO:  It is if they sent the Daniel's Law request --

THE COURT:  No, no, no.  If you get the information,

I don't think Daniel's Law says you can't acquire information. It just says you can't disclose it.

MR. STIO:  Well, that's not what Atlas argues.

THE COURT:  Okay.  Well, would you agree --

MR. STIO:  Atlas says --

THE COURT:  Would you agree with me that there's a distinction between acquiring information and disclosing it?

MR. STIO:  I agree with you a hundred percent.

THE COURT:  I mean, lawyers acquire information all the time about their clients.  It doesn't mean you -- you know, you have an ethical obligation not to disclose under certain circumstances, correct?  I mean, there's attorney-client privilege.

MR. STIO:  I agree with Your Honor.

THE COURT:  So acquiring and disclosing are two different things.

MR. STIO:  Atlas argues you have to wipe it clean from the database.

THE COURT:  All right.

MR. STIO:  That's their position.  So it's -- Judge, if I got a report for --

THE COURT:  All right.  So you're saying that you're permitted under Daniel's Law to retain all the information so long as you don't disclose it.  Upon request -- in other words, you're free to, under Daniel's Law, anybody who has information

THE COURT:  Okay.  Now, how about there are -- we took the hypothetical John Smiths in New Jersey.  I mean, I'm sure there are hundreds if not thousands.  How is it going to be identified that it's the right John Smith?

MR. SHAW:  Again, they could use the information internally to make those determinations that they have the right one.

THE COURT:  No, I understand.  But then you are selling the credit report to a third party, to an insurance company or a mortgage company or whatever.

MR. SHAW:  Correct.

THE COURT:  So don't you have to -- you have to identify who it is.  You're sending a credit report to some -- the agency, the mortgage company gets it.  Well, who's it for? You have to have the name.  You would agree with that?

MR. SHAW:  I'd agree you have the name, and then there's other types of identifiers that they use, like Social Security numbers.

THE COURT:  All right.  So what you're saying is that there would be no -- the report would be provided, John Smith, and it would be assumed by the mortgage company that it was the John Smith about whom they inquired, because the mortgage company presumably has the John Smith address, because John Smith has come to the mortgage company for a mortgage, and you're going to have to give the mortgage company your address,

I'm sure.  You can't just say I'm John Smith, but I'm not going to tell you where I live or what my phone number is.  That person is not going to get a mortgage.

MR. SHAW:  Correct.  So --

THE COURT:  So you have to do that.  And so the mortgage company sends to the credit reporting agency John Smith such and such, a street in Newark or Cape May or whatever, and then the credit reporting agency prepares the report.

MR. SHAW:  Correct.  So two things, Your Honor.  One is, those reports can be issued without the specific address or phone number.  There is other ways to identify a person such as Social Security number or other things that are not covered by Daniel's Law that would still allow that.  That's one.

THE COURT:  So presumably, the mortgage company then would have John Smith's Social Security number, and the credit reporting agency would have to say give us his Social Security number to help ensure that we have the right John Smith for the credit report; is that right?

MR. SHAW:  Yes.  Although if someone's applying for a mortgage, then that person is asking for that information to be disclosed about them.  So if they've previously made a Daniel's Law takedown request and then subsequently are specifically asking a creditor to give -- to apply --

THE COURT:  Right.  So that person --

*51*

MR. SHAW: -- to apply for credit, that person is essentially allowing that information to be --

THE COURT: Okay. So that person is not making a request that the name and address, the address and home phone number not be disclosed?

MR. SHAW: Correct. Although also, the report that comes out from the defendants doesn't have to have that part on it. Certainly if you apply for a mortgage, you could give all of that identifying information to the lender.

THE COURT: Okay. So let's assume a covered person has written in to say don't disclose it and then that person wants to buy a house, goes to the mortgage company, obviously provides the mortgage company with her name, where she lives, and I'm sure the home phone number so the mortgage company can give a call, talk to the person.

MR. SHAW: Right.

THE COURT: Now -- so then the mortgage company goes to Innovis for information, so is that nondisclosure form still in effect? Is there --

MR. SHAW: I think --

THE COURT: I don't know.

MR. SHAW: I think it is still in effect.

THE COURT: Unless you have to -- unless you rescind it in writing, I guess.

MR. SHAW: What the credit -- what Innovis is going

to do is issue a credit report back, and that credit report doesn't have to have the name.  Doesn't have to have the addresses.

THE COURT:  So it would be assumed then because the mortgage company has already supplied the address to the credit reporting agency that the reporting agency would then say this is the report on John Smith that you requested on such and such a date?

MR. SHAW:  Correct.

THE COURT:  And with a Social Security X, and not set forth in the report the home address or the phone number, which presumably the mortgage company already has.

MR. SHAW:  Correct.  And the person has asked -- specifically asked for it.  And that's different than just general reporting out there.

Now, again, I kind of took it in reverse.

THE COURT:  Of course, that would be different, though, in the case of a situation where you're sending a person, what is it, a firm offer of credit and so forth?  Because there, the person is not taking the initiative, I assume, to receive that mailer about the insurance.

MR. SHAW:  Correct.

THE COURT:  Correct.

MR. SHAW:  But I don't think -- but that's right.  And in that circumstance, we think Daniel's Law would prevent

*92*

THE COURT:  No, we're not going to have oral argument on the discovery issue, no.  So I'll be deciding that.

MR. SZYBA:  Okay.

THE COURT:  And then depending how that comes out, that may be on the agenda too for our September meeting.

MR. SZYBA:  Got it.

THE COURT:  And then where we go on the merits of some of these cases.

MR. SZYBA:  Great.  Thank you, Your Honor.

THE COURT:  All right.  Thank you very much.

MR. PARIKH:  Thank you.

THE COURTROOM DEPUTY:  All rise.

(Proceedings concluded at 12:04 p.m.)

- - - - - - - - - - - - - - - - - - - - - - - -
**FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE**
- - - - - - - - - - - - - - - - - - - - - - - -

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/S/John J. Kurz, RDR-RMR-CRR-CRC                August 14, 2025

Court Reporter/Transcriber

*United States District Court*
*District of New Jersey*