**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN,<br><br>*Plaintiffs,*<br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.: 1:25-cv-07650-HB<br><br>Civil Action<br><br>**REPLY MEMORANDUM IN RESPONSE TO PLAINTIFFS' OPPOSITION AND IN FURTHER SUPPORT OF MOTIONS TO DISMISS**<br><br>**Oral Argument Requested**<br><br>**Return Date: TBD** |

Defendant True Software Scandinavia AB ("True Software"), through its undersigned attorneys, submits the following reply memorandum[1] in response to

---

[1] True Software has omitted tables and other briefing sections consistent with the Court's directive for concise supplemental arguments. Should the Court request a more formal submission, True Software is happy to provide same.

Plaintiffs' opposition and in further support of its Motion to Dismiss pursuant to Fed R. Civ. P. 12(b)(6).

The question here is simple – does True Software's reverse phone lookup tool[2] constitute impermissible disclosure under Daniel's Law?[3] Such tool merely *connects* (as Plaintiffs term it[4]) a phone number already in a subscriber's possession, and which he or she inputs into the Truecaller application, with the person associated with same, if available. *See* Declaration of Ola Espelund (Doc. No. 16-2) ("Espelund Decl.") at ¶ 9.

## I.    The Court Can and Should Consider True Software's Website

Contrary to Plaintiffs' assertion, True Software's argument does not "rest almost exclusively extraneous factual assertions" requiring conversion to a motion for summary judgment. *See* Opp. at p. 15. Instead, it is soundly and appropriately grounded on the reality of True Software's products and services as evidenced by

---

[2] Plaintiffs claim that a "bulk enrichment" service is also at issue; however, such tool is not offered by True Software and is only available to businesses in India. *See* Reply Declaration of Ola Espelund at ¶ 5. Moreover, even if relevant, which it is not, on its face bulk enrichment is simply the reverse phone lookup tool where a business user can search more than one phone number at a time. All such phone numbers would already in the user's possession and input by such user. *See* Certification of Thomas R. Kraft, Esq. (Doc. No. 25-1) ("Kraft Cert.") at Ex. C.

[3] For purposes of this Motion, dismissal is required because True Software does not engage in "disclosure or redisclosure." True Software reserves all rights, defenses, and arguments to contest all other elements of Daniel's Law.

[4] Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (Doc. No. 25) ("Opp.") at pp. 4, 5, 19.

truecaller.com.[5]  As truecaller.com is both a public website and integral to or explicitly relied on in the Complaint it can and should be considered by the Court here.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing the exception that "a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment"[6] (internal quotation marks and citations omitted) (emphasis and alteration in original)); *Wilson v. Bernstock*, 195 F. Supp. 2d 619, 623 (D.N.J. 2002); *Witasick v. Minnesota Mut. Life Ins. Co.*, 803 F.3d 184, 192 (3d Cir. 2015) ("matters of public record" may be considered); *In re Royal Dutch/Shell Transp. Sec. Litig.,* 380 F. Supp. 2d 509, 571 (D.N.J. 2005) (considering statements made on publicly available accounting firms' websites on motion to dismiss); *Najjar v. Salameh*, No. 1:24-CV-05043, 2025 WL 1639891, at *4 (D.N.J. June 10, 2025) (the defendant accounting firm's public website is a matter of public record properly considered in a motion to dismiss); *Mincy v. Wetzel*, No. 1:20-CV-717, 2022 WL 1188860, at *3 (M.D. Pa. Apr. 21, 2022) (holding a public website was properly relied upon in deciding a motion to dismiss).

---

[5] The statements in paragraphs 4-15 of the Espelund Decl., which were submitted in support of True Software's *Fed. R. Civ. P.* 12(b)(6) motion, are ascertainable from True Software's publicly available website (and links were specifically cited).

[6] Plaintiffs cite to this case for the proposition that matters extraneous to the pleadings may not be considered (see Opp. at pp. 12-13) while omitting the next sentence that sets forth the exception, which is applicable here.

"The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Burlington Coat Factory*, 114 F.3d at 1426 (internal quotation marks and citations omitted) (alterations in original). Such rule seeks to prevent a plaintiff from relying on cherry picked portions of materials that, if examined fully, would reveal that no cause of action exists. *Id.*

Truecaller.com is public and therefore can be considered. Additionally, it is both cited in and integral to the Complaint. *See* Compl. at ¶ 36 (citing to truecaller.com as the source of True Software's purported "disclosure of data and information"). When truecaller.com is reviewed in full, it is abundantly clear that none of True Software's products and services could possibly violate Daniel's Law.

