**PEM LAW LLP**
Rajiv D. Parikh, Esq. (032462005)
Jessica A. Merejo, Esq. (288592020)
Victor Andreou, Esq. (295502021)
One Boland Drive, Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
Email: rparikh@pemlawfirm.com
        jmerejo@pemlawfirm.com
        vandreou@pemlawfirm.com

**MORGAN & MORGAN COMPLEX
LITIGATION GROUP**
Ryan J. McGee, Esq. (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Email: rmcgee@forthepeople.com

*Attorneys for Plaintiffs*



FILED

DEC 2 2 2026

JONATHAN W. ROMANKOW, J.S.C.
CHAMBERS

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals,* and ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>　　　　　Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET NO.: MRS-L-000260-24<br><br>　　　<u>CIVIL ACTION</u><br><br><br>　　~~[PROPOSED]~~ <u>ORDER</u> |

**THIS MATTER,** having been brought before the Court by Plaintiffs Atlas Data Privacy

Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, a law enforcement

officer, Jane Doe-2, a law enforcement officer, and Peter Andreyev (collectively, "Plaintiffs"), for

the entry of an order reconsidering the Court's Amended Order, filed August 19, 2025, which

1

granted Defendant Telnyx, LLC's ("Defendant") motion to dismiss, without prejudice, for the reasons stated on the record during oral argument on August 15, 2025, and, upon such reconsideration, denying Defendant's motion to dismiss in its entirety; and the Court having reviewed and considered the papers, and the opposition thereto, if any; and for good cause shown;

IT IS on this 22ⁿᵈ day of ____December____, 2025, hereby:

**ORDERED** that Plaintiffs' motion for reconsideration is hereby **GRANTED**; and its is further

**ORDERED** that the Court's Amended Order, filed August 19, 2025, is reconsidered and Defendant's motion to dismiss pursuant to R. 4:6-2(e) is denied in its entirety; and it is further

**ORDERED** that a copy of this Order shall be deemed served on all parties upon its entry into eCourts.

_____
HON. JONATHAN W. ROMANKOW, J.S.C.

[X] Opposed

[ ] Unopposed

See attached Statement of Reasons.

2

## Statement of Reasons

Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, and Peter Andreyev

v.

Telnyx, LLC

MRS-L-260-24

---

### Background

This matter comes before the court by way of a motion for reconsideration filed by Plaintiff Atlas Data Privacy Corporation ("Plaintiff") on 9/4/2025. ("Plaintiff"). On 9/18/2025 Defendant Telnyx LLC filed opposition.

This matter arises out of allegations that Defendant violated Daniel's Law. On 5/9/2025 Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim. On 6/13/2025 Plaintiff filed opposition, and on 6/27/2025 Defendant filed a reply. After hearing oral argument on 8/15/2025 the court granted Defendant's motion to dismiss without prejudice.

### Arguments

Plaintiff argues that their motion for reconsideration should be granted because (1) good cause and the goal of substantial justice dictate that reconsideration is necessary because the court relied on facts that were outside its purview and inaccurate under applicable law; (2) precedent dictates that Defendant's motion should have been denied; and (3) the Daniel's Law exclusion for telephone directories and directory assistance should not apply to Defendant.

Defendant argues that the motion for reconsideration should be denied because (1) it is inappropriate for Plaintiffs to seek reconsideration of the court's decision; (2) the court properly determined that Plaintiffs failed to sufficiently allege that Defendant disclosed, re-disclosed or otherwise made available any individual's home address or unpublished home telephone number; and (3) the court properly determined that the express exception for services relating to telephone directories or directory assistance is not limited by the exclusion for directories with publication deadlines.

1

**Standard of Review**

A motion for reconsideration may be decided based on one of two standards depending on whether the order being reconsidered is final or interlocutory. See Lawson v. Dewar, 468 N.J. Super. 128, 133-134 (App. Div. 2021). If the order is final, then Rule 4:42-9 applies and the standard described in Cummings v. Bahr, 295 N.J. Super. 374 (App. Div. 1996) is applicable. Pursuant to Cummings, such relief is reserved for those limited circumstances in which the court's decision rests on a palpably incorrect or irrational basis, or the court failed to appreciate the significance of probative, competent evidence. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (citing D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). A motion for reconsideration is not an opportunity for a second bite at the apple. It is not a mechanism for unhappy litigants to attempt once more to air their positions and re-litigate issues already decided. See Michel v. Michel, 210 N.J. Super. 21 (Ch. Div. 1985) (per Judge Krafte).

