**GreenspoonMarder**LLP

Kelly Purcaro, Partner
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8734
Email: kelly.purcaro@gmlaw.com

January 6, 2026

**BY ECF**
Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

>  Re:   *Atlas Data Privacy Corp., et al. v. True Software Scandinavia AB, et al.*
> **(Case No. 1:25-cv-07650-HB)**
> **Response to Plaintiffs' Notice of Supplemental Authority**

Dear Judge Bartle:

This firm represents Defendant True Software Scandinavia AB ("True Software") in the above-referenced matter. We write in response to Plaintiffs' notice supplemental authority submitted on December 29, 2025 (Doc. No. 31).

As evidenced by the Statement of Reasons provided by Plaintiffs, the State Court reversed its dismissal in *Atlas Privacy Corporation, et al. v. Telnyx LLC, et al.*, Docket No. MRS-L-260-24, as the State Court determined it had failed to treat Plaintiffs' factual allegations as true as required at that procedural stage in that case. Such reasoning does not alter the need to dismiss this matter.

Although a Federal Court must assume properly pled facts are true for purposes of a motion to dismiss, "'the court does not consider conclusory recitations of law.'" *Bishop v. Okidata, Inc.*, 864 F. Supp. 416, 420 (D.N.J. 1994) (quoting *Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir.1988)). Where a plaintiff merely "paraphrase[s] . . . the pertinent statutory language or elements of the claims in question" or "states a legal conclusion," such allegations are excluded and discounted without any presumption of truth. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). "[C]onclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). "[A] pleading offering only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Honorable Harvey Bartle III, U.S.D.J.
January 6, 2026
Page No. 2

True Software has moved to dismiss on the basis that it does not "disclose or redisclose on the Internet or otherwise make available, the home address or unpublished telephone number of any covered person," which is a required element for Plaintiffs claim. *N.J.S.A.* 56:8-166.1(a). Plaintiffs failed to plead that True Software "discloses" because they cannot. Rather, Plaintiffs merely parroted the element of the claim stating: "Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of [Plaintiffs] within the time period required by Daniel's Law." Compl. at ¶ 50. Under applicable Federal law, such allegation by Plaintiffs must be disregarded as a conclusory recital of an element of Daniel's Law without any factual support whatsoever.

Furthermore, unlike in *Telynx*, a higher pleading standard is required under *Fed. R. Civ. P.* 12(b)(6), *i.e.*, plausibility, versus the New Jersey Rule 4:6-2 standard, *i.e.*, possibility. A review of True Software's website, specifically referenced in Plaintiffs' Complaint,[1] makes clear that it is not plausible that True Software makes the requisite "disclosures" under Daniel's Law. As such, the decision on the motion to reconsider by the State Court in *Telynx* does not impact this Court on True Software's pending motion.

Thank you for Your Honor's consideration.

Respectfully submitted,

*s/ Kelly M. Purcaro*
KELLY M. PURCARO

cc   All Counsel of Record (*Via ECF*)

---

[1] The Court should review True Software's website as it is a public website integral to or explicitly relied on in Plaintiffs' Complaint. *See* True Software's Reply Memorandum (Doc. No. 30) at pp. 2-4 (citing applicable law).