# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY
CORPORATION, *as assignee of
individuals who are Covered Persons*,
JANE DOE-1, *a law enforcement
officer*,  JANE DOE-2, *a law
enforcement officer*, EDWIN
MALDONADO, SCOTT MALONEY,
JUSTYNA MALONEY  PATRICK
COLLIGAN, and PETER
ANDREYEV,

       **Plaintiffs,**

**v.**

PUBLICNSA, LLC, RICHARD DOES
1-10, *fictitious names of unknown
individuals* and ABC COMPANIES 1-
10, *fictitious names of unknown
entities*,

       **Defendants.**

CASE NO. 1:25-CV-05989-HB

## NOTICE OF MOTION TO SEAL

TO:   ALL COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that on February 17, 2026, or as soon as counsel

may be heard, Defendant PublicNSA, LLC ("PublicNSA"), moves pursuant to Local

Civil Rule 5.3(c), before the Honorable Harvey Bartle, III, at the United States

District Court for the District of New Jersey, to enter an order sealing portions of the

following:

1.　　Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint [ECF No. 34]; and

2.　　Transcript of the Rule 30(b)(6) Deposition of PublicNSA, LLC, occurring on December 19, 2025 [ECF No. 34-3, Exhibit C].

While Plaintiffs disagree with PublicNSA that the requested information should be sealed, they do not object to this Motion because they do not believe that this issue needs to be resolved by the Court at this time. In so doing, Plaintiffs do not waive any rights to later contest the designation of materials as confidential pursuant to the Protective Order later in this litigation, or to at another juncture, oppose the sealing of the materials that PublicNSA now seeks to seal.

**PLEASE TAKE FURTHER NOTICE** that PublicNSA will rely on the accompanying Declaration of Jordan S. O'Donnell, counsel for Defendant, and other exhibits attached herein. A Proposed Order is also attached for the Court's consideration.

Dated: February 17, 2026    Respectfully submitted,


*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4106
jsodonnell@mullen.law

*Attorney for Defendant PublicNSA, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, a copy of this document was served on the following counsel of record by email.

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email: rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

**BIRD MARELLA RHOW LINCENBERG DROOKS NESSIM LLP**
Ekwan E. Rhow, Esq. (admitted *pro hac vice*)
Elliot C. Harvey Schatmeier, Esq. (admitted *pro hac vice*)
Shoshana E, Bannett (admitted *pro hac vice*)
Gregory T. Nolan (admitted *pro hac vice*)
Bill L. Clawges (admitted *pro hac vice*)
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
ehs@birdmarella.com
sbannett@birdmarella.com
gnolan@birdmarella.com
bclawges@birdmarella.com

*Attorneys for Plaintiffs*

/s/ Jordan S. O'Donnell
Jordan S. O'Donnell

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY
CORPORATION, *as assignee of
individuals who are Covered Persons*,
JANE DOE-1, *a law enforcement
officer*, JANE DOE-2, *a law
enforcement officer*, EDWIN
MALDONADO, SCOTT MALONEY,
JUSTYNA MALONEY PATRICK
COLLIGAN, and PETER
ANDREYEV,

              **Plaintiffs,**

**v.**

PUBLICNSA, LLC, RICHARD DOES
1-10, *fictitious names of unknown
individuals* and ABC COMPANIES 1-
10, *fictitious names of unknown
entities*,

              **Defendants.**

CASE NO. 1:25-CV-05989-HB

## DECLARATION OF JORDAN S. O'DONNELL IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO SEAL

I, Jordan S. O'Donnell, hereby declare the following:

1. I am an attorney licensed in the State of New Jersey and am a Partner at Mullen Coughlin LLC, representing Defendant PublicNSA, LLC ("PublicNSA"), in the above-captioned matter.

