# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, SCOTT MALONEY, JUSTYNA MALONEY, and PETER ANDREYEV,<br><br>**Plaintiffs,**<br><br>v.<br><br>PUBLICNSA, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br><br><br><br><br>**Defendants.** | CASE NO. 1:25-CV-05989-HB |

## ORDER OF FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL

Pursuant to Local Civil Rule 5.3(c), Defendant PublicNSA, LLC ("PublicNSA"), moves this Court to seal certain confidential information and materials ("Motion to Seal"). Having considered PublicNSA's allegations regarding disclosure of confidential, proprietary, and non-public information contained therein, along with Plaintiffs' non-opposition, this Court makes the

following findings of fact and conclusions at law. The Court makes these findings and conclusions solely for purposes of the Defendant's pending Motion to Dismiss, as Plaintiffs' non-opposition is limited to this Motion.

## FINDINGS OF FACT

1.  Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint [ECF No. 34] (the "Opposition") and the Transcript of the Rule 30(b)(6) Deposition of PublicNSA, LLC occurring on December 19, 2025 [ECF No. 34-3, Exhibit C] (the "Transcript") contain confidential, proprietary, and non-public information regarding the business operations of PublicNSA and relevant third parties.

2.  Specifically, Plaintiffs' Opposition references and relies on confidential information relating to PublicNSA's business relationships with third party entities, including contractual negotiations, revenues generated from data purchases, and the types of data sold, purchased, or licensed.

3.  Information and materials relating to PublicNSA's business relationships are subject to confidentiality agreements.

4.  Plaintiffs' Opposition also references and relies on the Transcript which contains confidential information relating to PublicNSA's sensitive business operations, trade secrets, and third party contracts and negotiations.

5.     PublicNSA has not publicly disclosed the aforementioned confidential information and the information was disclosed to Plaintiffs subject to a confidentiality agreement as part of jurisdictional discovery in this matter.

6.     If such confidential information were publicly disclosed, PublicNSA faces an imminent risk of serious injury, including adverse effects on its business relationships and diminished competitive advantage.

7.     The Parties' request to redact designated portions of the Plaintiffs' Opposition and the Transcript is the least restrictive method, only affecting limited portions of both documents and preserving the substance of Plaintiffs' Opposition.

8.     The Parties have conferred and jointly file this Motion to Seal the designated information and materials as it relates to the limited issue of personal jurisdiction.

## CONCLUSIONS OF LAW

9.     This Court concludes that PublicNSA's application in support of its Motion to Seal has met its burden under Local Civil Rule 5.3(c) and applicable case law and shown good cause for sealing the designated information and submission of a redacted version of Plaintiffs' Opposition to avoid serious injury.

10.     While there is a generally recognized right of the public's access to judicial records, this Court has the authority to restrict public access to information

upon a showing of good cause. *Mizrahi v. Anna*, No. 23-2462 (CPO)(EAP), 2023 WL 7273725, at *5 (D.N.J. Nov. 3, 2023).

11.     This Court has previously held that sealing is warranted to prevent harm stemming from public disclosure of private information such as trade secrets, confidential business information, or private negotiations between the movant and its clients or customers. *See Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Hudson Hosp. Opco, LLC v. Aetna Health Inc.*, No. CV224373MEFMAH, 2023 WL 6445840, at *2 n.2 (D.N.J. May 24, 2023*)*; *China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, No. CV 15-6210 (KM), 2017 WL 3718108, at *3 (D.N.J. Aug. 29, 2017).

12.     Further, applications that propose to only seal "particular portions" of materials containing confidential information have been found to be least restrictive methods to protect sensitive and proprietary information. *See Immunomedics, Inc. v. Roger Williams Med. Ctr.*, No. 15-CV-04526, 2018 WL 11417043, at *2 (D.N.J. Sept. 18, 2018).

13.     Therefore, for purposes of Defendants' Motion to Dismiss only, this Court finds that the (a) information at issue is confidential, proprietary, and non-public information related to PublicNSA's and other third parties' business operations, (b) PublicNSA has a legitimate private interest in preventing disclosure

of such information, (c) public access to such information would result in serious harm to PublicNSA and other third parties, including tort liability and diminished competitive advantage, and (d) there is no other least restrictive alternative available other than sealing the information and filing a redacted Opposition.

**IT IS** on this __23rd__ day of __March__, 2026

**ORDERED** that based upon the foregoing findings of fact and conclusions of law, that the Parties' Joint Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall permanently seal all designated portions of Plaintiffs' Opposition and the Transcript, including all exhibits and papers attached.

**IT IS FURTHER ORDERED** that Plaintiffs shall refile their Opposition and accompanying documents in a redacted form within 14 days of this Order's date, in compliance with Local Civil Rule 5.3(c)(4).

/s/ Harvey Bartle III
J.