# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONY, and PATRICK COLLIGAN,<br><br>*Plaintiffs,*<br><br>v.<br><br>TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals and* ABC COMPANIES 1-10, *fictitious names of unknown entities,*<br><br>*Defendants.* | Case No.: 1:25-cv-07650-HB<br><br>Civil Action<br><br>**Motion Day: June 1, 2026** |

## DEFENDANT TRUE SOFTWARE SCANDINAVIA AB'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

**GREENSPOON MARDER LLP**
Kelly M. Purcaro, Esq.
Kory Ann Ferro, Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Tel.: (732) 456-8734
Kelly.Purcaro@gmlaw.com
KoryAnn.Ferro@gmlaw.com
*Attorneys for Defendant True Software Scandinavia AB*

## TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ..................................................................1

II.  LEGAL ARGUMENT..............................................................................1

    A.   There is No Complaint to Amend ........................................................ 1

    B.   Even if There Were a Complaint to Amend, Which There is Not
    Plaintiffs Must Satisfy *Fed. R. Civ. P.* 60's Requirements.................. 3

    C.   Even if *Fed. R. Civ. P.* 15 Applies, Which it Does Not, Plaintiffs
    Still Cannot Amend Their Complaint As the Statute of
    Limitations for Plaintiffs' Claims Has Expired .................................. 7

    D.   The Relation-Back Doctrine Cannot Save Plaintiffs' Requested
    Amendment ...................................................................................... 8

    E.   Plaintiffs' Actions Preclude Amendment........................................... 13

        1. Undue Delay.............................................................................13

        2. Undue Prejudice ......................................................................16

        3. Futility ...................................................................................17

III. CONCLUSION........................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

## State Cases

*A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*,
No. CIV.A. AW-10-2352, 2011 WL 4102084 (D. Md. Sept. 13, 2011)..............11

*Ackermann v. United States*,
340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950)...................................................6

*Ahmed v. Dragovich*,
297 F.3d 201 (3d Cir. 2002) ...............................................................................3, 4

*Allstate Ins. Co. v. Funai Corp.*,
249 F.R.D. 157 (M.D. Pa. 2008)...........................................................................10

*Allstate Ins. Co. v. Hewlett-Packard Co.*,
No. 1:13-CV-02559, 2016 WL 613571 (M.D. Pa. Feb. 16, 2016)........................10

*Atkinson v. Middlesex Cty.*,
Civ. No. 09-4863, 2014 WL 2767771 (D.N.J. Jun. 18, 2014) ...............................4

*Conrad v. Lopez De Lasalle*,
681 F. Supp. 3d 371 (D.N.J. 2023).......................................................................16

*Dole v. Arco Chem. Co.*,
921 F.2d 484 (3d Cir. 1990) .................................................................................13

*Dugan v. TGI Fridays, Inc.*,
231 N.J. 24 (2017) ..................................................................................................7

*Fahey v. Hollywood Bicycle Ctr., Inc.*,
No. CIV. 08-3573(RBK), 2009 WL 749856 (D.N.J. Mar. 18, 2009) ...................8

*Fishbein Fam. P'ship v. PPG Indus., Inc.*,
871 F. Supp. 764 (D.N.J. 1994).............................................................................18

*Foman v. Davis*,
371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).............................................13

*Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*,
259 F.R.D. 95 (D.N.J. 2009)..................................................................................16

*Goldfish Shipping, S.A. v. HSH Nordbank AG*,
623 F. Supp. 2d 635 (E.D. Pa. 2009)....................................................................14

*Graham v. Progressive Direct Ins. Co.*,
271 F.R.D. 112 (W.D. Pa. 2010) ...........................................................................18

ii

*Gurvey v. M&T Bank, Inc.*,
No. CV207831SDWLDW, 2021 WL 4199325 (D.N.J. Sept. 14, 2021) ..................3

*Heraeus Med. GmbH v. Esschem, Inc.*,
321 F.R.D. 215 (E.D. Pa. 2017)........................................................................14

*Horras v. Am. Cap. Strategies, Ltd.*,
729 F.3d 798 (8th Cir. 2013) .............................................................................14

*Ickes v. Borough of Bedford*,
271 F.R.D. 458 (W.D. Pa. 2010) .......................................................................14

*In re Babcock*,
258 B.R. 646 (Bankr. E.D. Va. 2001)...................................................................6

*In re Caterpillar Inc.*,
67 F. Supp. 3d 663 (D.N.J. 2014)......................................................................16

