GreenspoonMarder LLP

KoryAnn Ferro, Senior Counsel
One Gateway Center, Suite 2600
Newark, New Jersey 07102
Phone: 732.494.4800
Fax: 954.333.4222
Direct Phone: 732.456.8746
Direct Fax: 732.957.2314
Email: koryann.ferro@gmlaw.com

June 16, 2026

**BY ECF**

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

> **Re:**    ***Atlas Data Privacy Corp., et al. v. True Software Scandinavia AB, et al.***
> **Case No. 1:25-cv-07650-HB**

Dear Judge Bartle:

This firm represents True Software Scandinavia AB ("True Software") who was previously dismissed from the above-referenced matter.  Please accept this supplemental letter brief in lieu of a more formal submission on the issue of standing as requested in Your Honor's June 3, 2026 Order (Doc. No. 51).

By filing a Motion for Leave to File an Amended Complaint (the "Motion") rather than a new Complaint (as they should have), Plaintiffs have improperly created a situation where, potentially, no one has standing to challenge their Motion.  Plaintiffs cannot be permitted to amend unchallenged since their Motion, as detailed in True Software's Opposition, is riddled with both procedural and substantive issues that should preclude their request to amend.

The Court suggested that counsel for True Software contact Truecaller AB and  Truecaller International LLP (the "Proposed Defendants") to potentially make a limited appearance to contest Plaintiffs' Motion.  However, the Proposed Defendants "do not have standing to oppose the motion for leave to amend because they are not yet named parties to this action." *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007); *see also Vasquez v. Summit Women's Ctr., Inc.*, No. 301-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001). "[P]roposed defendants lack standing to oppose a motion to amend a complaint." *Klemmer v. MGM Resorts Int'l, Inc.*, No. 22-7363 (KMW/EAP), 2024 WL 2022748, at *3 (D.N.J. May 7, 2024); *see also Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014); *Bullock v. Ancora Psychiatric Hosp.*, No. CV 10-1412 (RBK/AMD), 2012 WL 12897881, at *5 (D.N.J. Dec. 20, 2012); *Raab Fam. P'ship v. Borough of Magnolia*, No. CV 08-5050 (JBS/AMD), 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009).  As such, the undersigned's potential representation of the Proposed Defendants is of no moment as the Proposed Defendants do not have standing to challenge the Motion.

Honorable Harvey Bartle III, U.S.D.J.
June 16, 2026
Page No. 2

True Software, however, as a previously dismissed defendant may have standing.  In *Bullock*, 2012 WL 12897881, at *5, the court carved out an exception whereby a previously dismissed defendant had standing to oppose a motion to amend. The court reasoned that the previously dismissed defendants did "not squarely fit in the general category of non-parties that are precluded from opposing a motion to amend." *Id.*  Rather, the Court considered "the previously dismissed Defendants' opposition to Plaintiff's motion to amend to the extent the opposition raises futility that is apparent from the face of the proposed amendment." *Id.*  Although that case dealt with a plaintiff trying to re-add such previously dismissed defendant, which is not the case here, the analysis should apply as True Software has an independent finality interest in the dismissal it won. The case was closed, and Plaintiffs failed moved under *Fed. R. Civ. P.* 59(e) or 60(b) to reopen the judgment before filing the Motion.  Moreover, True Software is a wholly owned subsidiary of Truecaller AB and one of the partners of Truecaller International LLP.  *See* Declaration of Julia R. Livingston in Further Support of Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 48) at Ex. C, Tr. 51:25-52:3, Tr. 52:13-19.  As such, although no longer a party to this case based upon jurisdictional reasons, True Software is not a stranger to the Proposed Defendants and has a vested interest in their not being improperly added as parties to the action True Software successfully dismissed.

As such, True Software respectfully requests that the Court consider True Software's opposition to the Motion.  It would fly in the face of equity, justice, and due process considerations to allow Plaintiffs to amend unchecked when they should have filed a new Complaint and properly served it upon the Proposed Defendants.  Plaintiffs are undoubtedly trying to escape scrutiny, particularly regarding the Statute of Limitations, by employing improper procedural mechanisms that must not be countenanced.  Thank you for Your Honor's consideration.

Respectfully submitted,

GREENSPOON MARDER LLP

Kory Ann Ferro, Senior Counsel

cc       All Counsel of Record (*Via ECF*)

Atlanta  Boca Raton  Chicago  Denver  Ft. Lauderdale  Las Vegas  Los Angeles  Miami
Newark  New York  Orlando  Scottsdale  Tallahassee  West Palm Beach