

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

June 25, 2026

<u>VIA ECF</u>
Hon. Harvey Bartle III, U.S.D.J.
United States District Court of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

> Re:  <u>Atlas Data Privacy Corp., et al. v. Truecaller AB et al.</u>
>      <u>Docket No. 25-cv-7650</u>

Dear Judge Bartle:

This firm represents plaintiffs Atlas Data Privacy Corporation ("Atlas"), *as assignee of individuals who are covered persons*, Jane Doe-1, *a law enforcement officer*, Patrick Colligan, Edwin Maldonado, Justyna Maloney, and Scott Maloney (collectively, "Plaintiffs"), in the above-referenced matter. We write in response to the letter submitted by former defendant True Software Scandinavia AB ("True Software"), in support of its purported opposition to Plaintiffs' motion to amend. <u>See</u> D.E. 52.

True Software's letter ignores the Court's June 2, 2026 directive that counsel brief the issue of whether *True Software* has standing to oppose Plaintiffs' motion to amend their complaint to add as defendants Truecaller AB and Truecaller International LLP ("Truecaller Defendants"). Instead, the letter argues that the *Truecaller Defendants* do not,[1] and True Software should be allowed to make arguments on their behalf. That was not the issue the Court asked counsel to brief, and Plaintiffs' motion to amend should be granted as unopposed on that basis.

---

[1] True Software cites to several cases which are irrelevant. All were decided under Rule 15(a), and in all but one (which was not), the motion to amend was granted. <u>See</u>, <u>e.g.</u>, <u>State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.</u>, 246 F.R.D. 143, 146 & n.1 (E.D.N.Y. 2007) (granting plaintiff's motion to amend); <u>Vasquez v. Summit Women's Ctr., Inc.</u>, 2001 WL 34150397, at *1 & n.1 (D. Conn. Nov. 16, 2001) (decided under R. 21); <u>Klemmer v. MGM Resorts Int'l, Inc.</u>, 2024 WL 2022748, at *3 (D.N.J. May 7, 2024) (granting plaintiff's motion to amend); <u>Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.</u>, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (granting plaintiff's motion to amend and stating that "[w]hen faced with plaintiffs' motion for leave to amend, the present *defendants should not have objected, as they are unaffected by the proposed amendment*"); <u>Raab Fam. P'ship v. Borough of Magnolia</u>, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009) (granting plaintiff's motion to amend)(emphasis added).



True Software identifies no authority that would permit its opposition to Plaintiffs' motion. To the contrary, ***all*** the cases cited state that nonparties have no standing to do so. See supra at n.1. While True Software relies on Bullock v. Ancora Psychiatric Hosp., for the proposition that a *former* defendant can oppose amendment on behalf of new parties, that case is clearly distinguishable. 2012 WL 12897881, at *5 (D.N.J. Dec. 20, 2012). There, the plaintiff sought to bring a third-party complaint against defendants who were previously dismissed from the case. Here, True Software has been dismissed and Plaintiffs' motion to amend does not seek to re-name it as a defendant. Thus, True Software has no basis to object to Plaintiffs' motion, which should be granted as unopposed.[2]

We thank the Court for its continued attention to this matter.

Respectfully submitted,

**PEM LAW LLP**

*/s/ Rajiv D. Parikh*
RAJIV D. PARIKH

c:      Counsel of Record (via CM/ECF)

---

[2] And, in Bullock, to the extent the court allowed the previously dismissed parties to oppose the plaintiff's motion, it did so only with respect to their futility argument. True Software argued several bases to deny Plaintiffs' motion, not only futility. Bullock, 2012 WL 12897881, at *5; see D.E. 47 (arguing Plaintiffs' proposed amendment is procedurally improper, barred by the applicable statute of limitations, and would cause undue prejudice and delay).