IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : | CIVIL ACTION |
| v. | : | |
| TRUE SOFTWARE SCANDINAVIA AB, et al. | : | NO. 25-7650 |

MEMORANDUM

Bartle, J. August 26, 2026

Plaintiff, Atlas Data Privacy Corporation, and a number of individual plaintiffs have sued defendant True Software Scandinavia AB ("True Software") for violations of a New Jersey statute known as Daniel's Law, N.J. Stat. Ann. § 56:8-166.1. Atlas is the assignee of thousands of individuals who are covered persons under that statute.[1]

On March 18, 2026, this court, after permitting relevant discovery, granted the motion of defendant to dismiss this action for lack of personal jurisdiction. The court's March 18, 2026 order read, "[t]he motion of defendant True

---

1 Daniel's Law provides that judges, prosecutors and other law enforcement officers as well as their immediate family members ("covered persons") may request in writing that any person, business, or association not disclose or make available their home addresses and unpublished telephone numbers. The person, business or association shall comply with the request not later than ten business days after receiving it. For failure to comply, Daniel's Law provides for actual damages but not less than liquidated damages at the rate of $1,000 per violation and punitive damages for willful or reckless disregard of the law. Daniel's Law authorizes covered persons to assign their claims.

Software Scandinavia AB (Civil Action No. 25-7650) to dismiss for lack of specific personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure is GRANTED." Order, Dkt. No. 44; see also Mem., March 18, 2026, Dkt. No. 43. Before the court is the motion of the plaintiffs to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. The motion was not filed until May 8, 2026, some fifty-one days after the complaint was dismissed. The motion does not challenge the court's ruling that it did not have personal jurisdiction over True Software. Rather, the plaintiffs seek to substitute Truecaller AB and Truecaller International LLP as defendants in place of True Software. According to the plaintiffs, Truecaller wholly owns True Software and indirectly owns Truecaller International.

True Software opposes the motion. It argues that the motion must be analyzed under Rule 60(b) which describes "grounds for relief from a final judgment, order, or proceeding" and not under Rule 15 entitled "Amended and Supplemental Pleadings." The first five reasons for relief under Rule 60(b) are clearly inapplicable and require no further discussion.[2] The

2 The first five reasons are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

sixth reason is a catch-all not covered by the first five. It states: "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A party bears a heavy burden to obtain relief under Rule 60(b). Relief pursuant to Rule 60(b)(6) may be granted only under "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988). The circumstances must be "sufficiently 'extraordinary' to outweigh the interest in the finality of judgments." See Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). Lack of diligence negates extraordinary circumstances. Gonzalez v. Crosby, 545 U.S. 524, 537-38 (2005). Our Court of Appeals has emphasized "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008).

---

> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void; [and]
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable….

Fed. R. Civ. P. 60(b)(1)-(5).

Plaintiffs argue that Rule 60(b) is not applicable because dismissal was predicated on lack of personal jurisdiction and thus was without prejudice. See Fed. R. Civ. P. 41(b). Plaintiffs are of course correct that the dismissal was without prejudice as dismissal was not on the merits. They cite cases which state that an order dismissing a complaint without prejudice is not a final order and is not appealable so long as the deficiency can be cured by an amended complaint. Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991). None of these cases, however, dealt with dismissal for lack of either personal or subject matter jurisdiction.

Rule 60(b)(6) encompasses not only final judgments but also final orders and proceedings.[3] The Supreme Court in Riley v. Kennedy explained that a final judgment is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." 553 U.S. 406, 419 (2008) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). Our Court of Appeals has described a final order as one which accomplishes two ends: it "dispose[s] of all claims presented to the district court," and it leaves "nothing further for the district court to do." Michelson v. Citicorp Nat'l Servs., Inc., 138 F.3d 508,

3 Rule 60(b) contrasts with Rule 59(e) which allows for relief only from judgments.

513 (3d Cir. 1998) (quoting Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997).

The court's March 18, 2026 order was a final order as it ended the action in its entirety and left nothing further for the court to do. Our Court of Appeals deems dismissing actions for lack of personal jurisdiction as well as for lack of subject matter jurisdiction to be final decisions subject to appeal under 28 U.S.C. § 1291. See, e.g., O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007); Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 180 (3d Cir. 2008). While plaintiffs in this situation are not barred by res judicata or estoppel from bringing a second action, they may be stymied by the statute of limitations from doing so. A dismissal without prejudice for lack of personal jurisdiction as occurred here is a final order which is appealable. Id.