## II. The Complaint Must be Dismissed as True Software Does Not Disclose or Redisclose Unpublished Telephone Numbers or Home Addresses

Daniel's Law prevents, following a qualifying request, of a "disclos[ure] or redisclose[ure] on the Internet or otherwise ma[king] available, the home address or unpublished telephone number of any covered person[.]" *N.J.S.A.* 56:8-166.1(a). Plaintiffs entire claim in this regard is premised upon a single paragraph stating: "Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of [Plaintiffs] within the time period required by Daniel's Law." Compl. at ¶ 50. Such allegation is a

4

"conclusory recitation[] of law," *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 420 (D.N.J. 1994) (internal quotation marks and citation omitted), and merely "paraphrase[s] . . . the pertinent statutory language or elements of the claims in question" and is therefore not entitled to any presumption of truth. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (declining to consider, amongst others, threadbare allegations of disparate treatment, violation of Title VII, that she was an employee, and defendant an employer). Plaintiffs fail to identify *how* True Software engaged in "disclosure or re-disclosure" because, as is evident from truecaller.com, True Software does not disclose or redisclose home address or unpublished phone numbers of covered persons.

As recognized by Plaintiffs, True Software does not engage in impermissible disclosures – instead, True Software merely "connects"[7] a name to a phone number input by the subscriber. *See* Opp. at p. 4 ("Defendants' tool *connects* an unpublished phone number with a Covered Person."), p. 5 ("Defendants' 'bulk enrichment' services connect an unpublished home telephone number with a

---

[7] To the extent Plaintiffs argue that the reverse phone lookup returns the phone number with the name – such activity cannot arise to the level of required disclosure since True Software would merely be returning the phone number input by the subscriber which he or she already had. The Court commented on the absurdity of such argument in the context of a credit reporting agency putting an address on a credit report when that very address was supplied by the covered person to the mortgage company. See Reply Declaration of Kory Ann Ferro ("Ferro Decl.") at Ex. A, Tr. 49:19-52:9. Giving them back what they provided cannot, under any stretch of the imagination, amount to disclosure.

5

Covered Person."), p. 19 ("Plaintiffs submit that a violation of Daniel's Law occurs when a defendant *connects* a Covered Person with their unpublished home telephone number."). Indeed, Plaintiffs admit that True Software's reverse phone lookup tool "allows a customer to enter an unpublished home telephone number and receive, in response, the name of the Covered Person[.]" *Id.* at p. 4. As such, the True Caller application allows a subscriber to enter a phone number already in his or her possession to link that number to a name, if available. It is the subscriber, not the application, that provides the phone number. This Court has specifically commented that obtaining an unpublished telephone number or home address from a third party is not a violation of Daniel's Law stating: "And so it's the third party that's supplying you with information, correct? . . . Now, that's not against the Daniel's Law. . . . If you get the information, I don't think Daniel's Law says you can't acquire information. It just says you can't disclose it." Ferro Decl. at Ex. A, Tr. 40:19-41:2.

Plaintiffs posture: "Whether that connection starts with a user's input of a full or partial telephone number followed by the return of a Covered Person's name *connected* to that phone number – or vice versa – is immaterial under the statute." Opp. at p. 19. However, what information is disclosed is not only material to Daniel's Law, it is the entire premise of the law. Daniel's Law does not prevent the disclosure of a covered person's **name**, it only precludes disclosure of a covered

person's home address or unpublished telephone number. *See N.J.S.A.* 56:8-166.1(a).[8]  As such, Plaintiffs' "vice versa" would fundamentally alter Daniel's Law to include disclosure of a name – such expansion cannot be countenanced under the guise of "liberal interpretation." Plaintiffs' own investigator, Mr. Nelson, confirmed that he input covered persons' phone numbers that he already had in his possession, and, if same were already registered, received back a name.  See Certification of Full Nelson Investigations in Support of Plaintiffs' Opposition to Defendants' [sic] Motion to Dismiss (Doc. No. 25-2) at ¶¶ 7-8 (the app or website "would return the name of the phone's subscriber").  Thus, by Plaintiffs' own evidence, at best, a name was disclosed not an unpublished phone number. Simply put, none of True Software's tools[9] fall into the parameters of Daniel's Law.