For that reason, among others, Rule 4:49-2 requires that a party seeking reconsideration "state with specificity the basis on which [the motion] is made, including a statement of the matters or controlling decisions which the movant believes the Court has overlooked or as to which it erred. See also Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257, 263 (App. Div. 1987). Moreover, a party cannot rely on facts that were not raised in the initial motion to justify reconsideration when those facts were either known or could have been known at the time of the initial hearing. Del Vecchio v. Hemberger, 388 N.J. Super. 179 (App. Div. 2006).

In Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), the Appellate Division held that Rule 4:49-2 applies (1) when the court's decision is based upon incorrect reasoning; (2) if the court failed to consider evidence; or (3) if there is good reason for the court to reconsider new information. In short, reconsideration is appropriate only when "the court has expressed its decision upon a palpably incorrect or irrational basis or it is obvious that the court either did not consider, or failed to appreciate the significance of, probative competent evidence." Fusco v. Board of Educ. of the City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). In D'Atria, 242 N.J. Super. at 401, the court stated, "[r]econsideration is a matter within the sound discretion of the court, to be exercised in the interest of justice."

Rule 4:49-2 applies only to motions to alter or amend final judgments and final orders whereas Rule 4:42-2 applies to all interlocutory orders. Rule 4:42-2 provides that motions to

2

reconsider interlocutory orders "shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice." See Lawson, 468 N.J. Super. at 134. Furthermore, a motion for the reconsideration of an interlocutory order "does not require a showing that the challenged order was 'palpably incorrect,' 'irrational,' or based on misapprehension or overlooking of significant material presented on the earlier application." Id. Rather, "[u]ntil entry of final judgment, 'only sound discretion' and the 'interest of justice' guides the trial court." Id. Additionally, the Court has found that "a trial court 'has complete power over its interlocutory orders and may revise them when it would be consonant with the interest of justice to do so.'" Id. (quoting Lombardi v. Masso, 257 N.J. 517, 536 (2011)). Moreover, interlocutory rulings are "not considered 'law of the case' and are 'always subject to reconsideration up until final judgment is entered.'" Id. (citing Lombardi, 207 N.J. at 539).

### Analysis

Because the court's order granting Defendant's motion to dismiss was a final order, the motion for reconsideration will be considered pursuant to Rule 4:49-2.

The court recognizes that in order to state a claim under Daniel's Law, a plaintiff must plead facts showing that at some time more than "10 business days following the receipt" of a notification to stop, the defendant nevertheless "disclose[d] or re-disclose[d] on the Internet or otherwise ma[d]e available, the home address or unpublished home telephone number of any covered person." N.J.S.A. 56:8-166.1(a)(1). Accordingly, a defendant violates Daniel's Law if it discloses a "home address or unpublished home telephone number." Id.

The court also recognizes that the applicable standard for a motion to dismiss requires the court to "assume the facts as asserted by Plaintiff are true and give her the benefit of all inferences that may be drawn in her favor." Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988); Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 746, 772 (1989).

Keeping this standard in mind, this court acknowledges that its decision to grant Defendant's motion to dismiss was based upon incorrect reasoning. Cummings, 295 N.J. Super. 374 at 384. Specifically, when rendering its decision the court stated, "… it is evident that both Telnyx's opening and reply briefs repeatedly establish (with factual declarations) that its Number Lookup tool does not return home addresses or unpublished home telephone numbers. It only returns Caller ID information (name and carrier) for a phone number, and even the Plaintiffs do

3

not point to evidence or allegations that Telnyx provides home addresses in this or any other product." The court mistakenly relied on Defendant's proffered evidence and ignored the factual allegations in the complaint. In fact, this court called Plaintiff's allegations "speculative." The court erred because it did not keep the Printing Mart standard in mind when rendering its decision since it did not take the factual allegations in the complaint as true. Daniel's Law merely requires Plaintiff to "plead facts showing that at some time more than "10 business days following the receipt" of a notification to stop, the defendant nevertheless "disclose[d] or re-disclose[d] on the Internet or otherwise ma[d]e available, the home address or unpublished home telephone number of any covered person." N.J.S.A. 56:8-166.1(a)(1)). Plaintiff's complaint indeed pleads these facts. See Plaintiff's complaint, ¶¶ 38-39; 44-47; 51-54. The court was required to take Plaintiff's facts as true but instead called them speculative and relied on Defendant's factual assertions in granting the motion to dismiss. By going beyond the pleadings and not treating the factual allegations in the complaint as true, the court erred in granting Defendant's motion to dismiss. Therefore, the court's reasoning was incorrect, and therefore its decision must therefore be reversed. Cummings, 295 N.J. Super. 374 at 384.

   As such, Plaintiff's motion for reconsideration is GRANTED.

4