2.      This Declaration is submitted in support of PublicNSA's Motion to Seal certain portions of the Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss [ECF No. 34] (the "Opposition") and the Transcript of the Rule 30(b)(6) Deposition of PublicNSA, LLC, occurring on December 19, 2025 [ECF No. 34-3, Exhibit C] (the "Transcript"), and pursuant to the February 9, 2026 Discovery Confidentiality Order ( the "Protective Order") granted by this Court [ECF No. 40].

3.      Both the Opposition and Transcript contain highly confidential, sensitive, and non-public information relating to PublicNSA's business operations, trade secrets, and other third-party information. This information has been designated as "ATTORNEYS' EYES ONLY," pursuant to the Protective Order.

4.      In accordance with this Court's directive and Local Civil Rule  5.3(c), the Parties submit this Motion and assert that the aforementioned information or materials should be treated as confidential and non-public and sealed to protect the private interests of both PublicNSA and relevant third parties, who have contracted for confidentiality in their dealings with PublicNSA.

5.      Specifically, the Opposition and Transcript contain proprietary information, trade secrets, and other highly sensitive business information, including technical, marketing, and financial information, and third-party information related to its private negotiations and sourcing, usage, processing, distribution, licensing, transfer, and/or disposition of data.

6. If this Motion to seal is not granted, subsequent disclosure of designated information and materials would cause serious injury both to PublicNSA and relevant third parties, including inhibiting PublicNSA's competitive advantage by disclosing trade secrets and sensitive business practices, potential tort liability as a result of violating confidentiality agreements, and impairment of both the value of current contracts and negotiating position in future business opportunities.

7. There is no other least restrictive alternative available. The Parties propose to only seal limited portions of the Opposition and Transcript that discuss confidential and non-public information.

8. Upon the Court's ruling, the Parties will provide the Court with redacted versions of the Opposition and Transcript to be filed on the public docket.

9. Pursuant to Local Civil Rule 5.3(c)(1) and 7.1(d)(4), no brief is necessary because all facts in support of the Motion have been set forth in this Declaration. Plaintiffs have represented to me that they disagree that the material PublicNSA seeks to seal meets the standard required for sealing. However, they do not oppose the relief sought, because they do not believe that the Court needs to resolve the dispute at this time. In their non-opposition, the Parties agree that Plaintiffs have not waived their right to challenge any confidentiality designations (to include one for Attorneys Eyes Only) under the protective order or to challenge

future motions to seal related to the same materials that PublicNSA now seeks sealing.

10.     Pursuant to Local Civil Rule 5.3(c)(3), the Parties have attached an index as Exhibit A that describes the material sought to be sealed in support of its Motion.

I hereby declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated: February 17, 2026          Respectfully submitted,

*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Telephone: (267) 930-4106
jsodonnell@mullen.law

*Attorney for Defendant PublicNSA, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on  February 17, 2026, a copy of this document was served on the following counsel of record by email.


**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email:  rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**BIRD MARELLA RHOW LINCENBERG DROOKS NESSIM LLP**
Ekwan E. Rhow, Esq. (admitted *pro hac vice*)
Elliot C. Harvey Schatmeier, Esq. (admitted *pro hac vice*)
Shoshana E, Bannett (admitted *pro hac vice*)
Gregory T. Nolan(admitted *pro hac vice*)
Bill L. Clawges (admitted *pro hac vice*)
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 201-2100
Email: erhow@birdmarella.com
ehs@birdmarella.com
sbannett@birdmarella.com
gnolan@birdmarella.com
bclawges@birdmarella.com