*In re Lampman*,
494 B.R. 218 (Bankr. M.D. Pa. 2013) .................................................................4

*In re Rex*,
217 B.R. 57 (Bankr. E.D. Pa. 1998) .................................................................5, 6

*In re Southold Dev. Corp.*,
148 B.R. 726 (E.D.N.Y. 1992) ..........................................................................11

*Jordan v. Tapper*,
143 F.R.D. 567 (D.N.J. 1992)..............................................................................7

*Locs. 1242 & 1332, Int'l Longshoremen's Ass'n, AFL-CIO v. Portside
Refrigerated Terminals, Inc.*,
602 F. Supp. 17 (E.D. Pa. 1984).........................................................................3

*Moolenaar v. Gov't of Virgin Islands*,
822 F.2d 1342 (3d Cir.1987) ..............................................................................4

*Moore v. Walton*,
96 F.4th 616 (3d Cir. 2024) ............................................................... 9, 10, 11, 12

*Moreira v. Ministerio de Economia y Produccion de la Republica Argentina*,
No. 10 CIV. 266 LTS KNF, 2011 WL 7555323 (S.D.N.Y. Apr. 18, 2011) ........11

*Mumford v. Carnival Corp.*,
5 F. Supp. 3d 1365 (S.D. Fla. 2014) ..................................................................11

*Nylok Corp. v. Fastener World Inc.*,
396 F.3d 805 (7th Cir. 2005) .............................................................................10

iii

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
  106 F. Supp. 2d 761 (D.N.J. 2000) ..........................................................................18

*Plisco v. Union R. Co.*,
  379 F.2d 15 (3d Cir.1967) ........................................................................................4

*R.A.C. v. P.J.S., Jr.*,
  192 N.J. 81 (2007) ...................................................................................................8

*Riveros-Sanchez v. City of Easton*,
  861 F. App'x 819 (3d Cir. 2021) .............................................................................9

*Robinson v. Se. Pennsylvania Transportation Auth.*,
  572 F. Supp. 3d 136 (E.D. Pa. 2021) .....................................................................9

*Singletary v. Pennsylvania Dep't of Corr.*,
  266 F.3d 186 (3d Cir. 2001) ...................................................................................10

*Swiger v. Allegheny Energy, Inc.*,
  540 F.3d 179 (3d Cir. 2008) .....................................................................................3

*Taylor v. Monmouth Med. Ctr.*,
  No. CV 24-6946 (ZNQ) (JBD), 2025 WL 854741 (D.N.J. Mar. 19, 2025)...........8

*Uradnik v. Inter Fac. Org.*,
  2 F.4th 722 (8th Cir. 2021) ....................................................................................14

*USHA (India), Ltd. v. Honeywell Int'l, Inc.*,
  421 F.3d 129 (2d Cir. 2005) ...................................................................................10

*Vargo v. D&M Tours, Inc.*,
  No. 22-1549, 2024 WL 277702 (3d Cir. Jan. 25, 2024).........................................7

*Von Wedel v. McGrath*,
  100 F. Supp. 434 (D.N.J. 1951) ...............................................................................3

*We Inform, LLC*,
  758 F. Supp. 3d 322 (D.N.J. 2024) ..........................................................................7

**Federal Statutes**

28 U.S.C.A. § 1291 ........................................................................................................3

N.J.S.A. § 2A:14–2 .......................................................................................................7

N.J.S.A. 2A:14-1 ...........................................................................................................7

N.J.S.A. 56:8–1 to –20...................................................................................................7

N.J.S.A. 56:8-19............................................................................................................7

**Rules**

F.R.Civ.P. 60(b)(6) ..............................................................................................6

Fed. R. Civ. P. 12(b)(6).......................................................................................18

Fed. R. Civ. P. 15 .................................................................................... i, 3, 4, 7

Fed. R. Civ. P. 15(a)............................................................................................13

Fed. R. Civ. P. 15(c)........................................................................................9, 12

Fed. R. Civ. P. 15(c)(1)(C) ................................................................................10

Fed. R. Civ. P. 3 ...................................................................................................2

Fed. R. Civ. P. 4 ...................................................................................................2

Fed. R. Civ. P. 4(m) ................................................................ 9, 10, 11, 12, 13

Fed. R. Civ. P. 5 ...................................................................................................2

Fed. R. Civ. P. 59 .................................................................................................3

Fed. R. Civ. P. 60 ...................................................................... i, 3, 4, 5, 7

Rule 60(b)..............................................................................................................4

Although no longer a party to this case, Defendant True Software Scandinavia AB ("True Software"), by its undersigned attorneys, has received ECF notice through the now closed docket of its dismiss complaint and submits the following opposition to Plaintiffs' Motion for Leave to File an Amended Complaint as same has no basis in law or fact.