In Ahmed v. Dragovich, 297 F.3d 201 (3d Cir. 2002), the Court of Appeals has before it the appealability of the District Court's order which had not only granted defendant's supplemental motion for summary judgment but had also dismissed the plaintiff's complaint without prejudice. The Court of Appeals concluded that the District Court had entered a judgment which was final and appealable when it dismissed plaintiff's complaint for failing to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

It also explained that a dismissal of a complaint even without prejudice is also a final appealable order when the statute of limitations had expired.

The plaintiff's appeal of this order of the District Court, it turned out, was too late. However, his appeal of the order denying his motion to file an amended complaint was timely. Plaintiff argued that the amendment, if allowed, would have related back to the date of the original complaint.

The Court of Appeals held that a motion to amend filed after a judgment of dismissal, at least when the time has run under Rule 59(e), should be construed as a motion under Rule 60(b). The Court further instructed that the court should decide the Rule 60(b) motion simultaneously with the Rule 15(a) motion "as it would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend." Id. at 209 (citation modified).

The Court of Appeals affirmed the District Court's denial of the motion to amend on the ground that it did not abuse its discretion in concluding that any amendment would be futile.

Similar to Ahmed and like in O'Connor, 496 F.3d at 316, the order here dismissing this action for lack of personal jurisdiction is a final decision subject to appeal. Accordingly, the motion to amend the complaint must be treated

as a motion under Rule 60(b) as it was not filed for fifty-one days after the court filed the dismissal order.

Plaintiffs were on notice that True Software was a wholly owned subsidiary of Truecaller AB when this action was removed from the state court on June 5, 2025. See Def.'s Corp. Disclosure Statement, Dkt. No. 2; see also L.Civ.R. 7.1.1. In addition, on December 18, 2025, the plaintiffs deposed True Software's 30(b)(6) witness as part of the personal jurisdiction discovery related to True Software's pending Rule 12(b)(2) motion to dismiss. The witness reiterated that True Software was Truecaller's wholly owned subsidiary and testified that Truecaller International LLP was an "indirectly" owned subsidiary of Truecaller. The witness provided further information about the business and relationship of these three entities. In addition, since True Software removed this action to this court on June 5, 2025, it continually asserted in its filings that it had no operations in the United States. Yet plaintiffs made the deliberate choice not to seek to join Truecaller and Truecaller International as defendants while this action was still pending. Instead, they made the calculated decision to wait until fifty-one days after this action was dismissed to move to amend the complaint. They knowingly took the risk not to move to add defendants until they learned the fate of True Software's motion to dismiss. See Ackermann v.

United States, 340 U.S. 193, 198 (1950). Plaintiffs' lack of diligence was of their own making. They have not demonstrated extraordinary circumstances sufficient to obtain relief under Rule 60(b)(6).

Even if plaintiffs had met their heavy burden under Rule 60(b)(6), defendant argues that any amendment under Rule 15(a) would be futile and that plaintiffs engaged in undue delay. See Foman v. Davis, 371 U.S. 178, 182 (1962). Delay becomes undue when it places an unwarranted burden on the court. Est. of Oliva ex rel. McHugh v. New Jersey, 604 F.3d 788, 803 (3d Cir. 2010). This action was filed on February 7, 2024 in the Superior Court of New Jersey but dismissed on August 26, 2024 for lack of prosecution. Some three months later in November 2024 plaintiff finally sought to have the action reinstated in order to attempt alternative service of process, but the motion was denied on December 11, 2024. In a May 7, 2025 letter to the Superior Court, plaintiffs recounted that the matter was dismissed because plaintiffs could not "locate and serve [defendant] at an address in the United States" and admitted that it still had not identified any address associated with True Software in the United States. The action was not reinstated in the state court until June 3, 2025. In the meantime, while no action was extant, True Software received a FedEx package on January 2, 2025 from plaintiffs containing the

complaint. True Software removed the action to this court on June 5, 2025, several days after the action was reinstated.

The court finds that plaintiffs acted with undue delay in moving to amend the complaint on May 8, 2026, well over two years after this action was initiated on February 7, 2024. See Foman, 371 U.S. at 182. As noted above, they knew about Truecaller as early as June 5, 2025 and Truecaller International as early as December 18, 2025. Plaintiffs were also aware since the action was removed to this court on June 5, 2025 that True Software continually asserted in its filing that it did not do business in the United States.

Accordingly, the motion of plaintiffs under Rule 60(b) and Rule 15(a) to join Truecaller and Truecaller International as defendants will be denied.

BY THE COURT:

/s/ Harvey Bartle III
J.