---

[8] Plaintiffs' reference to *Kratovil v. City of New Brunswick*, No. A-0216-23, 2024 WL 1826867 (App. Div. Apr. 26, 2024) is both incorrect and inapplicable.  The *Kratovil* Court did not find Daniel's Law to be constitutional. Rather, *Kratovil* was brought by a reporter affirmatively seeking a declaratory exclusion from Daniel's Law before publishing the address of a covered person.  The Supreme Court only found that Daniel's Law applied to the reporter in that case – confirming the denial of an affirmative exclusion from Daniel's Law. Further, *Kratovil* did not address whether Daniel's Law could be extended to prevent the disclosure of a covered person's **name when the user enters an already known phone number –** thus, it is wholly inapplicable to the issue in this case.

[9] Plaintiffs' Opp. only addresses True Software's reverse lookup tool and a bulk enrichment tool that is not even offered by True Software.  As such, none of the other tools offered are at issue.  However, as set forth in the moving papers, none implicate or could violate Daniel's Law.

## III. True Software is Not the Correct Party

Plaintiffs have raised an alternative basis upon which to dismiss their own Complaint – True Software is simply the wrong entity.[10]

The documents supplied by Plaintiffs make clear that True Software operates in Europe only and a different entity is responsible for the US. For example, the Privacy Policy (which is publicly available on truecaller.com) applies to United States users and specifically states that it "addresses specific disclosure requirements . . . by Truecaller International LLP" and not True Software. *See* Kraft Cert. at Ex. G. It also provides that residents of the "EU, EEA, UK and Switzerland" need to click a separate link (https://www.truecaller.com/privacy-policy-eu), which opens a Truecaller Privacy Policy specifically applicable to residents of Europe and "describes how True Software Scandinavia AB . . . processes your personal data." Similarly, the Terms & Conditions state: "If you reside outside the European Union (EU), European Economic Area and Switzerland ("Europe"), You are entering into these Terms of Service with Truecaller International LLP[.]" *See* Kraft Cert. at Ex. H. It also directs European residents to a separate link (https://www.truecaller.com/terms-of-service-eu), which opens a Truecaller Terms

---

[10] The information cited by Plaintiffs was submitted by True Software in support of its *Fed. R. Civ. P.* 12(b)(2) personal jurisdiction motion, but Plaintiffs' Opp. makes clear dismissal is independently warranted on these grounds. True Software reserves all rights, defenses, and arguments with respect to its personal jurisdiction motion, which is currently in discovery, and on which briefing is currently stayed.

of Service that "govern your use of the Services provided by True Software Scandinavia AB" and applies only to residents of Europe. Furthermore, the Publication Certificate specifically states: "The following falls outside of the scope of the publishing certificate: Any provision of the service by Truecaller International LLP, i.e. the parts of the service offered to users outside the EU." *See* Kraft Cert. at Ex. J. Moreover, the Daniel's Law Information page reflects that requests should be sent to Truecaller International LLP and provides the email address and mailing address of such entity, which is located in India. *Id.* at Ex K.

Thus, based on the publicly available documents that were supplied to the Court by Plaintiffs,[11] True Software operates only in Europe and owns the intellectual property for the True Caller application, which is then licensed out for use internationally. *See also* Espelund Decl. at ¶¶ 16-26. Services outside of the EU are specifically excluded from True Software's publishing certificate. True Caller International LLP services the US, has the publishing rights in the US, enters into Terms and Conditions with US subscribers, and processes US subscribers' data in accordance with their own separate Privacy Policy. That True Software owns their trademark does not extend their operations to the US, it simply ensures that their intellectual property is protected. True Software is the wrong defendant, which

---

[11] Plaintiffs call into question the veracity of Mr. Espelund's Declaration; however, Plaintiffs then supply documents that support exactly what Mr. Espelund has averred – True Software's operations are limited to Europe.

9

Plaintiffs knew or should have known when filing had they done a modicum of due diligence.

## IV.  Conclusion

For the reasons set forth herein as well as detailed in the moving papers, Plaintiffs' Complaint against True Software must be dismissed with prejudice.

DATED:  December 19, 2025            Respectfully submitted,

*/s/ Kory Ann Ferro*
**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8746
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*