*Attorneys for Plaintiffs*


*/s/ Jordan S. O'Donnell*
Jordan S. O'Donnell

**INDEX IN SUPPORT OF PUBLICNSA, LLC's MOTION TO SEAL**

| Material | Basis for Sealing | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis for Opposition |
|---|---|---|---|---|---|
| **Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint [ECF No. 34]** | | | | | |
| All material starting at the beginning of page 32 until the sentence that ending on page 34 with "starting in January 2024)"[1] | PublicNSA requests that the identified portions of Plaintiffs' brief be sealed because they disclose highly sensitive information about Defendant's business relationships with various customers that are subject to confidentiality agreements. Declaration ¶ 6. | If publicly filed, the enclosed information would reveal highly confidential information that would put Defendant in violation of confidentiality agreements, inviting tort liability and impairing both the value of current contracts and future business opportunities Declaration ¶ 6. | Because there is no alternative sealing method that would provide the necessary protections to the highly confidential information. Declaration ¶ 7. | No. | No. |
| **Transcript of the Rule 30(b)(6) Deposition of PublicNSA, LLC, occurring on December 19, 2025 [ECF No. 34-3, Exhibit C]** | | | | | |
| The identified pages numbers and lines indicated in Defendant's January 22, | PublicNSA requests that the identified portions of the transcript be sealed because they disclose trade secrets, highly sensitive business | If publicly filed, the enclosed information would reveal highly confidential information that would put Defendant in violation of confidentiality agreements | Because there is no alternative sealing method that would | No. | No. |

---

[1] Refers to original document pagination.

| 2026 Designation of Confidential Material letter to Plaintiffs. | information, including sensitive technical, marketing, and financial information, and third-party information, related to its sourcing, usage, processing, distribution, licensing, transfer, or disposition of data, provided under confidentiality agreements. Declaration ¶ 3, 5- 6. | and inhibit its competitive advantage by disclosing trade secrets and sensitive business practices and operations. Declaration ¶ 6. | provide the necessary protections to the highly confidential information. Declaration ¶ 7. | | |
|---|---|---|---|---|---|

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY
CORPORATION, *as assignee of
individuals who are Covered Persons*,
JANE DOE-1, *a law enforcement
officer*,  JANE DOE-2, *a law
enforcement officer*, EDWIN
MALDONADO, SCOTT MALONEY,
JUSTYNA MALONEY  PATRICK
COLLIGAN, and PETER
ANDREYEV,

      **Plaintiffs,**

v.

PUBLICNSA, LLC, RICHARD DOES
1-10, *fictitious names of unknown
individuals* and ABC COMPANIES 1-
10, *fictitious names of unknown
entities*,

      **Defendants.**

CASE NO. 1:25-CV-05989-HB

## STATEMENT IN LIEU OF BRIEF PURSUANT TO
## LOCAL CIVIL RULE 7.1(d)(4)

Pursuant to Local Civil Rules 5.3(c)(1) and 7.1(d)(4), Plaintiffs Atlas Data

Privacy Corporation and Defendant PublicNSA, LLC, jointly assert that no brief in

support of PublicNSA's Motion to Seal is necessary because all relevant information

required by Local Civil Rule 5.3(c)(3) is set forth in the Declaration of Jordan S.

O'Donnell, along with its attached exhibits.

Dated: February 17, 2026   Respectfully submitted,


         */s/ Jordan S. O'Donnell*
         Jordan S. O'Donnell
         **MULLEN COUGHLIN LLC**
         426 W. Lancaster Avenue, Suite 200
         Devon, PA 19333
         Telephone: (267) 930-4106
         jsodonnell@mullen.law

         *Attorney for Defendant PublicNSA, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY PATRICK COLLIGAN, and PETER ANDREYEV,

        **Plaintiffs,**

**v.**

PUBLICNSA, LLC, RICHARD DOES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        **Defendants.**

CASE NO. 1:25-CV-05989-HB

## PROPOSED ORDER OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Civil Rule 5.3(c), Defendant PublicNSA, LLC ("PublicNSA"), moves this Court to seal certain confidential information and materials ("Motion to Seal"). Having considered PublicNSA's allegations regarding disclosure of confidential, proprietary, and non-public information contained therein, along with Plaintiffs' non-opposition, this Court makes the

following findings of fact and conclusions at law. The Court makes these findings and conclusions solely for purposes of the Defendant's pending Motion to Dismiss, as Plaintiffs' non-opposition is limited to this Motion.