## I.    PRELIMINARY STATEMENT

Plaintiffs knew or should have known about the identity and existence of Truecaller AB and Truecaller International LLP (the "Proposed Defendants") since they filed their Complaint over two years ago.  True Software consistently advised that they did not operate in or serve the United States.  The December 2025 deposition only confirmed what Plaintiffs already knew – True Software was the wrong defendant.  Yet, they chose not to act.  Plaintiffs waited until their case was dismissed and now seek to amend a case that no longer exists by substituting in new parties completely.  This is not an amendment; it is a new case altogether – and the Proposed Defendants have not been served either a complaint or the instant motion. Plaintiffs motion must be denied both procedurally and substantively.

## II.    LEGAL ARGUMENT

### A.    There is No Complaint to Amend

Two months ago, Plaintiffs' case was dismissed in its entirety with no opportunity provided to amend.  *See* March 18, 2026 Memorandum [D.E. 43]

1

("Memo") and Order [D.E. 44]. The only defendant named by Plaintiffs was True Software Scandinavia AB ("True Software"), which the Court determined it lacked jurisdiction over. *See* Memo at pp. 23-24. Having gone through personal jurisdiction discovery, no amendment to Plaintiffs' Complaint could save it such that its claims against True Software could proceed in the District of New Jersey. In fact, Plaintiffs admit as much given that their proposed Amended Complaint is not lobbied against True Software at all. Instead, Plaintiffs seek to completely replace True Software with two new entities.

There is no case to amend – the underlying Complaint was dismissed. Plaintiffs failed to refile same in a proper jurisdiction (although, as set forth in True Software's Motion to Dismiss, Plaintiffs' claims are devoid of merit). Should Plaintiffs wish to file against the Proposed Defendants, Plaintiffs must file a new complaint, request new properly issued summons, and properly serve it upon each and any new defendant they seek to sue in accordance with Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g.*, *Fed. R. Civ. P.* 3, *Fed. R. Civ. P.* 4, *Fed. R. Civ. P.* 5, *L. Civ. R.* 4.1, *L. Civ. R.* 5.1, *L. Civ. R.* 14(a). Plaintiffs' attempt to back door their claims against the Proposed Defendants as an amendment is improper and cannot be permitted. Had they wanted to amend to add (not replace) the Proposed Defendants, the time to do so ended with the dismissal of Plaintiffs' case.

2

**B.      Even if There Were a Complaint to Amend, Which There is Not Plaintiffs Must Satisfy *Fed. R. Civ. P.* 60's Requirements**

*Fed. R. Civ. P.* 60 applies to Plaintiffs' request because the underlying case was already dismissed.  Plaintiffs failed to address Rule 60's standard, likely because they knew they would not be able to satisfy its requirements.

Dismissal for lack of jurisdiction constitutes a final judgment.  *See* 28 *U.S.C.A.* § 1291; *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 180 (3d Cir. 2008); *Locs. 1242 & 1332, Int'l Longshoremen's Ass'n, AFL-CIO v. Portside Refrigerated Terminals, Inc.*, 602 F. Supp. 17, 18 (E.D. Pa. 1984) ("A dismissal for lack of subject matter jurisdiction has been construed to be within the ambit of 'final judgment or order' as stated in Federal Rules of Civil Procedure.").  "[A]fter a judgment of dismissal the filing of an amended complaint may be permitted only under the rules pertaining to setting aside or vacating judgments."  *Von Wedel v. McGrath*, 100 F. Supp. 434, 435 (D.N.J. 1951), *aff'd*, 194 F.2d 1013 (3d Cir. 1952); *see also Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002) ("[O]nce a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59[1] or Rule 60." (internal quotation marks and citation omitted)); *Gurvey v. M&T Bank, Inc.,* No. CV207831SDWLDW, 2021 WL 4199325, at *1 (D.N.J. Sept. 14, 2021)

---

[1] Plaintiffs cannot proceed under *Fed. R. Civ. P.* 59 because same requires a motion to be filed within 28 days, which time elapsed on April 15, 2026.