**<u>FINDINGS OF FACT</u>**

1.      Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint [ECF No. 34] (the "Opposition") and the Transcript of the Rule 30(b)(6) Deposition of PublicNSA, LLC occurring on December 19, 2025 [ECF No. 34-3, Exhibit C] (the "Transcript") contain confidential, proprietary, and non-public information regarding the business operations of PublicNSA and relevant third parties.

2.      Specifically, Plaintiffs' Opposition references and relies on confidential information relating to PublicNSA's business relationships with third party entities, including contractual negotiations, revenues generated from data purchases, and the types of data sold, purchased, or licensed.

3.      Information and materials relating to PublicNSA's business relationships are subject to confidentiality agreements.

4.      Plaintiffs' Opposition also references and relies on the Transcript which contains confidential information relating to PublicNSA's sensitive business operations, trade secrets, and third party contracts and negotiations.

5. PublicNSA has not publicly disclosed the aforementioned confidential information and the information was disclosed to Plaintiffs subject to a confidentiality agreement as part of jurisdictional discovery in this matter.

6. If such confidential information were publicly disclosed, PublicNSA faces an imminent risk of serious injury, including adverse effects on its business relationships and diminished competitive advantage.

7. The Parties' request to redact designated portions of the Plaintiffs' Opposition and the Transcript is the least restrictive method, only affecting limited portions of both documents and preserving the substance of Plaintiffs' Opposition.

8. The Parties have conferred and jointly file this Motion to Seal the designated information and materials as it relates to the limited issue of personal jurisdiction.

## CONCLUSIONS OF LAW

9. This Court concludes that PublicNSA's application in support of its Motion to Seal has met its burden under Local Civil Rule 5.3(c) and applicable case law and shown good cause for sealing the designated information and submission of a redacted version of Plaintiffs' Opposition to avoid serious injury.

10. While there is a generally recognized right of the public's access to judicial records, this Court has the authority to restrict public access to information"

upon a showing of good cause. *Mizrahi v. Anna*, No. 23-2462 (CPO)(EAP), 2023 WL 7273725, at *5 (D.N.J. Nov. 3, 2023).

11.     This Court has previously held that sealing is warranted to prevent harm stemming from public disclosure of private information such as trade secrets, confidential business information, or private negotiations between the movant and its clients or customers. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Hudson Hosp. Opco, LLC v. Aetna Health Inc.*, No. CV224373MEFMAH, 2023 WL 6445840, at *2 (D.N.J. May 24, 2023*)*; *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. CV 15-6210 (KM), 2017 WL 3718108, at *3 (D.N.J. Aug. 29, 2017).

12.     Further, applications that propose to only seal "particular portions" of materials containing confidential information have been found to be least restrictive methods to protect sensitive and proprietary information. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, No. 15-CV-04526, 2018 WL 11417043, at *2 (D.N.J. Sept. 18, 2018).

13.     Therefore, for purposes of Defendants' Motion to Dismiss only, this Court finds that the (a) information at issue is confidential, proprietary, and non-public information related to PublicNSA's and other third parties' business operations, (b) PublicNSA has a legitimate private interest in preventing disclosure

of such information, (c) public access to such information would result in serious harm to PublicNSA and other third parties, including tort liability and diminished competitive advantage, and (d) there is no other least restrictive alternative available other than sealing the information and filing a redacted Opposition.

**IT IS** on this _____ day of _____, 2026

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the Parties' Joint Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permanently seal all designated portions of Plaintiffs' Opposition and the Transcript, including all exhibits and papers attached.

**IT IS FURTHER ORDERED** that Plaintiffs shall refile their Opposition and accompanying documents in a redacted form within 14 days for this Order's date, in compliance with Local Civil Rule 5.3(c)(4).

_____
Harvey Bartle, III