(amendment denied under Rule 60 where dismissed for lack of jurisdiction); *Atkinson v. Middlesex Cty.*, Civ. No. 09-4863, 2014 WL 2767771, at \*4 (D.N.J. Jun. 18, 2014) (denying Rule 60(b) motion to vacate and motion to amend under Rule 15, recognizing that once a case is dismissed, "Plaintiff could not use Rule 15 to amend the complaint").

"Motions seeking to amend a complaint that are made after a judgment of dismissal have been entered have been construed as Rule 60(b) motions." *Ahmed*, 297 F.3d at 208 (internal quotation marks and citation omitted). *Fed. R. Civ. P.* 60(b) allows the Court to set aside an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could have been previously discovered with reasonable diligence; (3) opposing counsel's fraud, misrepresentation, or misconduct; (4) a void judgment; (5) a satisfied judgment; or (6) "any other reason that justifies relief." "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir.1987). "Indeed, the party 'who seeks such extraordinary relief from a final judgment bears a heavy burden.'" *In re Lampman*, 494 B.R. 218, 222 (Bankr. M.D. Pa. 2013) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir.1967)). The first five grounds are mutually exclusive from the final such that "if the relief sought is based upon one of the reasons set forth in the first five clauses of the Rule, then it is unavailable

4

'for any *other* reason' under clause (6)." *In re Rex*, 217 B.R. 57, 62 (Bankr. E.D. Pa. 1998).

Even if Plaintiffs brought the referenced motion, which they failed to do, same would necessarily fail because the first five grounds of Rule 60 cannot be satisfied. There is no mistake or surprise, newly discovered evidence, or fraud by True Software nor is any judgment void or satisfied. Plaintiffs acknowledge that they were aware of the identity of Proposed Defendants in December 2025. *See* Motion at p. 9. Indeed, Plaintiffs had this information long before December 2025 both from True Software and from documents in Plaintiffs' own possession by way of easily accessible public information. *See* Defendant's Corporate Disclosure Statement [D.E. 2] filed June 5, 2025 (disclosing True Software's parent company as Truecaller AB); October 17, 2025 Declaration of Ola Espelund in Support of Motion to Dismiss [D.E. 16-2] at ¶ 22 (advising that services outside of the European Union are handled by a separate company); November 28, 2025 Certification of Counsel [D.E. 25-1] at Ex. G (Plaintiffs' attached the Privacy Policy of Truecaller International LLP), Ex. E (Plaintiffs' attached the Terms of Service of Truecaller International LLP), Ex. J (Plaintiffs' attached a Publication certificate identifying that Truecaller International LLP's services are offered to users outside the EU); Ex. K (Plaintiffs' attached a Daniel's Law Information webpage with Truecaller International LLP's contact information).

Plaintiffs' would similarly fail under the sixth ground which will only provide relief when "circumstance [are] truly extraordinary." *In re Rex*, 217 B.R. at 63. "[A]ny degree of voluntary or culpable action on the part of the movant will preclude *F.R.Civ.P.* 60(b)(6) relief." *Id.* (holding debtor not entitled to relief from dismissal and had to file new bankruptcy case instead); *see also In re Babcock*, 258 B.R. 646, 650 (Bankr. E.D. Va. 2001). A party's "voluntary, deliberate, free, untrammeled choice" to proceed with his or her case in a certain manner cannot give rise to the level required for relief under Rule 60(b)(6). *Ackermann v. United States*, 340 U.S. 193, 200, 71 S. Ct. 209, 212, 95 L. Ed. 207 (1950). "[R]elief under *F.R.Civ.P.* 60(b)(6) has been largely confined to cases where court orders were entered without any notice to the movant, an order was procured by undiscovered fraud of an adverse party, or the movant's health and circumstances (*e.g.,* incarceration) precluded participation." *In re Rex*, 217 B.R. at 63.

Again, Plaintiffs could not meet this threshold requirement. This is not a truly extraordinary circumstance. Plaintiffs had the identity of the Proposed Defendants in their possession for months and, arguably, from the outset of their Complaint. They had accessed or had access to the truecaller.com website from which they pulled the Privacy Notice and Terms of Service of Truecaller International LLP. True Software disclosed that Truecaller AB was its parent company upon removal. Plaintiffs rested on their rights and chose not to act on this

6

information until after their Complaint was dismissed.  Plaintiffs are not entitled to relief under *Fed. R. Civ. P.* 60 and their belated attempt to "add" the Proposed Defendants, even if they had attempted to do so properly – must be denied.

> **C.      Even if *Fed. R. Civ. P.* 15 Applies, Which it Does Not, Plaintiffs Still Cannot Amend Their Complaint As the Statute of Limitations for Plaintiffs' Claims Has Expired**

The Statute of Limitations of Plaintiffs' Daniels' Law claims against the Proposed Defendants lapsed prior to their filing the instant Motion to amend – an issue that Plaintiffs' neglect to mention because of its dispositive nature.

This Court has consistently held that Daniel's Law is a negligence cause of action.  *Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Supp. 3d 322, 340-41 (D.N.J. 2024); *see also* March 18, 2026 Memorandum [D.E. 43] at p. 16.[2]  "The New Jersey limitations period for actions sounding in negligence is two years."[3] *Jordan v. Tapper*, 143 F.R.D. 567, 572 (D.N.J. 1992) (citing *N.J.S.A.* 2A:14–2); *see also Vargo v. D&M Tours, Inc.*, No. 22-1549, 2024 WL 277702, at *1 (3d Cir. Jan. 25, 2024) ("The New Jersey statute of limitations limits negligence claims . . .

---

[2] Defendant expressly reserves its arguments that Daniel's Law lacks a *mens rea* rendering it unconstitutional.

[3] Although Daniel's Law is housed within the same Chapter as New Jersey's Consumer Fraud Act ("CFA"), *N.J.S.A.* 56:8–1 to –20, they are entirely different regulatory schemes.  The CFA was enacted to protect consumers from fraudulent marketplace practices and requires an "ascertainable loss of moneys or property, real or personal." *N.J.S.A.* 56:8-19; *Dugan v. TGI Fridays, Inc.*, 231 N.J. 24, 50 (2017). As such, the six-year statute of limitations applies as same relates to injury to real or personal property under *N.J.S.A.* 2A:14-1.  The same is not true for Daniel's Law.

to two years."); *Taylor v. Monmouth Med. Ctr.*, No. CV 24-6946 (ZNQ) (JBD), 2025 WL 854741, at *6 (D.N.J. Mar. 19, 2025) ("The statute of limitations to bring a negligence claim in New Jersey is two years."). The two years runs from the date of the negligent act or omission. *Fahey v. Hollywood Bicycle Ctr., Inc.*, No. CIV. 08-3573(RBK), 2009 WL 749856, at *2 (D.N.J. Mar. 18, 2009), *aff'd*, 386 F. App'x 289 (3d Cir. 2010) (citing *R.A.C. v. P.J.S., Jr.*, 192 N.J. 81 (2007)).

Plaintiffs' Complaint was filed on February 7, 2024. *See* D.E. 1 at Ex. A, Trans ID LCV2024301299. Plaintiffs affirmatively alleged that the "nondisclosure requests" were sent starting on or about December 21, 2023 and, after the ten-day compliance window lapsed, "Defendants failed to cease the disclosure or re-disclosure on the Internet or otherwise making available of the protected information[.]" *Id.* at ¶¶ 48, 50. As such, the Statute of Limitations began to run as of December 31, 2023. At the latest, the Statute accrued as of the filing of the Complaint. As such, the Statute undeniably lapsed as of February 7, 2026, and likely sooner, making the complaints against the Proposed Defendants untimely.

**D.    The Relation-Back Doctrine Cannot Save Plaintiffs' Requested Amendment**

Although Plaintiffs omitted the Statute of Limitations from their analysis completely, they may now attempt to save their claims through the relation-back doctrine. Not only have Plaintiffs failed to show the Proposed Defendants had notice or ability to know they were the "correct" defendants, but Plaintiffs failed to

8

even serve the now-dismissed True Software for 331 days after they filed their original Complaint thereby rendering it impossible for the Proposed Defendants to have had any type of notice within the timeframe required by *Fed. R. Civ. P.* 4(m).

Under the relation-back doctrine, *Fed. R. Civ. P.* 15(c)[4] "allows a court to treat a later-filed amended pleading as if it had been filed at the time of the initial pleading" thereby ameliorating the running of the Statute. *Moore v. Walton*, 96 F.4th 616, 623 (3d Cir. 2024) (internal quotation marks and citations omitted). For the doctrine to apply, Plaintiffs must satisfy three elements: (1) the claim against the new defendant arises out of the conduct, transaction, or occurrence set forth in the original complaint; (2) the new defendant must have received notice to ensure it will not be prejudiced in its defense on the merits; and (3) the new defendant "must have or should have known that 'but for a mistake' made by the plaintiff concerning the newly named party's identity, 'the action would have been brought against' the newly named party in the first place." *Id.* (quoting *Fed. R. Civ. P.* 15(c)). "Critically, the second and third requirements must be satisfied 'within the period provided by Rule 4(m) for serving the summons and complaint.'" *Id.*

---

[4] Although this case originated in state court, it was subsequently removed in June 2025, thus the Federal Rules apply to "amendments made in federal court following removal." *Robinson v. Se. Pennsylvania Transportation Auth.*, 572 F. Supp. 3d 136, 144 (E.D. Pa. 2021); *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 823 (3d Cir. 2021) (applying *Fed. R. Civ. P.* 15(c) to amended complaint filed after removal).

(quoting *Fed. R. Civ. P.* 15(c)(1)(C)); *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001).

*Fed. R. Civ. P.* 4(m) requires service to be effectuated within 90 days of the filing of the Complaint unless extended by the Court on a showing of good cause. The time for service necessarily expires when a Complaint is dismissed. *Moore*, 96 F.4th at 627. While service on a foreign entity is generally exempt from Rule 4(m), where a plaintiff fails to make a reasonable, good faith effort to attempt service abroad during the 90-day period, the exemption will not apply. *See Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 162 (M.D. Pa. 2008) (holding that exemption did not apply where plaintiff did not make an attempt to serve during the period proscribed by Rule 4(m)); *Allstate Ins. Co. v. Hewlett-Packard Co.*, No. 1:13-CV-02559, 2016 WL 613571, at *5 (M.D. Pa. Feb. 16, 2016) (Rule 4(m) exception found to be inapplicable where first attempt to serve abroad was fourteen months after the complaint filed); *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005) ("Although Rule 4(m) creates an exception for service in a foreign country . . . this exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country." (internal quotation marks and citations omitted)); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (holding the time for international service is not unlimited and failure to attempt foreign service within Rule 4(m)'s timeframe may make

10

dismissal proper); *In re Southold Dev. Corp.*, 148 B.R. 726, 729 (E.D.N.Y. 1992) ("[I]t seems illogical to allow a plaintiff who does not even attempt to serve a defendant for more than 120[5] days after the filing of the complaint to avoid dismissal."); *Mumford v. Carnival Corp.*, 5 F. Supp. 3d 1365, 1367 (S.D. Fla. 2014) (dismissing complaint under Rule 4(m) when 242 days had passed with no good faith attempt to serve abroad); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. CIV.A. AW-10-2352, 2011 WL 4102084, at *7 (D. Md. Sept. 13, 2011) (dismissing case under Rule 4(m) where plaintiff failed to make a single attempt to effectuate service abroad within ten to eleven months of learning the defendants were located in Israel); *Moreira v. Ministerio de Economia y Produccion de la Republica Argentina*, No. 10 CIV. 266 LTS KNF, 2011 WL 7555323, at *4 (S.D.N.Y. Apr. 18, 2011) (holding plaintiff was not entitled to Rule 4(m)'s exemption where the first attempt was after the timeframe provided in same).

Here, Plaintiffs filed the Complaint on February 7, 2024 and, having never served anyone, it was dismissed for lack of prosecution on June 5, 2024. *See* D.E. 1 at Ex. A, Trans ID LCV20242080400. As such, time for service necessarily expired on June 5, 2025. *See Moore*, 96 F.4th at 627. Plaintiffs' own filings evince that their efforts to locate True Software to try to effectuate service did not even begin until after the case was initially dismissed. *Id.* at Trans ID

---

[5] Such timeframe was reduced to 90 days by amendment in 2015.

11

LCV20243015636.  On November 19, 2024, Plaintiffs sought reinstatement and permission to "attempt alternative service of process" – meaning no effort to effectuate service had yet taken place.  *Id.*  Plaintiffs' first effort to serve True Software abroad did not come until a FedEx package was delivered January 2, 2025.  *Id.* at Trans ID LCV20251337668.

*Fed. R. Civ. P.* 15(c) cannot save Plaintiffs' claims from the Statute of Limitations because Plaintiffs cannot demonstrate the Proposed Defendants ever received requisite notice at all, never mind within the time proscribed by Rule 4(m) or even a timeframe that would be deemed reasonable under any stretch of the imagination.  Plaintiffs baldly assert that the Proposed Defendants "are well aware of this lawsuit and have been since February 2024."  *See* Motion at p. 10.  How could the Proposed Defendants have been "well aware" of this suit since February 2024, when Plaintiffs failed to serve the now-dismissed True Software until January 2025 and the state Court case was not reinstated until June 2025?

The procedural history of this case demonstrates that Plaintiffs failed to even *attempt* to serve the now-dismissed True Software before Plaintiffs' case was dismissed in state Court for lack of prosecution after 120 days had lapsed with no action.  Indeed, Plaintiffs first effort to actually serve True Software did not come until 331 days had lapsed since Plaintiffs filed their Complaint – nearly four times the 90-day window required by *Fed. R. Civ. P.* 4(m).  As such, Rule 4(m)'s safe

haven for international service is inapplicable and Plaintiffs cannot demonstrate that the Proposed Defendants had the requisite notice within the timeframe mandated by Rule 4(m) or ever. [6]  As such, the relation-back doctrine does not apply and Plaintiffs cannot amend their Complaint to replace parties on a claim for which the Statute of Limitations has expired.

### E.    Plaintiffs' Actions Preclude Amendment

Even utilizing the inapplicable *Fed. R. Civ. P.* 15(a) standard parroted by Plaintiffs, their request to amend necessarily fails.

"The policy favoring liberal amendment of pleadings is not . . . unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).  "Factors which may weigh against amendment . . . include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).

#### 1.    Undue Delay

Plaintiffs failed to utilize countless previous opportunities to amend their Complaint and have not offered any explanation for their failure to do so until

---

[6] Even if Rule 4(m)'s time period did not preclude amendment, which it does, the Proposed Defendants still have not been provided notice of the Complaint nor the instant motion to amend same, and thus could not have known of same.

months after the case was dismissed.

"[A] district court may deny leave to amend a pleading where the moving party has: (1) failed to utilize previous opportunities to amend; and (2) has not offered any explanation for this failure." *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 218 (E.D. Pa. 2017) (denying request to add a party known to plaintiff two years after complaint and five months after preclusion ruling); *see also Goldfish Shipping, S.A. v. HSH Nordbank AG*, 623 F. Supp. 2d 635, 640 (E.D. Pa. 2009), *aff'd*, 377 F. App'x 150 (3d Cir. 2010) (delay becomes undue when plaintiff had opportunities to amend and failed to do so without cogent explanation); *Ickes v. Borough of Bedford*, 271 F.R.D. 458, 461 (W.D. Pa. 2010) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." (internal quotation marks and citation omitted)). "'Unexcused delay is sufficient to justify the court's denial if the party is seeking to amend the pleadings after the district court dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed.'" *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (quoting *Horras v. Am. Cap. Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013)). It is "self-evident that a litigant should not be permitted to present legal theories to the court seriatim, raising anew legal theory only after the court rejects its prior one." *Goldfish Shipping*, 623 F.

14

Supp. 2d at 641.

Here, Plaintiffs knew or should have known of the Proposed Defendants when they filed their Complaint over two years ago. They chose not to name the Proposed Defendants despite that both are and were easily identifiable through the public records. To be sure, Truecaller International LLP is disclosed on the truecaller.com website, which specifically provides that those who sign up for services outside the European Union are governed by the Privacy Policy and Terms of Service of Truecaller International LLP. Truecaller AB was disclosed as True Software's parent in the Corporate Disclosure filed upon removal of the case. True Software repeatedly advised, in its Motion to Dismiss and through discovery, that it did not operate in the United States, while other companies did so operate. Plaintiffs themselves submitted documents to the Court underscoring their knowledge of this information and have confirmed they were fully aware of same in December 2025, if not earlier.

Yet, Plaintiffs elected not to name the Proposed Defendants at the outset when they filed in February 2024; or in June 2025 when True Software filed its Corporate Disclosures; or in October 2025 when True Software filed its Motion to Dismiss; or in November 2025 when Plaintiffs filed documents showing their knowledge of the Proposed Defendants; or in December 2025 when Plaintiffs took the corporate representative deposition of True Software; or after jurisdictional

15

discovery concluded; or in February 2026 during briefing on the jurisdictional motion; or in March 2026 following this Court's dismissal of this case for lack of jurisdiction.    Instead, Plaintiffs decided to continue its opposition of True Software's Motion to Dismiss and waited another two months *after* losing their battle to now seek to present new defendants to the Court seriatim.  Such litigation conduct does not allow for amendment.  Plaintiffs made strategic choices not to act while provided with ample opportunities to amend.  Plaintiffs fail to explain their delays, yet request to amend at this late hour, months after dismissal. Such request must be denied.

### 2.    Undue Prejudice

Bringing in new parties to a case that has been actively litigated across numerous courts for nearly two and a half years would undoubtedly cause undue prejudice.

"Prejudice involves the serious impairment of the defendant's ability to present its case." *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 259 F.R.D. 95, 99 (D.N.J. 2009).  "[U]ndue prejudice may include 'the irretrievable loss of evidence, the dimming of witnesses' memories, or the excessive irremediable burdens or costs imposed on the non-moving party if an amendment is granted.'" *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 383 (D.N.J. 2023) (quoting *In re Caterpillar Inc.*, 67 F. Supp. 3d 663, 668-69 (D.N.J. 2014)).

This case was filed over two years ago based on alleged behaviors dating back even longer. The Proposed Defendants would face undue prejudice being brought in years after the initiation of this case – and having missed ensuing years-long and on-going litigation before this Court, the Supreme Court of New Jersey, and the Third Circuit Court – by way of loss of opportunity to participate and be heard on key legal issues for which positions have already been made, loss of evidence, dimming memories, and irremediable burdens and costs of litigation across an ocean (as neither Proposed Defendant is located in the United States). To be sure, this Court ordered the production of "take down" lists by Plaintiffs to all defendants in the Atlas cases and later revised lists identifying certain categories of information for same, an opportunity that the Proposed Defendants missed as they were not included for years in this litigation while other defendants were embroiled in same. Plaintiffs cannot be permitted to amend their complaint as means to rope in new, unserved and unnoticed parties – particularly given the impact and undue prejudice which would result for the Proposed Defendants.

3.    Futility

Although the undersigned do not represent the Proposed Defendants at this time, the Amended Complaint proposed by Plaintiff raises multiple questions about the validity of their claims against the Proposed Defendants.

"It is well recognized that futility is an appropriate ground for denying leave

17

to amend a complaint." *Fishbein Fam. P'ship v. PPG Indus., Inc.*, 871 F. Supp. 764, 768 (D.N.J. 1994) "A finding of futility requires a *Fed. R. Civ. P.* 12(b)(6) analysis." *Id.* at 769. "'Futility' challenges the legal sufficiency of the amendment." *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 124 (W.D. Pa. 2010). "A determination as to futility does not require a conclusive determination on the merits of a claim or defense; rather, the futility of an amendment may only serve as a basis for denial of leave to amend when the proposed amendment is frivolous or advances a claim that is legally insufficient on its face." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

First, the True Caller Application, which is the subject of Plaintiffs' proposed Amended Complaint, is a reverse lookup and caller ID application that does not "disclose" home addresses or unpublished telephone numbers within the meaning of Daniel's Law for the reasons articulated in True Software's Motion to Dismiss. *See* October 17, 2025 Motion to Dismiss [D.E. 16]; December 19, 2025 Reply Memorandum in Response to Plaintiffs' Opposition and in Further Support of Motions to Dismiss [D.E. 30]. As such, any claims that revolve around the Truecaller application necessarily fail, regardless of the defendant named. Without the requisite disclosure, there can be no case.

Second, even if a cause of action could exist related to the Truecaller

18

application, which it cannot, Plaintiffs *still* do not seem to know the correct party having named two new proposed defendants. The jurisdictional discovery revealed that Truecaller AB owns True Software. True Software is *one* of the partners of Truecaller International LLP. So, it is entirely unclear how this Court could have jurisdiction over Truecaller AB, a Swedish entity with no discernable ties to New Jersey and who is the parent of True Software, over whom the Court already found there is no jurisdiction. Equally confounding is how Truecaller AB could face liability under Plaintiffs' untenable claims. Plaintiff has made zero allegations (aside from repeating the language of Daniel's Law), likely because none exist, that a publicly-traded Swedish company engaged in any of the complained of conduct. Instead, Plaintiffs apparently seek, without a scintilla of evidence, to pierce the corporate veil from Truecaller International LLP to one of its partners, True Software, and then again through to Truecaller AB. Plaintiffs apparently wish to improperly throw as much against the wall, without any discernable basis, as possible to see what can stick.

As such, Plaintiffs' claims against the Proposed Defendants are both procedurally and substantively frivolous.

19

## III.   CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Leave to Amend must be denied.

DATED:  May 18, 2026                  Respectfully submitted,
                                        **GREENSPOON MARDER LLP**

                                        */s/ Kory Ann Ferro*
                                        Kory Ann Ferro, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026 I filed a true and correct copy of the foregoing with the Court and a copy will be served upon all Parties of record via CM/ECF.

                                        */s/ Kory Ann Ferro*
                                        KORY ANN FERRO